# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MOHAWK INDUSTRIES, INC., JEFFREY S. LORBERBAUM, FRANK H. BOYKIN, GLENN R. LANDAU, and WILLIAM CHRISTOPHER WELLBORN, <br><br> Defendants. | No. 4:20-cv-00005-ELR <br><br> <u>CLASS ACTION</u> |

**MOTION OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL; AND <u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................... ii

PRELIMINARY STATEMENT ................................................................ 1

FACTUAL BACKGROUND .................................................................... 3

ARGUMENT ........................................................................................... 5

    I.    MISSISSIPPI SHOULD BE APPOINTED LEAD
        PLAINTIFF ............................................................................... 5

        A.   Mississippi Has The Largest Financial Interest In The
            Relief Sought By The Class ................................................ 5

        B.   Mississippi Satisfies The Requirements of Rule 23 ............. 6

            1.   Mississippi's Claims Are Typical Of Those Of The
                Class ......................................................................... 6

            2.   Mississippi Will Fairly And Adequately Protect The
                Interests Of The Class .............................................. 6

    II.   THE COURT SHOULD APPROVE MISSISSIPPI'S
        CHOICE OF COUNSEL ............................................................ 9

CONCLUSION ........................................................................................ 11

i

# <u>TABLE OF AUTHORITIES</u>

**CASES**                                                        **PAGE(S)**

*Belmont Holdings Corp. v. Suntrust Banks, Inc.*,
    No. 1:09-cv-1185-WSD, 2009 WL 3188695 (N.D. Ga. Sept. 29, 2009)............6

*Plymouth Cty. Ret. Sys. v. Carter's, Inc.*,
    No. 1:08-CV-2940-JOF, 2009 WL 692141 (N.D. Ga. Mar. 13, 2009)............6, 7

**STATUTES**

Securities Exchange Act of 1934, 15 U.S.C. § 78u-4......................................*passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 .............................................................................................6

H.R. Conf. Rep. No. 104-369 (1995),
    *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) .......................................................8

The Public Employees' Retirement System of Mississippi ("Mississippi") respectfully moves to: (i) appoint Mississippi as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approve Mississippi's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class and Bondurant Mixson & Elmore, LLP ("Bondurant Mixson") as Liaison Counsel for the Class; and (iii) grant such other and further relief as the Court may deem just and proper.  In support of its motion, Mississippi shows the following.

## PRELIMINARY STATEMENT

On January 3, 2020, Mississippi filed the first and only complaint (the "Complaint") on behalf of itself and purchasers of the common stock of Mohawk Industries, Inc. ("Mohawk" or the "Company").  Mississippi filed that Complaint to recover the significant losses it and other Mohawk investors suffered because of the fraud perpetrated by Mohawk and certain of its executive officers (collectively with Mohawk, "Defendants").  The Complaint alleges that Defendants violated Sections 10(b) and 20(a) of the Exchange Act, and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder by making material misrepresentations to investors between April 28, 2017 and July 25, 2019, inclusive (the "Class Period").

Mohawk investors, including Mississippi, incurred significant losses when the Company disclosed poor financial results and admitted that it had stuffed its distribution channel with more inventory than it could sell.

The PSLRA requires this Court to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). That determination depends on which movant has the "largest financial interest" in the relief sought and whether that movant has made a *prima facie* showing that it meets the adequacy and typicality requirements under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As shown below, Mississippi is the "most adequate" plaintiff by virtue of, among other things, the losses it incurred (approximately $15.9 million on a first-in, first out ("FIFO") basis and approximately $14.7 million on a last-in, first-out ("LIFO") basis) on its purchases of 247,729 shares of Mohawk common stock during the Class Period.[1]

In addition to asserting the largest financial interest, Mississippi readily satisfies the relevant requirements of Rule 23 because its claims are typical of all Class members and it will fairly and adequately represent the Class. Mississippi is

---

[1] Mississippi's PSLRA-required Certification was filed in conjunction with the Complaint. *See* ECF No. 1-1. In addition, charts setting forth calculations of Mississippi's losses are attached to this motion as Exhibit A.

a paradigmatic Lead Plaintiff under the PSLRA: it is a sophisticated institutional investor with a real financial interest in the litigation, whose prosecution of this Action is managed by the Office of the Mississippi Attorney General.  Indeed, Mississippi is among the most experienced institutional investors in prosecuting securities fraud, having recovered over $3.8 billion for injured investors. Accordingly, Mississippi fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake those responsibilities to ensure vigorous prosecution of this Action.

