# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

PUBLIC EMPLOYEES' RETIREMENT
SYSTEM OF MISSISSIPPI, individually
and on behalf of all others similarly situated,

Plaintiff,

v.

MOHAWK INDUSTRIES, INC., and
JEFFREY S. LORBERBAUM,

Defendants.

Civ. A. No. 4:20-cv-00005-ELR

# ANSWER OF DEFENDANTS TO CONSOLIDATED
# CLASS ACTION COMPLAINT FOR VIOLATIONS
# OF THE FEDERAL SECURITIES LAWS

Defendants Mohawk Industries, Inc. ("Mohawk") and Jeffrey S. Lorberbaum ("Lorberbaum") (collectively, "Defendants"), by and through their undersigned attorneys, hereby respond to the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed by Plaintiff Public Employees' Retirement System of Mississippi ("Plaintiff"):

## FIRST DEFENSE

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered preamble to the Complaint, and, therefore, the allegations are denied.

Defendants respond to the enumerated paragraphs, without otherwise assuming the burden of proof, which shall always remain with Plaintiff, of the Complaint as follows:[1]

1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint.

---

[1] Defendants deny that the various headings contained in the Complaint constitute allegations of fact that require a response from Defendants.  All such headings are, therefore, denied.

3.     Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.     To the extent Paragraph 4 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 4 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 4 of the Complaint.

5.     Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.     The nature of Mohawk's business is discussed in detail in Mohawk's public filings, which are a matter of public record and speak for themselves, and Defendants deny the allegations contained in Paragraph 6 of the Complaint inconsistent therewith.

7.     Defendants state that the trading price of Mohawk's stock is a matter of public record and such information speaks for itself, and Defendants deny the allegations contained in Paragraph 7 of the Complaint inconsistent therewith.  To the extent Paragraph 7 describes reported earnings in Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public

filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 7 inconsistent therewith. Defendants admit that luxury vinyl tile ("LVT") is an alternative to other flooring product categories.   Defendants otherwise deny the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants admit that LVT is a resilient flooring product designed to look like wood, stone, or ceramic tile, and that LVT is waterproof.  Defendants further admit that demand for LVT grew in the timeframe alleged.  Defendants are without knowledge or information sufficient to form a belief or opinion as to the truth of the remaining allegations contained in Paragraph 8, which are generalizations, matters of opinion, or the subject of reasonable disagreement, and can neither admit nor deny the same.

9.      Defendants admit demand for LVT grew in the timeframe alleged.  To the extent Paragraph 9 describes statements by Lorberbaum in Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 9 inconsistent therewith.  Defendants are without knowledge or information sufficient to form a

belief or opinion as to the truth of the remaining allegations in Paragraph 9 and can neither admit nor deny the same.

10.     Defendants admit demand for LVT grew in the timeframe alleged. Defendants further admit that Mohawk opted to produce LVT itself, Mohawk acquired IVC Group for approximately $1.2 billion, and the IVC Group acquisition included a new manufacturing plant in Dalton, Georgia, which was then in the initial stages of production.   Defendants otherwise deny the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants are without knowledge or information sufficient to form a belief or opinion as to the truth of the allegations contained in the second sentence of Paragraph 11 related to Shaw's share of the LVT market and can neither admit nor deny the same.   Defendants otherwise deny the allegations contained in Paragraph 11 of the Complaint.

12.     To the extent Paragraph 12 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 12 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by the individual identified as "Mohawk's former Senior Vice President of Sales for the Builder and Multifamily division" in Paragraph 13, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit demand for LVT grew in the timeframe alleged.  To the extent Paragraph 15 describes statements by Lorberbaum in Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 15 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 15 of the Complaint.

16.     To the extent Paragraph 16 describes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations

contained in Paragraph 16 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 16 of the Complaint.

17.     To the extent Paragraph 17 describes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 17 inconsistent therewith.  Defendants further state that the trading price of Mohawk's stock is a matter of public record and such information speaks for itself.  Defendants otherwise deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by the individual identified as a "former distribution center manager" in Paragraph 19, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by the

unnamed persons identified as "former employees" in Paragraph 20, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 20 of the Complaint.

21.    Defendants admit that Brian Carson was formerly titled as President of Flooring North America during the timeframe alleged.  Defendants otherwise deny the allegations in Paragraph 21 of the Complaint.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by the unnamed persons identified as "former employees" and/or the individual identified as a "former member of the executive leadership team" in Paragraph 22, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 22 of the Complaint.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by the individual identified as a "former member of the executive leadership team" and/or the individual identified as "the former executive" in Paragraph 23, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     To the extent Paragraph 25 describes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 25 inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 25 of the Complaint.

26.     To the extent Paragraph 26 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 26 inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 26 of the Complaint.

27.     To the extent Paragraph 27 describes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 27 inconsistent therewith. Defendants further state that the trading price of Mohawk's stock is a matter of

9

public record and such information speaks for itself.  Defendants otherwise deny the allegations in Paragraph 27 of the Complaint.

28.    To the extent Paragraph 28 describes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 28 inconsistent therewith. Defendants further state that the trading price of Mohawk's stock is a matter of public record and such information speaks for itself.  Defendants otherwise deny the allegations in Paragraph 28 of the Complaint.

29.    To the extent Paragraph 29 describes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 29 inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 29 of the Complaint.

30.    To the extent Paragraph 30 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 30

inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 30 of the Complaint.

31.     To the extent Paragraph 31 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 31 inconsistent therewith.  Defendants further state that the trading price of Mohawk's stock is a matter of public record and such information speaks for itself.  Defendants otherwise deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants admit that the Complaint attempts to pursue claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act ("Exchange Act"), 15 U.S.C. § 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated under the Exchange Act.

34.     Defendants admit the jurisdictional allegations of Paragraph 34 of the Complaint.

35.     Defendants admit that venue is proper and otherwise deny the allegations of Paragraph 35 of the Complaint.

36.     Defendants admit that, from time to time, they have used the mails and the instrumentalities of interstate commerce, and otherwise deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's responsibilities and purported stock purchases in Paragraph 37 and these allegations are, therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants admit that Mohawk is a manufacturer of floor covering products and sells flooring products to various floor covering distributors, wholesalers and retailers.  Defendants further admit the common stock of Mohawk is traded on the New York Stock Exchange under the ticker symbol "MHK." Defendants further state that the historical trading volume of Mohawk's stock is a matter of public record and such information speaks for itself.  Defendants otherwise deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants admit that Lorberbaum is currently titled as Chief Executive Officer of Mohawk, he has been Mohawk's Chief Executive Officer since January 2001, and the Chairman of Mohawk's Board of Directors since May 2004. With regard to the third sentence of Paragraph 39, Defendants state that Mohawk's

Securities & Exchange Commission filings are a matter of public record and speak for themselves, and Defendants deny the allegations contained in Paragraph 39 inconsistent therewith.   With regard to the fourth sentence of Paragraph 39, Defendants further admit that Lorberbaum spoke to certain investors and securities analysts during the timeframe alleged.   Defendants otherwise deny the allegations contained in Paragraph 39 of the Complaint.

