PUBLIC EMPLOYEES' RETIREMENT
SYSTEM OF MISSISSIPPI, individually
and on behalf of all others similarly
situated,

       *Plaintiff*,

v.

MOHAWK INDUSTRIES, INC. and
JEFFREY S. LORBERBAUM,

       *Defendants*.

CASE NO. 4:20-CV-00005-VMC

## NON-PARTY EAGLE CAPITAL MANAGEMENT, LLC's RESPONSE IN SUPPORT OF DEFENDANTS' MOTION TO SEAL

Pursuant to Appendix H, Section II(J)(2)(e) of this Court's Local Rules, non-party Eagle Capital Management, LLC ("Eagle") respectfully submits this response in support of Defendants Mohawk Industries, Inc. ("Mohawk") and Jeffrey S. Lorberbaum's (collectively, "Defendants") Motion for Leave to File Under Seal (Dkt. 89) (the "Motion to Seal").

### INTRODUCTION

Eagle is a non-party asset management firm located in New York, New York. It has acted as an investment advisor for Lead Plaintiff Public Employees'

Retirement System of Mississippi ("MissPERS") for over fifteen years.  Eagle's sole involvement in this action is as the target of non-party discovery demands served by Mohawk pursuant to Federal Rule of Civil Procedure 45.  The subject of these discovery demands was, among other things, the role that Eagle played in deciding to invest in Mohawk securities on behalf of MissPERS.  Eagle has fully satisfied its obligations pursuant to FRCP 45:  it made multiple document productions to Mohawk, and its corporate representative was deposed by Mohawk on April 6, 2022.

In connection with Defendants' Memorandum of Law in Opposition to Lead Plaintiff's Motion for Class Certification (the "Opposition") (Dkt. 88), Defendants filed documents produced by Eagle and designated as "Confidential" under the Protective Order (Dkt. 67) entered in this action.  The unredacted versions of some of these documents contain information that is proprietary and/or commercially sensitive, the public disclosure of which would create a risk of injury to Eagle's business.[1]

---

[1]  Eagle has informed counsel for the parties that it is withdrawing its confidentiality designation as to Exhibits E, F, I, and L to the Declaration of Robert R. Long and, therefore, does not object to the filing of those four unredacted documents on the public docket.

Pursuant to the terms of the Protective Order and the Court's Local Rules, Defendants (1) filed their Opposition and related exhibits provisionally under seal and (2) concurrently moved to seal the Opposition and certain exhibits that Eagle wishes to maintain as confidential. Under Appendix H, Section II(J)(2)(e) of this Court's Local Rules, the burden now rests on Eagle to establish good cause for sealing portions of those confidential documents.

Eagle respectfully seeks from this Court an Order permanently sealing unredacted versions of the Opposition (Dkt. 88), along with Exhibits G, H, and J to the Declaration of Robert R. Long (the "Long Declaration") (Dkts. 88-8, 88-9, 88-11) (collectively, the "Unredacted Documents"). Eagle has publicly filed (as exhibits to this response) versions of these documents that contain limited redactions to protect its confidential information but that Eagle believes provide the public with all information necessary to evaluating the parties' substantive arguments.

## ARGUMENT

It is settled law that the public interest in accessing court documents "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the . . . interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2005) (internal

quotation marks omitted); *see Ponder v. Experian Info. Sols., Inc.*, No. 1:19-CV-5494-CAP-JSA, 2021 WL 2688648, at *6 (N.D. Ga. May 18, 2021) (applying the *Romero* "good cause standard" and sealing documents containing "personal and financial information"); *Integon Nat'l Ins. Co. v. Dickerson*, 4:19-CV-201-MHC, 2020 WL 6335945, at *2 (N.D. Ga. Aug. 14, 2020) (same, where documents at issue contained "trade secrets and proprietary information"). In balancing these interests, courts consider:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. In addition, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Here, good cause exists to seal the Unredacted Documents, which contain proprietary and commercially sensitive information regarding Eagle's business and portfolio of investments. Two of the documents reflect Eagle's analytical process and the application of its investment philosophy to particular companies and their

4

securities.  *See* Exs. H, J.[2]  And two of the documents reveal the names or ticker symbols of certain securities (other than Mohawk) that Eagle held or was considering holding in its portfolio in 2018, along with the size of some of Eagle's positions.  *See* Exs. G, H.  Very limited portions of the Opposition also should be sealed because it contains direct quotes from commercially sensitive portions of Exhibits G and H.  *See* Ex. 1.

The public disclosure of any of the information identified above would present a risk of injury to Eagle's business.  As an asset manager and investment advisor, Eagle seeks to generate above-market returns for its clients.  It seeks to accomplish this by researching and analyzing publicly traded companies and then investing its clients' funds in a portfolio that it concludes is most likely to generate the greatest risk-adjusted return.  Although Eagle's general investment philosophy is in the public domain, the specific application of that philosophy to any particular company is not.  That is why limited portions of Exhibits H and J, which reflect Eagle's proprietary analysis of Mohawk securities and the economic factors that

---

[2]     To avoid confusion, Eagle is identifying the Unredacted Documents using the same exhibit letters that Defendants used when attaching them to the Long Declaration.  Thus, the proposed redacted versions of the Unredacted Documents that Defendants attached to the Long Declaration are attached hereto as Exhibits G, H, and J.  Exhibit 1 hereto is the proposed redacted version of the Opposition.

