# Exhibit N

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Boynton Beach Firefighters'   –   Case No. 3:16-cv-1106
Pension Fund, et al.,         –
                              –
    Plaintiffs,               –   Toledo, Ohio
                              –   September 13, 2016
        v.                    –   Oral Argument
                              –
HCP, Inc., et al.,            –
                              –
    Defendants.               –
-------------------------------

TRANSCRIPT OF ORAL ARGUMENT
BEFORE THE HONORABLE JEFFREY J. HELMICK
UNITED STATES DISTRICT JUDGE.

APPEARANCES:

| | |
|---|---|
| For Mississippi PERS: | Gerald H. Silk |
| | Scott D. Simpkins |
| | Jeffrey W. Golan |
| For City of Birmingham: | Darren J. Robbins |
| | Jack Landskroner |
| | Richard Kerger |
| For SGGS: | William H. Narwold |
| | Katja Wulfert |
| For HCP ManorCare: | Michael Meuti |
| Court Reporter: | Tracy L. McGurk, RMR, CRR |
| | 1716 Spielbusch Avenue |
| | Toledo, Ohio 43604 |
| | (419) 213-5520 |

Proceedings recorded by mechanical stenography, transcript produced by notereading.

Soc. Gen. entity, a different entity than SGSS, but an investment advisor was -- in the paradigm case was rejected as a lead plaintiff because there are so many questions about authority, control, and whether they, in fact, had the claim. And so we may not get the right answer here without a full discovery record. But clearly if you ascribe to the concerns of, let's say, Judge Pauley in <u>Baydale</u> or Judge Breyer in <u>Brocade</u>. And there are other cases we've cited to Your Honor. The fact that we are having these discussions and this is creating a sideshow at this point really undermines the adequacy and typicality prongs of Rule 23, and so we think that is enough reason, given the comparison and proximity of the losses, to appoint Mississippi PERS in this case.

Your Honor, there were a couple other points -- and I think I'll turn the floor over to Soc. Gen., but there are a few other points they raised in their reply brief, one about my firm, one about Mississippi. I'm not sure if Your Honor saw that. We addressed that in our surreply which you granted permission for us to file. If you'd like to hear on that, I'm prepared to speak on that.

THE COURT: I frankly, based on what I know right now, and I'm happy to hear from SGSS further, I

think that's pretty much a non-issue with me with regard to what were mere, as I understand, allegations of impropriety that were not substantiated by any court. In fact, they were withdrawn in terms of the suggestion or allegation. I don't think you need to go there.

I do want to say this, counsel. And this will not be your last opportunity to be heard. So relax. I'll keep my promise I made to you at the outset. However, look, I don't doubt that any of the firms that are here that are proposing to take over representation in this case have the chops to do the job. You are -- your firms are specialized; they are highly experienced; they are highly skilled. They are successful or have been successful on behalf of plaintiff's classes to an exceptional degree. So I don't really question that. But you have raised a potential conflict in ethics issue with regard to at least one of the firms for SGSS and Birmingham. Do you wish to be heard further on that issue? They've tried to address it straight on.

MR. SILK: I would, Your Honor. Thank you. And I appreciate those comments.

What we have said, and we've presented it both as an Ohio ethics rule issue as well as an adequacy issue under Rule 23. I want to make that clear. But