**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

PUBLIC EMPLOYEES' RETIREMENT
SYSTEM OF MISSISSIPPI, individually
and on behalf of all others similarly
situated,

             Plaintiff,

     v.

MOHAWK INDUSTRIES, INC., and
JEFFREY S. LORBERBAUM,

             Defendants.

CASE NO. 4:20-00005-VMC

**DEFENDANTS' RESPONSE IN SUPPORT OF**
**LEAD PLAINTIFF'S MOTION TO SEAL**

Pursuant to Appendix H, Section II(J)(2)(e) of the Local Rules of the United

States District Court for the Northern District of Georgia, Judge Victoria M.

Calvert's Standing Order Regarding Civil Litigation, and the Stipulated Protective

Order in this case ("Protective Order") (Dkt. 67), Defendants Mohawk Industries,

Inc. ("Mohawk") and Jeffrey S. Lorberbaum (collectively, "the Defendants")

respectfully submit this response in support of Lead Plaintiff Public Employees'

Retirement System of Mississippi's ("Lead Plaintiff") Motion for Leave to File

Under Seal (Dkt. 102) (the "Motion to Seal").

## INTRODUCTION

In connection with Lead Plaintiff's Reply in Support of its Motion for Class Certification, Appointment as Class Representative, and Appointment of Class Counsel (the "Motion") (Dkt. 100), Lead Plaintiff filed under seal documents produced by Mohawk and designated as "Confidential" under the Protective Order entered in this action.  (Dkt. 101.)  The unredacted versions of these documents contain information that is proprietary and/or commercially sensitive, the public disclosure of which would create a risk of injury to Mohawk's business.[1]

Pursuant to the terms of the Protective Order and Appendix H, Section II(J)(2)(e) of the Court's Local Rules, Lead Plaintiff (1) filed its Motion and related exhibits provisionally under seal and (2) concurrently moved to seal the Motion and certain exhibits that Defendants wish to maintain as confidential.  Defendants respectfully seek from this Court an Order permanently sealing unredacted versions of the Motion (Dkt. 100), along with Exhibits J, K, and L to the Browne Declaration (the "Exhibits") (Dkts. 100-7, 100-8, 100-9) (collectively, the "Unredacted Documents").  Defendants have filed with this response redacted versions of the

---

[1] Defendants have informed counsel for Lead Plaintiff that they are waiving the confidentiality designation as to Exhibit F to the Declaration of John C. Browne (Dkt. 101) (the "Browne Declaration"), and, therefore, do not object to the filing of that unredacted document on the public docket.

Exhibits that contain limited redactions to protect the confidential and proprietary information that strike a balance with the public right to access court documents. Defendants believe that the Motion, as filed by Lead Plaintiff on the public docket (Dkt. 100), is appropriately redacted to protect Mohawk's confidential commercial information.

## ARGUMENT

Although "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the integrity of the judiciary is maintained by the public's right of access to court proceedings," the public's right of access is not absolute, and may be overcome by a showing of good cause. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1309 (11th Cir. 2001)).  A good cause determination requires balancing the public right of access against the moving party's interest in keeping the information confidential.  *See Romero*, 430 F.3d at 1246; *see also* Fed. R. Civ. P. 26(c) (authorizing the trial court to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" upon a showing of good cause).  Good cause exists where, as here, "[a] party's privacy or

3

proprietary interest in information … overcomes the interest of the public in accessing the information." *Romero*, 430 F.3d at 1246 (internal citations omitted).

The Unredacted Documents contain confidential information that would place Mohawk at a significant commercial disadvantage if revealed publicly. Permanently sealing the Unredacted Documents would protect Mohawk's confidential commercial information from unnecessary exposure to competitors. *See Reid v. Viacom Int'l Inc.*, No. 1:14-CV-1252-MHC, 2016 U.S. Dist. LEXIS 195882 at *16-17 (N.D. Ga. Jan. 25, 2016) (granting a motion to seal when defendants' legitimate privacy and proprietary interests outweigh the public right of access) (internal citations omitted).

