# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOHAWK INDUSTRIES, INC. and JEFFREY S. LORBERBAUM,<br><br>Defendants. | Civ. A. No. 4:20-cv-00005-VMC |

## LEAD PLAINTIFF'S MOTION FOR ISSUANCE OF LETTER ROGATORY TO THE BELGIAN COURT OF FIRST INSTANCE OF ORIENTAL FLANDERS, DIVISION GHENT

Lead Plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff") moves the Court to issue, under its seal and signature, the attached Letter Rogatory to the Belgian Court of First Instance of Oriental Flanders, division Ghent. *See* Ex. A ("Letter Rogatory"). The Letter Rogatory seeks deposition testimony from Jan Vergote, an individual residing in Deinze, Belgium. As shown below, the evidence Lead Plaintiff seeks is highly relevant and—despite Lead Plaintiff's efforts—not obtainable by other means.

1

## BACKGROUND

This is a securities class action against Mohawk Industries and its Chief Executive Officer arising from lies that they told investors about the quality of Mohawk's Luxury Vinyl Tile ("LVT") and the reasons for its ballooning inventory. As demand for LVT soared and captured market share from more traditional flooring products like carpet, tile, and wood, categories in which Mohawk dominated, Mohawk scrambled to catch up to competitors who had moved more quickly to enter the LVT category. Mohawk purchased IVC Group ("IVC"), a Belgian flooring manufacturer with an LVT manufacturing facility in Dalton, Georgia. Doc. 37 ¶¶62-65.[1] Mr. Vergote was IVC's Chief Executive Officer.

Defendants touted the IVC acquisition as a measure that would allow them to meet the increased demand for LVT and provide Mohawk with a competitive advantage. *Id*. But as production in the Dalton facility ramped up, significant problems arose, with customers across many distribution channels rejecting the inferior and defective products being produced. Rather than come clean about those problems, Defendants falsely represented that the venture was going well—telling the market in its First quarter 2017 earnings call on April 28, 2017, the first day of

---

[1] All paragraph references are to the Consolidated Class Action Complaint for Violations of the Federal Securities Laws. Doc. 37.

the Class Period, that its LVT was "being well accepted across all channels" and that the Company was "selling" everything its manufacturing "capacity" allowed. *Id.* ¶¶67, 94. Defendants offered similar false assurances during the third quarter 2017 earnings call, with Lorberbaum telling investors that "Capacity limitations in . . . LVT . . . constrained our sales" and explained: "With LVT, we increased the capacity of our LVT through productivity initiatives, so we were selling all of it we could have." *Id.* ¶¶296-97.

In truth, and unbeknownst to investors, Mohawk's domestically produced LVT was riddled with defects and problems, causing the Company to struggle selling it as customers across several channels returned or refused to accept it. ███

███

███

███

███[2]

---

[2] When the Court denied Defendants' Motion to Dismiss the Complaint, it rejected Defendants' argument that Defendant Lorberbaum's statements that Mohawk's LVT was "being well accepted across all channels" that Mohawk was "selling all of" the LVT it "could have" and had "capacity constraints" were corporate puffery citing allegations that Mohawk experienced a high rate of defects in its LVT products as well as wide-spread customer complaints and returns. Doc. 60 at 39, 40.

Mr. Vergote was one of those executives. ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████[3]

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[3] For the Court's convenience, Lead Plaintiff has highlighted relevant language in documents produced by Defendants and deposition transcript excerpts that are submitted as exhibits to this Motion.

██████████████████████████████████████████████████
████████████████████████████████

In the second quarter 2018 earnings call on July 26, 2018, Defendants again repeated the misrepresentation that "our U.S. LVT sales growth was limited by capacity constraints" while omitting to disclose Mohawk's struggles to produce first-quality LVT. Doc. 37 ¶321. ████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████
████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

[page content redacted]

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████

In light of Mr. Vergote's close connection to the material facts of this case, Lead Plaintiff inquired on September 22, 2022 whether Defendants' counsel represented Mr. Vergote in this matter. When they stated that they do not, Lead Counsel contacted Mr. Vergote by email on October 7, 2022, requesting that he voluntarily appear for deposition. On October 28, 2022, Mr. Vergote's counsel at Dechert LLP responded that he is not willing to voluntarily sit for a deposition. The instant motion ensued.

## ARGUMENT AND CITATION OF AUTHORITY

**I.     This Court has the authority to issue letters rogatory.**

A letter rogatory is a formal written request sent by a United States court to a foreign court asking that a witness residing within that foreign court's jurisdiction either provide documents, a deposition, or both for use in a pending action. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) ("A letter

rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness."). Federal courts have authority to issue letters rogatory in civil cases. *See Luzzi v. ATP Tour, Inc.*, 2010 WL 746493, at *1 (M.D. Fla. Mar. 2, 2010) ("the court can . . . issue a letter rogatory" to "obtain depositions in a foreign country").

The decision whether to issue letters rogatory lies within the discretion of the district court. *Id.* "In considering whether to issue letters rogatory, this Court applies the liberal discovery principles contained in Rule 26(b)." *DHA Corp. v. BRC Operating Co.*, 2015 WL 13388248, at *1 (N.D. Ga. May 6, 2015). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained." *Barnes & Noble, Inc. v. LSI Corp.*, 2013 WL 812331, at *2 (N.D. Cal. Mar. 5, 2013).