Mississippi has further demonstrated its adequacy by selecting Bernstein Litowitz and Bondurant Mixson to file the Complaint and serve as Lead and Liaison Counsel, respectively.  Accordingly, Mississippi respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## FACTUAL BACKGROUND

Headquartered in Calhoun, Georgia, Mohawk is a global manufacturer of flooring products.  The Complaint alleges that Mohawk inflated its revenue and earnings via an illicit channel-stuffing scheme, thereby masking the severely declining demand for its conventional flooring products.  Throughout the Class Period, Defendants made false and misleading statements about Mohawk's sales growth and the demand for the Company's flooring products, repeatedly attributing

its strong sales and sales growth to legitimate factors. Defendants also falsely attributed the Company's increasing accounts receivables and rising inventory levels to external factors like rising raw materials costs and inflation. As a result of these misrepresentations, shares of Mohawk common stock traded at artificially inflated prices during the Class Period.

The truth emerged through a series of disclosures beginning on July 25, 2018, when the Company reported quarterly financial results that were well below the Company's previous guidance range. Mohawk also announced that it would reduce the production volumes of some of its conventional flooring products, signaling that its sales channels were stuffed with more product than it could sell. On October 25, 2018, Mohawk again reported poor quarterly financial results, which Defendants attributed, in part, to further manufacturing reductions that were required to control inventory buildup. Then, on July 25, 2019, Mohawk reported that it was again reducing production to control inventory levels and match its supply with customer demand. These disclosures caused the price of Mohawk common stock to decline precipitously.

## <u>ARGUMENT</u>

## I.   MISSISSIPPI SHOULD BE APPOINTED LEAD PLAINTIFF

Mississippi should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant with "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of [Rule 23]." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### A.   Mississippi Has The Largest Financial Interest In The Relief Sought By The Class

Mississippi sustained losses of approximately $15.9 million when calculated on a FIFO basis, and approximately $14.7 million when calculated on a LIFO basis, on its Class Period purchases of 247,729 shares of Mohawk common stock. *See* ECF No. 1-1; Ex. A. Mississippi is presently unaware of any other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, Mississippi has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**B.      Mississippi Satisfies The Requirements of Rule 23**

In addition to possessing the largest financial interest, Mississippi satisfies Rule 23's requirements.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  At the lead plaintiff selection stage, only a preliminary showing that the lead plaintiff is adequate and its claims are typical is necessary.  *See Belmont Holdings Corp. v. Suntrust Banks, Inc*., No. 1:09-cv-1185-WSD, 2009 WL 3188695, at *2 (N.D. Ga. Sept. 29, 2009).  Mississippi unquestionably satisfies both requirements.

### 1.      Mississippi's Claims Are Typical Of Those Of The Class

The typicality requirement is satisfied "when the lead plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of other class members."  *Plymouth Cty. Ret. Sys. v. Carter's, Inc.*, No. 1:08-CV-2940-JOF, 2009 WL 692141, at *2 (N.D. Ga. Mar. 13, 2009).  Mississippi plainly satisfies this requirement because, like all other Class members, it purchased Mohawk common stock during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and suffered damages thereby.

### 2.      Mississippi Will Fairly And Adequately Protect The Interests Of The Class

Rule 23's adequacy requirement is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."  Fed.

R. Civ. P. 23(a)(4).  To fairly and adequately represent the Class, a Lead Plaintiff must have "no interests that conflict with other class members and [have] the experience and resources to vigorously pursue the claims of the class." *Plymouth Cty.*, 2009 WL 692141, at *3.  Mississippi satisfies these elements because it is a committed institutional investor with significant resources that has experience serving as a fiduciary and possesses a substantial financial stake in the litigation, which further bolsters Mississippi's incentive and ability to vigorously represent the Class.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mississippi and other Class members.

Further, based on its experience serving as Lead Plaintiff in other complex securities class actions, Mississippi fully understands the Lead Plaintiff's obligations under the PSLRA, and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this Action.  Mississippi has repeatedly demonstrated its ability and expertise in serving as an extraordinarily qualified and effective advocate on behalf of investors in securities class actions, including by successfully prosecuting over 20 securities class actions since the passage of the PSLRA.  Those actions have resulted in combined recoveries of over $3.8 billion for investors. *See, e.g.*, *In re Merck & Co. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.) (recovering $1.06 billion); *In re Bear Stearns Mortgage*

*Pass-Through Certificates Litigation*, No. 08-cv-397 (S.D.N.Y.) (recovering $500 million); *In re Schering-Plough Corporation/ENHANCE Securities Litigation*, No. 08-cv-397 (D.N.J.) (recovering $473 million).  Moreover, Mississippi benefits from the resources and dedicated personnel of the Office of the Attorney General for the State of Mississippi.  These personnel are highly experienced in conducting and supervising complex litigation and have repeatedly demonstrated their ability to oversee counsel and successfully prosecute securities class actions under the PSLRA.

In addition, Mississippi is exactly the type of investor Congress sought to empower to lead securities class actions through the PSLRA—an experienced and committed institutional investor with a substantial interest in the litigation.  *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Last, Mississippi has demonstrated its adequacy through its selection of Bernstein Litowitz to serve as Lead Counsel and Bondurant Mixson to serve as Liaison Counsel to represent the Class.  As discussed more fully below, Bernstein Litowitz and Bondurant Mixson are highly qualified and experienced in securities

class action litigation.  Accordingly, Mississippi satisfies the typicality and adequacy requirements of Rule 23.

## II.   THE COURT SHOULD APPROVE MISSISSIPPI'S CHOICE OF COUNSEL

The Court should approve Mississippi's selection of Bernstein Litowitz to serve as Lead Counsel.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to court approval, select and retain counsel to represent the class they seek to represent, and the court should not disturb plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Bernstein Litowitz is among the preeminent securities class action law firms in the country.  *See* Bernstein Litowitz's Firm Résumé (attached hereto as Exhibit B).  Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288-DLC (S.D.N.Y.), in which settlements totaling more than $6 billion—one of the largest recoveries in securities class action history—were obtained for the Class.  Bernstein Litowitz also secured a recovery of over $2.42 billion on behalf of the class in *In re Bank of America Corp. Securities, Derivative and ERISA Litigation*, No. 09-md-2058-PKC (S.D.N.Y.), a $1.06 billion recovery (inclusive of attorneys' fees) for the class in *In re Merck & Co. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), in which Mississippi served as co-

lead plaintiff, and a $730 million recovery in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522-SHS (S.D.N.Y.), for the benefit of the class.

Other significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Equifax Inc. Securities Litigation*, No. 1:17-cv-03463-TWT (N.D. Ga.) ($149 million recovery, pending court approval) ("*Equifax*"); and *City of Sunrise Gen. Emps.' Ret. Plan v. FleetCor Tech., Inc.*, No. 17-cv-2207-LMM (N.D. Ga.) ($50 million recovery, pending court approval) ("*FleetCor*").

Bernstein Litowitz and Bondurant Mixson have experience working together, and are presently serving as counsel in both the *Equifax* and *FleetCor* actions referenced above.  Bondurant Mixson has substantial litigation experience in this Court, including securities law and class action practice.  Accordingly, Bondurant Mixson is well qualified to represent the Class as Liaison Counsel.

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.  Accordingly, the Court should approve Mississippi's selection of Bernstein Litowitz as Lead Counsel for the Class and Bondurant Mixson as Liaison Counsel for the Class.

## **CONCLUSION**

For the reasons stated above, Mississippi respectfully requests that the Court: (i) appoint Mississippi as Lead Plaintiff; (ii) approve Mississippi's selection of Bernstein Litowitz as Lead Counsel and Bondurant Mixson as Liaison Counsel for the Class; and (iii) grant such other and further relief as the Court may deem just and proper.

DATED: March 3, 2020

*/s/ H. Lamar Mixson*

H. Lamar Mixson
Georgia Bar No. 514012
Amanda Kay Seals
Georgia Bar No. 502720
**BONDURANT MIXSON &
    ELMORE, LLP**
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111
mixson@bmelaw.com
seals@bmelaw.com

*Liaison Counsel for Proposed Lead
Plaintiff Public Employees' Retirement
System of Mississippi and Proposed
Liaison Counsel for the Class*

Gerald H. Silk
Avi Josefson
Michael D. Blatchley
**BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP**

11

1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com

*Counsel for Proposed Lead Plaintiff
Public Employees' Retirement System of
Mississippi and Proposed Lead Counsel
for the Class*

## <u>Local Rule 7.1(D) Certification</u>

Pursuant to Local Rule 7.1(D), Northern District of Georgia, counsel for Mississippi hereby certifies that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1, Northern District of Georgia.

*/s/ H. Lamar Mixson*

H. Lamar Mixson
Georgia Bar No. 514012
**BONDURANT MIXSON &
    ELMORE, LLP**
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111
mixson@bmelaw.com

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2020, a copy of the foregoing Motion of the Public Employees' Retirement System of Mississippi for Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel; and Memorandum of Law in Support Thereof was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

*/s/ H. Lamar Mixson*

H. Lamar Mixson
Georgia Bar No. 514012
**BONDURANT MIXSON &**
  **ELMORE, LLP**
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111
mixson@bmelaw.com