40.    The nature of Mohawk's business is discussed in detail in Mohawk's public filings, which speak for themselves, and Defendants deny the allegations in Paragraph 40 inconsistent therewith.

41.    The nature of Mohawk's business is discussed in detail in Mohawk's public filings, which speak for themselves, and Defendants deny the allegations in Paragraph 41 inconsistent therewith.

42.    The nature of Mohawk's business is discussed in detail in Mohawk's public filings, which speak for themselves, and Defendants deny the allegations in Paragraph 42 inconsistent therewith.

43.    Defendants admit that Brian Carson was formerly titled as President of Mohawk's Flooring North America segment from 2012 until his separation by mutual agreement with the Company effective November 30, 2018.   Defendants otherwise deny the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position if any, held at Mohawk by Former Employee ("FE") 1 or the truth of the allegations concerning statements made, if any, by FE1.  To the extent Paragraph 44 describes and/or quotes Mohawk's public filings, Defendants respectfully refer the Court to Mohawk's public filings for their true and complete contents, and Defendants deny the allegations contained in Paragraph 44 inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 44 of the Complaint.

45.    To the extent Paragraph 45 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 45 inconsistent therewith.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position if any, held at Mohawk by FE2 or the truth of the allegations concerning statements made, if any, by FE2.  Defendants otherwise deny the allegations in Paragraph 45 of the Complaint.

46.    Defendants admit that Mohawk sells Mohawk products to various customers,  including  flooring  covering  retailers,  distributors,  commercial

contractors, and home centers.  Defendants further admit that Mohawk distributes some Mohawk products to certain Flooring North America customers from distribution centers using Mohawk-owned trucks.  Defendants otherwise deny the allegations in Paragraph 46 of the Complaint.

47.    The nature of Mohawk's business is discussed in detail in Mohawk's public filings, which are a matter of public record and speak for themselves, and Defendants deny the allegations contained in Paragraph 47 of the Complaint inconsistent therewith.

48.    To the extent Paragraph 48 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 48 inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 48 of the Complaint.

49.    To the extent Paragraph 49 describes and/or quotes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 49 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 49 of the Complaint.

15

50.    To the extent Paragraph 50 describes and/or quotes Mohawk's public filings and/or earnings call transcripts and press coverage of Mohawk, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts and press coverage for their true and complete contents, and Defendants deny the allegations contained in Paragraph 50 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 50 of the Complaint.

51.    To the extent Paragraph 51 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 51 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 51 of the Complaint.

52.     To the extent Paragraph 52 describes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 52 inconsistent therewith. Defendants further state that the trading price of Mohawk's stock is a matter of public record and such information speaks for itself.  Defendants otherwise deny the allegations contained in Paragraph 52 of the Complaint.

16

53.     To the extent Paragraph 53 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 53 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 53 of the Complaint.

54.     To the extent Paragraph 54 describes and/or quotes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 54 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants admit demand for LVT grew in the timeframe alleged. Defendants further admit that LVT is designed to look like wood, stone, or ceramic tile.  Defendants are without knowledge or information sufficient to form a belief or opinion as to the truth of the remaining allegations contained in Paragraph 55, which are generalizations, matters of opinion, or the subject of reasonable disagreement, and can neither admit nor deny the same.

56.     To the extent Paragraph 56 describes and/or quotes a publicly-available article, Defendants respectfully refer the Court to such article for its true and

complete contents, and Defendants deny the allegations contained in Paragraph 56 inconsistent therewith.  Defendants are without knowledge or information sufficient to form a belief or opinion as to the truth of the remaining allegations contained in Paragraph 56, and can neither admit nor deny the same.

57.     Defendants admit demand for LVT grew in the timeframe alleged, and that a majority of LVT was produced overseas in 2017.  Defendants are without knowledge or information sufficient to form a belief or opinion as to the truth of the remaining allegations contained in Paragraph 57, and can neither admit nor deny the same.

58.     To the extent Paragraph 58 describes, quotes, and/or reproduces a portion of a publicly-available article, Defendants respectfully refer the Court to such article for its true and complete contents, and Defendants deny the allegations contained in Paragraph 58 inconsistent therewith.   Defendants are without knowledge or information sufficient to form a belief or opinion as to the truth of the remaining allegations contained in Paragraph 58, and can neither admit nor deny the same.

59.     To the extent Paragraph 59 describes and/or quotes publicly-available analyst or industry coverage, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations

contained in Paragraph 59 inconsistent therewith.   Defendants are without knowledge or information sufficient to form a belief or opinion as to the truth of the remaining allegations contained in Paragraph 59, and can neither admit nor deny the same.

60.     To the extent Paragraph 60 describes and/or quotes Mohawk's public earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 60 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants admit demand for LVT grew in the timeframe alleged. Defendants further admit that Mohawk acquired IVC Group for approximately $1.2 billion, and the IVC Group acquisition included a new manufacturing plant in Dalton, Georgia, which was then in the initial stages of production.   Defendants otherwise deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants admit that Mohawk acquired IVC Group in 2015 for approximately $1.2 billion, and the IVC Group acquisition included a Belgian LVT plant as well as a new manufacturing plant in Dalton, Georgia, which was then in the initial stages of production.  To the extent Paragraph 62 describes and/or quotes a publicly-available article, Defendants respectfully refer the Court to such article

for its true and complete contents, and Defendants deny the allegations contained in Paragraph 62 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 62 of the Complaint.

63.    To the extent Paragraph 63 describes and/or quotes a publicly-available article, Defendants respectfully refer the Court to such article for its true and complete contents, and Defendants deny the allegations contained in Paragraph 63 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 63 of the Complaint.

64.    To the extent Paragraph 64 describes and/or quotes a publicly-available article, Defendants respectfully refer the Court to such article for its true and complete contents, and Defendants deny the allegations contained in Paragraph 64 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 64 of the Complaint.

65.    To the extent Paragraph 65 describes and/or quotes Mohawk's public earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 65 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     To the extent Paragraph 67 describes and/or quotes Mohawk's public earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 67 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 67 of the Complaint.

68.     To the extent Paragraph 68 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 68 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 69, and can neither admit nor deny the same.  To the extent Paragraph 69 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 69 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 69 of the Complaint.

70.     To the extent Paragraph 70 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 70 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 70 of the Complaint.

71.     To the extent Paragraph 71 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 71 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 71 of the Complaint.

72.     To the extent Paragraph 72 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 72 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 73, and can neither admit nor deny the same.  To the extent Paragraph 73 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 73 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants admit that some analysts publish their own forecasts or estimates, and that consensus estimate is a forecast of a public company's projected earnings based on the combined estimates of all equity analysts that cover the public company's stock.  Defendants further state that Mohawk's financial performance is discussed in detail in Mohawk's public filings, which are a matter of public record and speak for themselves, and Defendants deny the allegations contained in Paragraph 74 of the Complaint inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 74 of the Complaint.

75.     To the extent Paragraph 75 describes and/or quotes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny

the allegations contained in Paragraph 75 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 75 of the Complaint.

76.     To the extent Paragraph 76 describes and/or quotes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 76 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 77, and can neither admit nor deny the same.  To the extent Paragraph 77 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 77 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 77 of the Complaint.

78.     To the extent Paragraph 78 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph

78 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 78 of the Complaint.

79.    Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and can neither admit nor deny the same.

81.    To the extent Paragraph 81 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 81 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 81 of the Complaint.

82.    To the extent Paragraph 82 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 82 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 82 of the Complaint.

83.     To the extent Paragraph 83 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 83 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     To the extent Paragraph 85 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 85 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 85 of the Complaint.

86.     To the extent Paragraph 86 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 86 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 86 of the Complaint.

87.     To the extent Paragraph 87 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 87 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 87 of the Complaint.

88.     To the extent Paragraph 88 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 88 inconsistent therewith.   Defendants further state that the trading price of Mohawk's stock is a matter of public record and such information speaks for itself. Defendants otherwise deny the allegations contained in Paragraph 88 of the Complaint.

89.     To the extent Paragraph 89 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 89 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 89 of the Complaint.

90.    To the extent Paragraph 90 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 90 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 90 of the Complaint.

91.    To the extent Paragraph 91 describes and/or quotes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 91 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 91 of the Complaint.

92.    To the extent Paragraph 92 describes and/or quotes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 92 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 92 of the Complaint.

93.     To the extent Paragraph 93 describes and/or quotes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 93 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 93 of the Complaint.

94.     To the extent Paragraph 94 describes and/or quotes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 94 inconsistent therewith.  The allegations in Paragraph 94 related to the portion of the statement that Mohawk's LVT collections possessed "superior design and performance[,]" were dismissed pursuant to the Court's Order dated September 29, 2021, and are, therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     To the extent Paragraph 96 describes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call

transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 96 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants admit that Days in Inventory is a calculation that measures the average number of days the company holds its inventory before selling it by dividing the inventory levels (measured at cost) by sales per day (measured at cost). Defendants are without knowledge or information sufficient to form a belief or opinion as to the truth of the remaining allegations contained in Paragraph 97, which are generalizations, matters of opinion, or the subject of reasonable disagreement, and can neither admit nor deny the same.

98.    Information related to Mohawk's inventory is reported in Mohawk's public filings, which speak for themselves, and Defendants deny the allegations in Paragraph 98 inconsistent therewith.

99.     Information related to Mohawk's inventory is reported in Mohawk's public filings and/or earnings call transcripts, which speak for themselves, and Defendants deny the allegations in Paragraph 99 inconsistent therewith.

100.   To the extent Paragraph 100 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete

contents, and Defendants deny the allegations contained in Paragraph 100 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 100 of the Complaint.

101.   To the extent Paragraph 101 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 101 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 101 of the Complaint.

102.   To the extent Paragraph 102 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 102 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 102 of the Complaint.

103.   To the extent Paragraph 103 describes and/or quotes Mohawk's earnings call transcripts, Defendants respectfully refer the Court to Mohawk's earnings call transcripts for their true and complete contents, and Defendants deny

the allegations contained in Paragraph 103 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 103 of the Complaint.

104.   To the extent Paragraph 104 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 104 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 104 of the Complaint.

105.   To the extent Paragraph 105 describes and/or quotes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 105 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 105 of the Complaint.

106.   Defendants deny the allegations in Paragraph 106 of the Complaint.

107.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by the unnamed persons identified as "former Mohawk employees" and "former employees" in Paragraph 107, and therefore, those allegations are denied.

Defendants otherwise deny the allegations contained in Paragraph 107 of the Complaint.

108.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by the unnamed persons identified as "former employees" in Paragraph 108, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 108 of the Complaint.

109.   Defendants state that Mohawk's reported quarterly sales and the trading price of Mohawk's stock are matters of public record and such information speaks for itself, and Defendants deny the allegations contained in Paragraph 109 of the Complaint inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 109 of the Complaint.

110.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by the unnamed persons identified as "former employees" in Paragraph 110, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 110 of the Complaint.

111.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by the

unnamed persons identified as "witnesses" in Paragraph 111, and, therefore, those allegations are denied.  Defendants are likewise without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the positions, if any, held at Mohawk by the persons identified as FE3 and FE4, or the truth of the allegations concerning statements made, if any, by FE3 and FE4, and, therefore, those allegations are denied.  Mohawk admits that Mathew Witte was the Vice President of Warehouse and Delivery Operations and that Dan Flowers was the Vice President of Logistics during the timeframe alleged.  Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mathew Witte's role or title.  Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Dan Flowers's title during the timeframe alleged.  Defendants otherwise deny the allegations contained in Paragraph 111 of the Complaint.

112.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE3, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 112 of the Complaint.

113.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE3,

and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 113 of the Complaint.

114.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE3, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 114 of the Complaint.

115.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE3, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 115 of the Complaint.

116.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE3, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 116 of the Complaint.

117.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE4, or the truth of the allegations concerning statements made, if any, by FE3 and FE4, and, therefore, those allegations are denied.  Mohawk admits that Mathew Witte was the Vice President of Warehouse and Delivery Operations during

the timeframe alleged.  Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mathew Witte's role or title.  Defendants otherwise deny the allegations contained in Paragraph 117 of the Complaint.

118.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE4, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 118 of the Complaint.

119.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE5, or the truth of the allegations concerning statements made, if any, by FE5, and, therefore, those allegations are denied.  Defendants admit that Mohawk acquired IVC Group in 2015, and the IVC Group acquisition included a new manufacturing plant in Dalton, Georgia, which was then in the initial stages of production.  Mohawk further admits Jim Chepalis was the Director of Distribution Sales and Paul Murfin was the Senior Vice President of Distribution during the timeframe alleged.  Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Jim Chepalis's role or title. Lorberbaum is without knowledge or information sufficient to form a belief as to the

truth of the allegations concerning Paul Murfin's title during the timeframe alleged. Defendants otherwise deny the allegations in Paragraph 119 of the Complaint.

120.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE5, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 120 of the Complaint.

121.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE6, or the truth of the allegations concerning statements made, if any, by FE6, and, therefore, those allegations are denied.  Mohawk further admits Chris Senjem was a Senior Delivery Operations Manager during the timeframe alleged. Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chris Senjem's role or title.   Defendants otherwise deny the allegations in Paragraph 121 of the Complaint.

122.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE6, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 122 of the Complaint.

123.   Defendants deny the allegations in Paragraph 123 of the Complaint.

124.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE3, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 124 of the Complaint.

125.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE3, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 125 of the Complaint.

126.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE4, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 126 of the Complaint.

127.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE4, and, therefore, those allegations are denied.  Mohawk admits that Joe Zasaitis was the Senior Director of Operations during the timeframe alleged.  Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Joe Zasaitis's role or title.  Defendants otherwise deny the allegations in Paragraph 127 of the Complaint.

128.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE7, or the truth of the allegations concerning statements made, if any, by FE7, and, therefore, those allegations are denied.  Mohawk admits Jeremy Tatum was the Director of Operations, Distribution, & Logistics and Dan Flowers was the Vice President of Logistics during the timeframe alleged.  Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Jeremy Tatum's role or title.  Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Dan Flowers's title during the timeframe alleged.  Defendants otherwise deny the allegations in Paragraph 128 of the Complaint.

129.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE7, and, therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 129 of the Complaint.

130.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE3, and, therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 130 of the Complaint.

131.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by the persons identified as "witnesses" in Paragraph 131, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 131 of the Complaint.

132.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE3, FE4, and FE7, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 132 of the Complaint.

133.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE4, FE6, and FE7, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 133 of the Complaint.

134.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by the individuals identified as "witnesses" or by FE3 and FE4, and, therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 134 of the Complaint.

135.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE3 and FE7, and, therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 135 of the Complaint.

136.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE8, or the truth of the allegations concerning statements made, if any, by FE8, and, therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 136 of the Complaint.

137.   Mohawk reports earnings per share results in its public filings, which speak for themselves, and Defendants deny the allegations in Paragraph 137 inconsistent therewith.  Defendants state that analysts' consensus earnings per share expectations for Mohawk are likewise a matter of public record and such information speaks for itself, and Defendants deny the allegations contained in Paragraph 137 of the Complaint inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 137 of the Complaint.

138.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by the unnamed persons identified as "former Mohawk employees" in Paragraph 138, and

therefore, those allegations are denied.  Defendants are also without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE9, or the truth of the allegations concerning statements made, if any, by FE9, and, therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 138 of the Complaint.

139.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE9, and therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 139 of the Complaint.

140.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE9, and therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 140 of the Complaint.

141.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE9, and therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 141 of the Complaint.

142.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE9, and therefore, those allegations are denied.  Mohawk admits that Nathan Forrester held the position of Business Process Specialist.  Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Nathan Forrester's title during the timeframe alleged.  Defendants otherwise deny the allegations in Paragraph 142 of the Complaint.

143.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE10, or the truth of the allegations concerning statements made, if any, by FE10, and, therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 143 of the Complaint.

144.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE10, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 144 of the Complaint.

145.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE6,

and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 145 of the Complaint.

146.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE6, and, therefore, those allegations are denied.   Defendants otherwise deny the allegations in Paragraph 146 of the Complaint.

147.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE6, and, therefore, those allegations are denied.  Mohawk admits that David Toney was the Senior Vice President of Supply Chain and Paul De Cock was the President of Flooring North America after Brian Carson's separation from Mohawk. Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning David Toney's title during the timeframe alleged. Defendants otherwise deny the allegations in Paragraph 147 of the Complaint.

148.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE6, and, therefore, those allegations are denied.  Mohawk admits that Chris Senjem was the Senior Delivery Operations Manager.   Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning

Chris Senjem's role or title.  Defendants otherwise deny the allegations in Paragraph 148 of the Complaint.

149.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE6, and, therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 149 of the Complaint.

150.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE6, and, therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 150 of the Complaint.

151.  Financial Accounting Standards Board Accounting Standards Codification Topics 605 and 606 are a matter of public record and speak for themselves, and Defendants deny the allegations contained in Paragraph 151 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 151 of the Complaint.

152.   To the extent Paragraph 152 describes and/or quotes Mohawk's public filings, Defendants respectfully refer the Court to Mohawk's public filings for their true and complete contents, and Defendants deny the allegations contained in

Paragraph 152 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 152 of the Complaint.

153.   To the extent Paragraph 153 describes and/or quotes Mohawk's public filings, Defendants respectfully refer the Court to Mohawk's public filings for their true and complete contents, and Defendants deny the allegations contained in Paragraph 153 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 153 of the Complaint.

154.   Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155.   To the extent Paragraph 155 describes and/or quotes Mohawk's publicly-available Standards of Conduct and Ethics for Employees, Officers, and Directors of Mohawk Industries, Inc., Defendants respectfully refer the Court to Mohawk's publicly-available Standards of Conduct and Ethics for Employees, Officers, and Directors of Mohawk Industries, Inc. for its true and complete contents, and Defendants deny the allegations contained in Paragraph 155 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 155 of the Complaint.

156.   Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.   Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.   Information related to Mohawk's inventory is reported in Mohawk's public filings and/or earnings call transcripts, which speak for themselves, and Defendants deny the allegations in Paragraph 158 inconsistent therewith. To the extent Paragraph 158 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 158 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 158 of the Complaint.

159.   Defendants admit that Brian Carson was formerly titled as President of Flooring North America.  Defendants otherwise deny the allegations contained in Paragraph 159 of the Complaint.

160.   Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161.   Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162.   Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.   Defendants admit that Tom Lape was formerly titled as President of Mohawk's Residential Sales Business and that Brian Carson was formerly titled as President of Flooring North America during the timeframe alleged. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position or responsibilities, if any, held at Mohawk by FE1 in Paragraph 163, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 163 of the Complaint.

164.   Defendants admit that Gary Lanser was formerly titled as Chief Operating Officer of Flooring North America during the timeframe alleged. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 164 of the Complaint.

165.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 165 of the Complaint.

166.   Mohawk admits that Mike Riley is currently titled as Director of Finance at Mohawk and that Scott Taylor is currently titled as Senior Cost Accountant. Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mike Riley's role or title. Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Scott Taylor's title during the timeframe alleged. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 166 of the Complaint.

167.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 167 of the Complaint.

168.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE5, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 168 of the Complaint.

169.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE11 or the truth of the allegations concerning statements made, if any, by FE11, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 169 of the Complaint.

170.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1 and FE11, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 170 of the Complaint.

171.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE5 or the truth of the allegations concerning statements made, if any, by FE5, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 171 of the Complaint.

172.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE12 or the truth of the allegations concerning statements made, if any, by FE12, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 172 of the Complaint.

173.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE12, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 173 of the Complaint.

174.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE5 and FE11, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 174 of the Complaint.

175.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE7, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 175 of the Complaint.

176.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE5, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 176 of the Complaint.

177.  Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178.   Mohawk admits that Paul Murfin was formerly titled Senior Vice President of Distribution at Mohawk.   Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Paul Murfin's title during the timeframe alleged.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE11 or the truth of the allegations concerning statements made, if any, by FE11, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 178 of the Complaint.

179.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE11 in Paragraph 179, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 179 of the Complaint.

180.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE11 in Paragraph 180, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 180 of the Complaint.

181.   Defendants admit that Mohawk acquired IVC Group for approximately $1.2 billion, and the IVC Group acquisition included a new manufacturing plant in

Dalton, Georgia, which was then in the initial stages of production. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE11, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 181 of the Complaint.

182.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 182 of the Complaint.

183.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE5, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 183 of the Complaint.

184.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1 and FE11, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 184 of the Complaint.

185.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at

Mohawk by FE5 or the truth of the allegations concerning statements made, if any, by FE5, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 185 of the Complaint.

186.   Mohawk admits that Abraham Linc is a distributor of Mohawk products and has operations in West Virginia.  Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations that Abraham Linc is a distributor of Mohawk products and has operations in West Virginia. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE5, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 186 of the Complaint.

187.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE5, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 187 of the Complaint.

188.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE5, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 188 of the Complaint.

189.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE5, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 189 of the Complaint.

190.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE12 or the truth of the allegations concerning statements made, if any, by FE12, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 190 of the Complaint.

191.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE5, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 191 of the Complaint.

192.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE12, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 192 of the Complaint.

193.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE12,

and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 193 of the Complaint.

194.   Mohawk admits that Paul Murfin was formerly titled President of IVC U.S. and Mohawk Resilient and Senior Vice President of Distribution at Mohawk. Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Paul Murfin's title during the timeframe alleged. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE5, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 194 of the Complaint.

195.   To the extent Paragraph 195 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 195 inconsistent therewith.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE5 and FE12, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 195 of the Complaint.

196.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 196 of the Complaint.

197.   Defendants deny the allegations contained in Paragraph 197 of the Complaint.

198.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 198 of the Complaint.

199.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, FE5, and FE12, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 199 of the Complaint.

200.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 200 of the Complaint.

201.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 201 of the Complaint.

202.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE13 or the truth of the allegations concerning statements made, if any, by FE1 and FE13, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 202 of the Complaint.

203.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1 in Paragraph 203, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 203 of the Complaint.

204.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 204 of the Complaint.

205.   Defendants deny the allegations contained in Paragraph 205 of the Complaint.

206.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 206 of the Complaint.

207.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE14 or the truth of the allegations concerning statements made, if any, by FE14, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 207 of the Complaint.

208.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE14, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 208 of the Complaint.

209.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE8 or the truth of the allegations concerning statements made, if any, by FE8, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 209 of the Complaint.

210.   Mohawk admits Jeremy Tatum was the Director of Operations, Distribution, & Logistics during the timeframe alleged.  Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Jeremy Tatum's role or title.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Mohawk by FE7 or the truth of the allegations concerning statements made, if any, by FE7, and therefore, those allegations are denied. Defendants otherwise deny the allegations contained in Paragraph 210 of the Complaint.

211.   Defendants admit that Mohawk utilized warehouses at 506 11th Avenue and 121 Goodwill Drive in Dalton, Georgia. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE7, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 211 of the Complaint.

212.   Mohawk admits that Andrew Kearton was formerly titled Vice President of Distribution at Mohawk during the timeframe alleged.  Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Andrew Kearton's role or title.   Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE7, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 212 of the Complaint.

213.   To the extent Paragraph 213 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 213 inconsistent therewith.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE7, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 213 of the Complaint.

214.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 214 of the Complaint.

215.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1,

and therefore, those allegations are denied. Defendants otherwise deny the allegations contained in Paragraph 215 of the Complaint.

216.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied. Defendants otherwise deny the allegations contained in Paragraph 216 of the Complaint.

217.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied. Defendants otherwise deny the allegations contained in Paragraph 217 of the Complaint.

218.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied. Defendants otherwise deny the allegations contained in Paragraph 218 of the Complaint.

219.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied. Defendants otherwise deny the allegations contained in Paragraph 219 of the Complaint.

220.   Mohawk admits that Mike Riley is currently titled as Director of Finance at Mohawk and that Scott Taylor is currently titled as Senior Cost Accountant.  Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mike Riley's role or title. Lorberbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Scott Taylor's title during the timeframe alleged. Defendants otherwise deny the allegations contained in Paragraph 220 of the Complaint.

221.   Defendants deny the allegations contained in Paragraph 221 of the Complaint.

222.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 222 of the Complaint.

223.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 223 of the Complaint.

224.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 224 of the Complaint.

225.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 225 of the Complaint.

226.   Defendants admit that Gary Lanser was formerly titled as Chief Operating Officer of Flooring North America and that Brian Carson was formerly titled as President of Flooring North America during the timeframe alleged.  To the extent Paragraph 226 describes and/or quotes the November 12, 2018 General Release and Separation Agreement between Mohawk and Brian Carson, that document is a matter of public record and speaks for itself, and Defendants deny the allegations contained in Paragraph 226 inconsistent therewith. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 226 of the Complaint.

227.   To the extent Paragraph 227 describes and/or quotes Mohawk's public filings, Defendants respectfully refer the Court to Mohawk's public filings for their true and complete contents, and Defendants deny the allegations contained in Paragraph 227 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 227 of the Complaint.

228.   To the extent Paragraph 228 describes and/or quotes the Mohawk's public filings, Defendants respectfully refer the Court to Mohawk's public filings for their true and complete contents, and Defendants deny the allegations contained in Paragraph 228 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 228 of the Complaint.

229.   To the extent Paragraph 229 describes and/or quotes the November 12, 2018 General Release and Separation Agreement between Mohawk and Brian Carson, Defendants respectfully refer the Court to such document for its true and complete contents, and Defendants deny the allegations contained in Paragraph 229 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 229 of the Complaint.

230.   Defendants deny the allegations contained in Paragraph 230 of the Complaint.

231.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE6, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 231 of the Complaint.

232.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE7, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 232 of the Complaint.

233.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE8, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 233 of the Complaint.

234.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE7, and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 234 of the Complaint.

235.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE8,

and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 235 of the Complaint.

236.   Defendants deny the allegations contained in Paragraph 236 of the Complaint.

237.   Defendants deny the allegations contained in Paragraph 237 of the Complaint.

238.   To the extent Paragraph 238 describes and/or quotes analyst coverage of Mohawk or Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 238 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 238 of the Complaint.

239.   Defendants state that Mohawk's reported earnings per share, Company guidance, and analysts' consensus estimates are a matter of public record and speak for themselves, and Defendants deny the allegations contained in Paragraph 239 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 239 of the Complaint.

240.   To the extent Paragraph 240 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to

Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 240 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 240 of the Complaint.

241. To the extent Paragraph 241 describes and/or quotes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 241 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 241 of the Complaint.

242. Defendants state that the trading price and volume of Mohawk's stock are a matter of public record and such information speaks for itself, and Defendants deny the allegations contained in Paragraph 242 of the Complaint inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 242 of the Complaint.

243. To the extent Paragraph 243 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 243

inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 243 of the Complaint.

244. To the extent Paragraph 244 describes and/or quotes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 244 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 244 of the Complaint.

245. To the extent Paragraph 245 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 245 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 245 of the Complaint.

246. To the extent Paragraph 246 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 246

inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 246 of the Complaint.

247. To the extent Paragraph 247 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 247 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 247 of the Complaint.

248. To the extent Paragraph 248 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 248 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 248 of the Complaint.

249. Defendants state that the trading price and volume of Mohawk's stock are a matter of public record and such information speaks for itself, and Defendants deny the allegations contained in Paragraph 249 of the Complaint inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 249 of the Complaint.

250. To the extent Paragraph 250 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to

Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 250 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 250 of the Complaint.

251.   To the extent Paragraph 251 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 251 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 251 of the Complaint.

252.   To the extent Paragraph 252 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 252 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 252 of the Complaint.

253.   To the extent Paragraph 253 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 253

inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 253 of the Complaint.

254.   Defendants state that the trading price and volume of Mohawk's stock are a matter of public record and such information speaks for itself, and Defendants deny the allegations contained in Paragraph 254 of the Complaint inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 254 of the Complaint.

255.   To the extent Paragraph 255 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 255 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 255 of the Complaint.

256.   To the extent Paragraph 256 describes and/or quotes analyst coverage of Mohawk, Defendants respectfully refer the Court to such documents for their true and complete contents, and Defendants deny the allegations contained in Paragraph 256 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 256 of the Complaint.

257.   Defendants deny the allegations contained in Paragraph 257 of the Complaint.

258.   Defendants deny the allegations contained in Paragraph 258 of the Complaint.

259.   Defendants deny the allegations contained in Paragraph 259 of the Complaint.

260.   Defendants deny the allegations contained in Paragraph 260 of the Complaint.

261.   Defendants deny the allegations contained in Paragraph 261 of the Complaint.

262.   Defendants deny the allegations contained in Paragraph 262 of the Complaint.

263.   Defendants deny the allegations contained in Paragraph 263 of the Complaint.

264.   Defendants admit that the Complaint alleges that the putative class period begins on April 28, 2017. To the extent Paragraph 264 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 264 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 264 of the Complaint.

265.   To the extent Paragraph 265 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 265 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 265 of the Complaint.

266.   To the extent Paragraph 266 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 266 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 266 of the Complaint.

267.   Defendants deny the allegations contained in Paragraph 267 of the Complaint.

268.   To the extent Paragraph 268 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 268

inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 268 of the Complaint.

269.   Defendants deny the allegations contained in Paragraph 269 of the Complaint.

270.   To the extent Paragraph 270 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 270 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 270 of the Complaint.

271.   To the extent Paragraph 271 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 271 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 271 of the Complaint.

272.   Defendants deny the allegations contained in Paragraph 272 of the Complaint.

273.   To the extent the first sentence of Paragraph 273 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in the first sentence of Paragraph 273 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 273 of the Complaint.

274.   To the extent Paragraph 274 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 274 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 274 of the Complaint.

275.   Defendants deny the allegations contained in Paragraph 275 of the Complaint.

276.   Defendants admit that William Christopher Wellborn was titled as President and Chief Operating Officer of Mohawk during the timeframe alleged. To the extent Paragraph 276 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and

Defendants deny the allegations contained in Paragraph 276 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 276 of the Complaint.

277.   To the extent Paragraph 277 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 277 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 277 of the Complaint.

278.   To the extent Paragraph 278 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 278 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 278 of the Complaint.

279.   Defendants deny the allegations contained in Paragraph 279 of the Complaint.

280.   To the extent Paragraph 280 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to

Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 280 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 280 of the Complaint.

281.   Defendants deny the allegations contained in Paragraph 281 of the Complaint.

282.   To the extent Paragraph 282 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 282 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 282 of the Complaint.

283.   Defendants deny the allegations contained in Paragraph 283 of the Complaint.

284.   To the extent Paragraph 284 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 284

inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 284 of the Complaint.

285. Defendants deny the allegations contained in Paragraph 285 of the Complaint.

286. To the extent Paragraph 286 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 286 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 286 of the Complaint.

287. Defendants deny the allegations contained in Paragraph 287 of the Complaint.

288. To the extent Paragraph 288 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 288 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 288 of the Complaint.

289.   To the extent Paragraph 289 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 289 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 289 of the Complaint.

290.   To the extent Paragraph 290 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 290 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 290 of the Complaint.

291.   Defendants deny the allegations contained in Paragraph 291 of the Complaint.

292.   To the extent Paragraph 292 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 292

inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 292 of the Complaint.

293.   Defendants deny the allegations contained in Paragraph 293 of the Complaint.

294.   To the extent Paragraph 294 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 294 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 294 of the Complaint.

295.   Defendants deny the allegations contained in Paragraph 295 of the Complaint.

296.   To the extent Paragraph 296 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 296 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 296 of the Complaint.

297.   To the extent Paragraph 297 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 297 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 297 of the Complaint.

298.   Defendants deny the allegations contained in Paragraph 298 of the Complaint.

299.   To the extent Paragraph 299 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 299 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 299 of the Complaint.

300.   Defendants deny the allegations contained in Paragraph 300 of the Complaint.

301.   To the extent Paragraph 301 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete

contents, and Defendants deny the allegations contained in Paragraph 301 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 301 of the Complaint.

302.   To the extent Paragraph 302 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 302 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 302 of the Complaint.

303.   To the extent Paragraph 303 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 303 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 303 of the Complaint.

304.   Defendants deny the allegations contained in Paragraph 304 of the Complaint.

305.   To the extent Paragraph 305 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to

Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 305 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 305 of the Complaint.

306.   To the extent Paragraph 306 describes and/or quotes statements by Lorberbaum in Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 306 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 306 of the Complaint.

307.   Defendants deny the allegations contained in Paragraph 307 of the Complaint.

308.   To the extent Paragraph 308 describes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 308 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 308 of the Complaint.

309.   Defendants deny the allegations contained in Paragraph 309 of the Complaint.

310.   To the extent Paragraph 310 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 310 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 310 of the Complaint.

311.   Defendants deny the allegations contained in Paragraph 311 of the Complaint.

312.   To the extent Paragraph 312 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 312 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 312 of the Complaint.

313.   To the extent Paragraph 313 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete

contents, and Defendants deny the allegations contained in Paragraph 313 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 313 of the Complaint.

314.   To the extent Paragraph 314 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 314 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 314 of the Complaint.

315.   Defendants deny the allegations contained in Paragraph 315 of the complaint.

316.   To the extent Paragraph 316 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 316 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 316 of the Complaint.

317.   Defendants deny the allegations contained in Paragraph 317 of the Complaint.

318.   To the extent Paragraph 318 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 318 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 318 of the Complaint.

319.   Defendants deny the allegations contained in Paragraph 319 of the Complaint.

320.   To the extent Paragraph 320 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 320 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 320 of the Complaint.

321.   To the extent Paragraph 321 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 321

inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 321 of the Complaint.

322.   Defendants deny the allegations contained in Paragraph 322 of the Complaint.

323.   To the extent Paragraph 323 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 323 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 323 of the Complaint.

324.   Defendants deny the allegations contained in Paragraph 324 of the Complaint.

325.   To the extent Paragraph 325 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 325 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 325 of the Complaint.

326.   To the extent Paragraph 326 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 326 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 326 of the Complaint.

327.   To the extent Paragraph 327 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 327 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 327 of the Complaint.

328.   Defendants deny the allegations contained in Paragraph 328 of the Complaint.

329.   To the extent Paragraph 329 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 329

inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 329 of the Complaint.

330.   To the extent Paragraph 330 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 330 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 330 of the Complaint.

331.   To the extent Paragraph 331 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 331 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 331 of the Complaint.

332.   Defendants deny the allegations contained in Paragraph 332 of the Complaint.

333.   To the extent Paragraph 333 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete

contents, and Defendants deny the allegations contained in Paragraph 333 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 333 of the Complaint.

334.   Defendants deny the allegations contained in Paragraph 334 of the Complaint.

335.   To the extent Paragraph 335 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 335 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 335 of the Complaint.

336.   Defendants deny the allegations contained in Paragraph 336 of the Complaint.

337.   To the extent Paragraph 337 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 337 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 337 of the Complaint.

338.   Defendants deny the allegations contained in Paragraph 338 of the Complaint.

339.   To the extent Paragraph 339 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 339 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 339 of the Complaint.

340.   Defendants deny the allegations contained in Paragraph 340 of the Complaint.

341.   Defendants admit that Glenn Landau was formerly titled Chief Financial Officer of Mohawk and Frank Boykin was formerly titled as a Senior Consultant for Mohawk during the timeframe alleged. To the extent Paragraph 341 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 341 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 341 of the Complaint.

342.   To the extent Paragraph 342 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 342 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 342 of the Complaint.

343.   To the extent Paragraph 343 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 343 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 343 of the Complaint.

344.   Defendants deny the allegations contained in Paragraph 344 of the Complaint.

345.   To the extent Paragraph 345 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 345

inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 345 of the Complaint.

346.   Defendants deny the allegations contained in Paragraph 346 of the Complaint.

347.   To the extent Paragraph 347 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 347 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 347 of the Complaint.

348.   Defendants deny the allegations contained in Paragraph 348 of the Complaint.

349.   To the extent Paragraph 349 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 349 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 349 of the Complaint.

350.   Defendants deny the allegations contained in Paragraph 350 of the Complaint.

351.   Defendants deny the allegations contained in Paragraph 351 of the Complaint.

352.   Defendants deny the allegations contained in Paragraph 352 of the Complaint.

353.   Defendants deny the allegations contained in Paragraph 353 of the Complaint.

354.   Defendants deny the allegations contained in Paragraph 354 of the Complaint.

355.   Defendants admit that Brian Carson was formerly titled as President of Flooring North America during the timeframe alleged. Defendants otherwise deny the allegations contained in Paragraph 355 of the Complaint.

356.   Defendants deny the allegations contained in Paragraph 356 of the Complaint.

357.   Defendants deny the allegations contained in Paragraph 357 of the Complaint.

358.   Defendants admit that Brian Carson was formerly titled as President of Flooring North America. To the extent Paragraph 358 describes and/or quotes

Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 358 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 358 of the Complaint.

359.   Defendants deny the allegations contained in Paragraph 359 of the Complaint.

360.   Defendants deny the allegations contained in Paragraph 360 of the Complaint.

361.   Defendants deny the allegations contained in Paragraph 361 of the Complaint.

362.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by FE1 and therefore, those allegations are denied.   Defendants otherwise deny the allegations contained in Paragraph 362 of the Complaint.

363.   Defendants deny the allegations contained in Paragraph 363 of the Complaint.

364.   Defendants deny the allegations contained in Paragraph 364 of the Complaint.

365.   Defendants deny the allegations contained in Paragraph 365 of the Complaint.

366.   Defendants deny the allegations contained in Paragraph 366 of the Complaint.

367.   Defendants deny the allegations contained in Paragraph 367 of the Complaint.

368.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by the unnamed persons identified as "witnesses" in Paragraph 368, and therefore, those allegations are denied.  Defendants otherwise deny the allegations contained in Paragraph 368 of the Complaint.

369.   Defendants admit that Mohawk acquired IVC Group in 2015 for approximately $1.2 billion, and the IVC Group acquisition included a new manufacturing plant in Dalton, Georgia, which was then in the initial stages of production. Defendants otherwise deny the allegations contained in Paragraph 369 of the Complaint.

370.   To the extent Paragraph 370 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete

contents, and Defendants deny the allegations contained in Paragraph 370 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 370 of the Complaint.

371.   To the extent Paragraph 371 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 371 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 371 of the Complaint.

372.   To the extent Paragraph 372 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 372 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 372 of the Complaint.

373.   To the extent Paragraph 373 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 373

inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 373 of the Complaint.

374.   To the extent Paragraph 374 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 374 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 374 of the Complaint.

375.   To the extent Paragraph 375 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 375 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 375 of the Complaint.

376.   Defendants admit that Lorberbaum is currently titled as Chief Executive Officer of Mohawk, he has been Mohawk's Chief Executive Officer since January 2001, and the Chairman of Mohawk's Board of Directors since May 2004. Defendants further admit that Lorberbaum has been a director of Mohawk since 1994, and that Lorberbaum served as President and Chief Operating Officer of

Mohawk from January 1995 until January 2001. To the extent Paragraph 376 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 376 inconsistent therewith.   Defendants otherwise deny the allegations contained in Paragraph 376 of the Complaint.

377.   Defendants admit that Lorberbaum is currently titled as Chief Executive Officer of Mohawk and is currently the Chairman of Mohawk's Board of Directors. Defendants admit that Lorberbaum has received information about Mohawk's financial performance and copies of Mohawk's public filings. Defendants otherwise deny the allegations contained in Paragraph 377 of the Complaint.

378.   Defendants admit that Brian Carson was formerly titled as President of Mohawk's Flooring North America segment from 2012 until 2018, as Chief Operating Officer from 2008 until 2012, and joined Mohawk in 2006 as President of Hard Surfaces. To the extent Paragraph 378 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 378

inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 378 of the Complaint.

379.   To the extent Paragraph 379 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 379 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 379 of the Complaint.

380.   To the extent Paragraph 380 describes and/or quotes Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 380 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 380 of the Complaint.

381.   Defendants deny the allegations contained in Paragraph 381 of the Complaint.

382.   Defendants deny the allegations contained in Paragraph 382 of the Complaint.

383. Defendants deny the allegations contained in Paragraph 383 of the Complaint.

384. Defendants deny the allegations contained in Paragraph 384 of the Complaint.

385. Defendants deny the allegations contained in Paragraph 385 of the Complaint.

386. Defendants deny the allegations contained in Paragraph 386 of the Complaint.

387. To the extent that the allegations contained in Paragraph 387 call for a legal conclusion, no response is required and those allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 387 of the Complaint.

388. To the extent that the allegations contained in Paragraph 388 call for a legal conclusion, no response is required and those allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 388 of the Complaint.

389. To the extent that the allegations contained in Paragraph 389 call for a legal conclusion, no response is required and those allegations are, therefore, denied.

Defendants otherwise deny the allegations contained in Paragraph 389 of the Complaint.

390.   To the extent that the allegations contained in Paragraph 390 call for a legal conclusion, no response is required and those allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 390 of the Complaint.

391.   Defendants admit the common stock of Mohawk is traded on the New York Stock Exchange.  To the extent Paragraph 391 describes analyst coverage of Mohawk and Mohawk's public filings and/or earnings call transcripts, Defendants respectfully refer the Court to such documents and Mohawk's public filings and/or earnings call transcripts for their true and complete contents, and Defendants deny the allegations contained in Paragraph 391 inconsistent therewith. To the extent that the allegations contained in Paragraph 391 call for a legal conclusion, no response is required and those allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 391 of the Complaint.

392.   To the extent that the allegations contained in Paragraph 392 call for a legal conclusion, no response is required and those allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 392 of the Complaint.

393.   To the extent that the allegations contained in Paragraph 393 call for a legal conclusion, no response is required and those allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 393 of the Complaint.

394.   To the extent that the allegations contained in Paragraph 394 call for a legal conclusion, no response is required and those allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 394 of the Complaint.

395.   Defendants admit the common stock of Mohawk was traded on the New York Stock Exchange in the timeframe alleged. Defendants further state that the historical trading volume of Mohawk's stock is a matter of public record and such information speaks for itself. Defendants otherwise deny the allegations contained in Paragraph 395 of the Complaint.

396.   To the extent that the allegations contained in Paragraph 396 call for a legal conclusion, no response is required and those allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 396 of the Complaint.

397.   To the extent that the allegations contained in Paragraph 397 call for a legal conclusion, no response is required and those allegations are, therefore, denied.

Defendants otherwise deny the allegations contained in Paragraph 397 of the Complaint.

398.   To the extent that the allegations contained in Paragraph 398 call for a legal conclusion, no response is required and those allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 398 of the Complaint.

399.   Defendants incorporate herein each and every prior Answer to the allegations contained in Paragraphs 1 through and including 398 if the Complaint as if fully set forth herein.

400.   Defendants admit that the Complaint attempts to pursue claims pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. To the extent that the allegations contained in Paragraph 400 call for a legal conclusion, no response is required and those allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 400 of the Complaint.

401.   Defendants deny the allegations contained in Paragraph 401 of the Complaint.

402.   Defendants deny the allegations contained in Paragraph 402 of the Complaint.

403.   Defendants deny the allegations contained in Paragraph 403 of the Complaint.

404.   Defendants deny the allegations contained in Paragraph 404 of the Complaint.

405.   Defendants deny the allegations contained in Paragraph 405 of the Complaint.

406.   Defendants deny the allegations contained in Paragraph 406 of the Complaint.

407.   Defendants deny the allegations contained in Paragraph 407 of the Complaint.

408.   Defendants deny the allegations contained in Paragraph 408 of the Complaint.

409.   Defendants deny the allegations contained in Paragraph 409 of the Complaint.

410.   Defendants deny the allegations contained in Paragraph 410 of the Complaint.

411.   Defendants deny the allegations contained in Paragraph 411 of the Complaint.

412.   Defendants deny the allegations contained in Paragraph 412 of the Complaint.

413.   Defendants deny the allegations contained in Paragraph 413 of the Complaint.

414.   Defendants incorporate herein each and every prior Answer to the allegations contained in Paragraphs 1 through and including 413 if the Complaint as if fully set forth herein.

415.   Defendants admit that the Complaint attempts to pursue a claim pursuant to Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). To the extent that the allegations contained in Paragraph 415 call for a legal conclusion, no response is required and those allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 415 of the Complaint.

416.   Defendants deny the allegations contained in Paragraph 416 of the Complaint.

## **SECOND DEFENSE**

Defendants deny each and every allegation contained in the Complaint that is not expressly admitted herein.

## THIRD DEFENSE

Plaintiff's purported claims and those of the putative class are barred because Defendants acted in good faith at all times, including (without limitation) relying and acting in good faith upon the corporate records of and on the information, opinions, and statements of corporate officers and employees, and/or professionals and experts hired by Mohawk, and because Defendants did not directly or indirectly control or induce any acts constituting a violation of the securities laws.

## FOURTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred by the doctrines of assumption of the risk, contributory negligence, unclean hands, estoppel, laches, waiver, acquiescence, ratification, res judicata and/or the applicable statute of limitations.

## FIFTH DEFENSE

Any recovery by Plaintiff and the putative class against Defendants would constitute unjust enrichment.

## SIXTH DEFENSE

To the extent Defendants failed to disclose material information, which Defendants deny, the "truth-on-the-market" doctrine precludes Plaintiff's claims because the information at issue was credibly made available to the market by other sources.

**SEVENTH DEFENSE**

The Complaint fails to state a claim against Defendants based upon "fraud on the market" principles, because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of Mohawk stock.

**EIGHTH DEFENSE**

The Complaint fails to state a claim against Defendants based upon "fraud on the market" principles for any Plaintiff that did trade shares between the time the misrepresentations were made and the time the alleged truth was revealed.

**NINTH DEFENSE**

To the extent Plaintiff's purported claims and those of the putative class are based upon or relate to forward-looking statements and were accompanied by meaningful cautionary language, those claims are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the Private Securities Litigation Reform Act of 1995.

**TENTH DEFENSE**

The purported claims of some or all of the putative class are barred due to their failure to mitigate their damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

## ELEVENTH DEFENSE

Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a misstatement or omission, (2) of a material fact, (3) made with scienter, (4) on which plaintiff relied, (5) that proximately caused his injury (*i.e.* loss causation).

## TWELFTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because they are the result of intervening and superseding causes, over which Defendants had no control and for which Defendants are not liable.

## THIRTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred to the extent that they are based on public statements not attributable to particular Defendants.

## FOURTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because Defendants did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sales of securities.

## FIFTEENTH DEFENSE

This action, in part or in whole, is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## SIXTEENTH DEFENSE

Plaintiff's purported claims and those of the purported class are barred based on the truth and sufficiency of all statements upon which their alleged claims are based.

## SEVENTEENTH DEFENSE

Plaintiff cannot meet their burden of proving the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), and (2) that the alleged controlling person controlled both: (a) the general affairs of the primary violator and (b) the specific corporate policy that resulted in the primary violation.

## EIGHTEENTH DEFENSE

Plaintiff is not entitled to recovery of attorneys' fees in this action.

## NINETEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because Defendants had no duty of disclosure with respect to the alleged misrepresentations or omission.

## **TWENTIETH DEFENSE**

Additional facts that are currently unknown to Defendants may be revealed through the course of discovery and further investigation that will support additional defenses. Defendants reserve the right to assert such defenses in the future.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint against them with prejudice, that they be awarded all costs and fees expended on their behalf, including attorneys' fees and other expenses, and that all Defendants be afforded such other and further relief that the Court may deem just and proper.

Executed on November 12, 2021, in Atlanta, Georgia.

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ William J. Holley, II*
William J. Holley, II
Georgia Bar No. 362310
Scott E. Zweigel
Georgia Bar No. 786616
303 Peachtree Street N.E.
Atlanta, Georgia 30308
Telephone: (404) 523-5300
Facsimile: (404) 522-8409
Emails: wholley@phrd.com
          szweigel@phrd.com

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC**

**ALSTON & BIRD**

*/s/ Robert R. Long*
Robert R. Long
Georgia Bar No. 141546
Elizabeth Gingold Clark
Georgia Bar No. 917979
Courtney E. Quirós
Georgia Bar No. 527069
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Emails: robert.long@alston.com
          elizabeth.clark@alston.com
          courtney.quiros@alston.com

*Counsel for Mohawk Industries, Inc.*

Richard D. Weinberg (*Appearing Pro Hac Vice*)
William C. Kinder (*Appearing Pro Hac Vice*)
565 Fifth Avenue
New York, New York 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494
Emails: rweinberg@maglaw.com
　　　　wkinder@maglaw.com

*Counsel for Jeffrey S. Lorberbaum*

## <u>LOCAL RULE 7.1D CERTIFICATION</u>

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

*/s/ Robert R. Long*
Robert R. Long
Georgia Bar No. 141546

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of November, 2021, I electronically filed the foregoing ANSWER OF DEFENDANTS TO CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

*/s/ Robert R. Long*
Robert R. Long
Georgia Bar No. 141546