Eagle considered important to that analysis, are commercially sensitive and should be sealed.

Similarly, limited portions of Exhibits G and H reveal the composition of Eagle's portfolio, including the names and ticker symbols of certain securities in Eagle's portfolio in 2018, some of which remain in its portfolio today. Exhibit G also reveals information about the size of certain of Eagle's positions. If the redacted information in Exhibits G or H were to become a matter of public record, then any investor or competitor could attempt to emulate Eagle's portfolio—or a portion of that portfolio—without compensating Eagle for its expertise and the significant time and resources it expends researching the companies that it decides to include in the portfolio. *See Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, No. 3:10-cv-978-J-37JBT, 2011 WL 5357843, at *3 (M.D. Fla. Nov. 1, 2011) (sealing commercially sensitive documents that would have given competitors "an unfair advantage").

Importantly, Eagle is *not* requesting that *any* of the Unredacted Documents be sealed in their entirety. Instead, Eagle is filing on the public docket versions of these documents that have limited redactions in order to protect the commercially sensitive information described above. In doing so, Eagle has taken the "least restrictive means" to protect its confidential information. *See Wood v. Life Ins. Co.*

*of N. Am.*, No. 1:10-CV-3013-MHC, 2021 WL 4888510, at *2 (N.D. Ga. June 15, 2021) (sealing unredacted documents containing sensitive business information where parties had filed versions of the documents with "redactions limited to the sensitive material"). Because these redacted documents are now publicly available, sealing the Unredacted Documents will not infringe on the public's interest in having access to Defendants' papers in opposition to class certification. *See Ga. Advoc. Off. v. Jackson*, No. 1:19-CV-1634-WMR-JFK, 2020 WL 1883879, at *4 (N.D. Ga. Jan. 7, 2020) (observing that "sealing or redacting only those records or portions thereof that contain sensitive information" is an effective method to "minimize the burden on the public's right").

Finally, absent class members will not be prejudiced by the limited redactions that Eagle has proposed. None of the commercially sensitive information that Eagle has redacted is material to any decision a potential class member could make with respect to joining or opting out of the putative class. That is because the redacted documents now available to the public contain all information necessary to permit the public and absent members of the putative class to evaluate the substantive issue before the Court—namely, whether this case is appropriate for class adjudication. Eagle has not redacted, for example, information reflecting the mere fact that it acted as an asset manager and

7

investment advisor for MissPERS, nor has it redacted information sufficient to show that Eagle researched and performed due diligence on Mohawk before it purchased Mohawk securities on behalf of MissPERS.

**CONCLUSION**

Given the confidential, proprietary, and commercially sensitive nature of the limited information sought to be sealed and Eagle's narrowly tailored approach to sealing, Eagle respectfully requests that this Court issue an Order directing the Clerk to maintain under seal the following Unredacted Documents:

- The Opposition (Dkt. 88); and

- Exhibits G, H, and J to the Long Declaration (Dkts. 88-8, 88-9, 88-11).

[signature on following page]

Respectfully submitted this 18th day of May, 2022.

/s/ T. Brandon Waddell
T. Brandon Waddell
Georgia Bar No. 252639
**CAPLAN COBB LLC**
75 Fourteenth Street, NE, Suite 2700
Atlanta, Georgia 30309
(404) 596-5600 – Office
(404) 596-5604 – Facsimile
bwaddell@caplancobb.com

Scott M. Berman (*pro hac vice*)
Philip J. Biegler (*pro hac vice*)
**FRIEDMAN KAPLAN SEILER &
ADELMAN LLP**
7 Times Square
New York, NY 10036-6516
(212) 833-1100

*Counsel for Non-Party
Eagle Capital Management, LLC*

# <u>LOCAL RULE 7.1 CERTIFICATION OF COMPLIANCE</u>

I hereby certify that the foregoing has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1(C).

This 18th day of May, 2022.

*/s/ T. Brandon Waddell*
T. Brandon Waddell
Georgia Bar No. 252639
**CAPLAN COBB LLC**
75 Fourteenth Street, NE, Suite 2700
Atlanta, Georgia 30309
(404) 596-5600 – Office
(404) 596-5604 – Facsimile
bwaddell@caplancobb.com

*Counsel for Non-Party*
*Eagle Capital Management, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

This 18th day of May, 2022.

/s/ T. Brandon Waddell
T. Brandon Waddell
Georgia Bar No. 252639
**CAPLAN COBB LLC**
75 Fourteenth Street, NE, Suite 2700
Atlanta, Georgia 30309
(404) 596-5600 – Office
(404) 596-5604 – Facsimile
bwaddell@caplancobb.com

*Counsel for Non-Party*
*Eagle Capital Management, LLC*