Exhibits J and L to the Browne Declaration each contain extensive internal discussion of specific Mohawk business segments, budget forecasts, profits and losses, and sales data. Accordingly, this information should be redacted when filed on the public docket. *See Reid* at *19 (sealing an email that revealed defendants' internal budget and the budgeting process for particular projects that constituted "highly confidential and sensitive information" which, if revealed publicly, could place defendants at a significant commercial disadvantage); *see also Flip Face U.S.A. v. V.*, No. 1:15-CV-883-MHC, 2017 U.S. Dist. LEXIS 229378, at *37 (N.D.

4

Ga. Mar. 9, 2017) (granting motion to seal information related to "… Plaintiffs' past, current, or future financial status or condition …").

Exhibit K to the Browne Declaration reveals Mohawk's business strategy, including specific market segments that Mohawk executives plan to target. Filing the redacted version of this exhibit is necessary to protect Mohawk's confidential business strategy from disclosure to competitors. *See Cooper Lighting v. Cordelia Lighting*, No. 1:16-CV-2669-MHC, 2018 U.S. Dist. LEXIS 244380, at *9 (N.D. Ga. Feb. 28, 2018) (permitting the redaction of a response to an interrogatory that describes which market segments are targeted by each company).

Although not dispositive, Defendants further note that the materials in the Exhibits are designated as Confidential and are therefore considered Protected Material under the Protective Order in this case (Dkt. 67). *See BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2016 U.S. Dist. LEXIS 196081 (N.D. Ga. Dec. 27, 2016) (granting a motion to seal in part because the excerpts of a brief and exhibits to the brief are designated confidential under a protective order).

Defendants are not requesting that any of the Exhibits at issue be filed fully under seal. Defendants are filing with this response redacted versions of the Exhibits, with the goal of finding a less onerous alternative to sealing the exhibits in their entirety. *See Romero*, 480 F.3d at 1246. The redacted versions of the Exhibits

5

strike a balance between Mohawk's interest in protecting its internal business strategy and the public right of access.

The redacted portions of the Motion, as filed by Lead Plaintiff on the public docket (Dkt. 100), reference the confidential commercial information contained in Exhibits J, K, and L to the Browne Declaration and should remain redacted for the reasons referenced above.  Defendants have no further additions to the redactions in the Motion as filed on the public docket.

## CONCLUSION

Given the confidential and commercially sensitive nature of the exhibits to be sealed, Defendants respectfully request the Court issue an Order permanently sealing unredacted versions of the Motion (Dkt. 100), along with Exhibits J, K, and L to the Browne Declaration (Dkts. 100-7, 100-8, 100-9).

Respectfully submitted this 6th day of July, 2022.

[SIGNATURES ON FOLLOWING PAGE]

6

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ William J. Holley, II*
William J. Holley, II
Georgia Bar No. 362310
Scott E. Zweigel
Georgia Bar No. 786616
303 Peachtree Street N.E.
Atlanta, Georgia 30308
Telephone: (404) 523-5300
Facsimile: (404) 522-8409
Emails: wholley@phrd.com
       szweigel@phrd.com

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC**

Richard D. Weinberg (*Appearing Pro Hac Vice*)
William C. Kinder (*Appearing Pro Hac Vice*)
565 Fifth Avenue
New York, New York 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494
Emails: rweinberg@maglaw.com
      wkinder@maglaw.com

*Counsel for Jeffrey S. Lorberbaum*

**ALSTON & BIRD**

*/s/ Robert R. Long*
Robert R. Long
Georgia Bar No. 141546
Elizabeth Gingold Clark
Georgia Bar No. 917979
Courtney E. Quirós
Georgia Bar No. 527069
Sierra P. Shear (*Appearing Pro Hac Vice*)
Charlotte M. Bohn
Georgia Bar No. 657525
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Emails: robert.long@alston.com
      elizabeth.clark@alston.com
      courtney.quiros@alston.com
      charlotte.bohn@alston.com
      sierra.shear@alston.com

*Counsel for Mohawk Industries, Inc.*

## <u>LOCAL RULE 7.1D CERTIFICATION</u>

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

*/s/ Robert R. Long*

Robert R. Long
Georgia Bar No. 141546

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of July, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to Counsel of Record.

This 6th day of July, 2022.

*/s/ Robert R. Long*
Robert R. Long
Georgia Bar No. 141546