Lead Plaintiff's use of a letter rogatory is the appropriate and sanctioned method for obtaining deposition testimony from Mr. Vergote. Where a witness is located in a nation, like Belgium, that is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, letters rogatory are particularly appropriate. *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, 2007 WL 1815472, at *1 (N.D. Cal. June 20, 2007) ("[T]he Taiwanese

lawyers were residents of a foreign nation that is not a signatory to the Hague Convention. Therefore, the appropriate method for requiring their appearance is the letter rogatory.").

Letters rogatory are also recognized by Belgian courts. Article 873 of the Belgian Judicial Code, last amended on 28 November 2021, provides that:

> The Court or the judge to whom a letter rogatory is addressed is obliged to execute it.
>
> However, unless international conventions provide otherwise, the execution of letters rogatory issued by foreign judicial authorities may only take place after having been authorized by the Minister of Justice or his delegate. Prior authorization 3 shall not be required where the letter rogatory is executed by the European Public Prosecutor or the Deputy European Public Prosecutors designated in accordance with Article 309/2.
>
> The Court of First Instance, the Labour Court or the Business Court appointed under the letters rogatory may designate a judge of equal or lower degree. (Translation in English).

Article 874 of the same Code adds: "Letters rogatory are addressed to a Court or judge of equal or lower degree." (Translation in English). In this respect, the Court of First Instance is, in the Belgian legal system, the ordinary court before which any claim must be filed in the absence of a provision to the contrary (Article 568 of the same Code). It is therefore a Court of equal or lower degree to the District Court. Belgian case-law recognizes that Belgian courts are bound to execute a letter rogatory issued in accordance with the aforementioned provisions, provided it has

9

been approved by the Belgian Minister of Justice (or his delegate) (*see, e.g.*, Belgian Supreme Court, Cass., 14 October 1992, *Pas.*, 1992, I, Nr. 665).

## II. Lead Plaintiff has satisfied the standard for the issuance of the letter rogatory.

As noted above, the proper inquiry for issuance of a letter rogatory is whether the discovery sought complies with Rule 26's "liberal discovery principles." *DHA Corp.*, 2015 WL 13388248, at *1. Rule 26 makes discoverable any information relevant to any claim or defense of any party, including information "reasonably calculated to lead to the discovery of admissible evidence," even if such information is not itself admissible. Fed. R. Civ. P. 26(b)(1).

The discovery sought is relevant to the claims and defenses in this litigation, easily satisfying Rule 26's liberal standard, for at least two reasons.

*First*, as set forth above, █████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

10

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████

    ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█

    *Second*, ████████████████████████████

████████████████████████████████████████

11



In sum, Mr. Vergote's testimony is highly relevant to Lead Plaintiff's claims. Among other things, Mr. Vergote is highly likely to have unique information concerning ███████████████████████████████████ ███████████████████████████████ These issues are plainly central to Lead Plaintiff's claims in this case.

Finally, the attached Letter Rogatory should be issued because Lead Plaintiff is unable to obtain the requested deposition testimony by any other means. As described above, although Lead Plaintiff attempted to obtain Mr. Vergote's testimony by requesting his voluntary participation, Mr. Vergote refused to sit for a deposition. Because Mr. Vergote resides in Deinze, Belgium, he is beyond the reach of this Court's compulsory subpoena power under the Federal Rules. Accordingly,

Lead Plaintiff must seek issuance of the attached Letter Rogatory in order to obtain his deposition testimony.  *See* Ex. A.

## CONCLUSION

For the reasons set forth above, Lead Plaintiff respectfully requests this Court to enter an Order granting this Motion, endorse the attached Letter Rogatory, and direct the Clerk to place the Court's seal upon them and return them to Lead Plaintiff for execution.

Dated:  November 11, 2022                                Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*

| | |
|---|---|
| H. Lamar Mixson | Jonathan D. Uslaner (admitted *pro hac vice*) |
| Georgia Bar No. 514012 | Richard D. Gluck (admitted *pro hac vice*) |
| Amanda Kay Seals | Lauren M. Cruz (admitted *pro hac vice*) |
| Georgia Bar No. 502720 | 2121 Avenue of the Stars |
| **BONDURANT MIXSON & ELMORE, LLP** | Los Angeles, California 90067 |
| 1201 West Peachtree Street NW, Suite 3900 | Tel: (310) 819-3470 |
| Atlanta, GA 30309 | jonathanu@blbglaw.com |
| Telephone: (404) 881-4100 | rich.gluck@blbglaw.com |
| Facsimile: (404) 881-4111 | lauren.cruz@blbglaw.com |
| mixson@bmelaw.com | |
| seals@bmelaw.com | -and- |
| | John C. Browne (admitted *pro hac vice*) |
| *Liaison Counsel for Lead Plaintiff Public Employees' Retirement System of Mississippi* | Michael M. Mathai (admitted *pro hac vice*) |
| | Robert Kravetz (admitted *pro hac vice*) |

13

John L. Davidson (admitted *pro hac vice*)
**DAVIDSON BOWIE, PLLC**
1062 Highland Colony Parkway
200 Concourse, Suite 275
Ridgeland, Mississippi 39157
Telephone: (601) 932-0028
jdavidson@dbslawfirm.net

*Additional Counsel for Lead Plaintiff Public Employees' Retirement System of Mississippi*

Alexander T. Payne (admitted *pro hac vice*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
johnb@blbglaw.com
michael.mathai@blbglaw.com
robert.kravetz@blbglaw.com
alex.payne@blbglaw.com

*Counsel for Lead Plaintiff Public Employees' Retirement System of Mississippi*

## **LOCAL RULE 7.1(D) CERTIFICATION**

The undersigned counsel certifies that this document has been prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (admitted *pro hac vice*)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 11th day of November, 2022, I caused the foregoing to be filed with the Clerk of Court using CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner
