# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOHAWK INDUSTRIES, INC. and JEFFREY S. LORBERBAUM,<br><br>Defendants. | Civ. A. No. 4:20-cv-00005-VMC |

**REQUEST FOR INTERNATIONAL JUDICIAL**
**ASSISTANCE (LETTER ROGATORY)**
**TO OBTAIN TESTIMONY FROM JAN VERGOTE**

The United States District Court for the Northern District of Georgia (the "Requesting Court") presents its compliments to the Belgian Court of First Instance of Oriental Flanders, division Ghent (the "Requested Court"), and, with the prior approval of the Belgian Minister of Justice or his delegate, respectfully requests international judicial assistance to obtain testimonial evidence from Mr. Jan Vergote—former President of Resilient Flooring at Mohawk Industries, Inc—who is domiciled in Belgium, Kleine Pontstraat, 3, at 9800 Deinze, to answer under oath the questions propounded by counsel for Lead Plaintiff Public Employees'

1

Retirement System of Mississippi in the Letter Rogatory, which is filed herewith as Schedule A to Annex A. The requested testimony is to be used in the civil action proceeding before the Requesting Court in the above captioned matter. The Requesting Court requests the assistance described herein as necessary in the interests of justice.

## I.    BACKGROUND

This request is made pursuant to Rule 4(f)(2)(B) of the Federal Rules of Civil Procedure; the All Writs Act, 28 U.S.C. § 1651 and 28 U.S.C. § 1781 (permitting the transmittal of letters rogatory through the district courts and the Department of State); and Article 873 of the Belgium Judicial Code. The United States District Court for the Northern District of Georgia is a competent court of law and equity that properly has jurisdiction over these proceedings. Article 873 of the Belgium Judicial Code provides that "[t]he Court or the judge to whom a letter rogatory is addressed is bound to execute it." Article 873 also specifies that "a letter rogatory issued by foreign judicial authorities may only take place after having been authorized by the Minister of Justice or his delegate."

This case is styled *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc.*, Civ. A. No. 4:20-cv-00005-VMC. On June 29, 2020, in this Court, Lead Plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), by and through its counsel, filed the Consolidated Class Action

Complaint For Violations Of The Federal Securities Laws ("Complaint") asserting claims against Mohawk Industries, Inc. ("Mohawk" or the "Company") and Mohawk's CEO, Jeffrey S. Lorberbaum ("Lorberbaum," and collectively with Mohawk, "Defendants"), under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of itself and all persons or entities who purchased or otherwise acquired the publicly traded common stock of Mohawk between April 28, 2017 and July 25, 2019 (the "Class Period").

Lead Plaintiff has asserted claims against Defendants alleging they made series of misrepresentations and omissions to investors concerning Mohawk's Luxury Vinyl Tile ("LVT") product, which concealed the poor quality and salability of Mohawk's U.S.-produced LVT, concealed Mohawk's lack of success in selling the U.S.-produced LVT to customers and channel partners, and concealed the true reason why Mohawk's unsold inventory was growing. The Complaint alleges that, while Defendants had told investors that Mohawk's LVT was "being well accepted across all channels" and that the Company was "selling" everything its manufacturing "capacity" allowed, in truth Mohawk's domestic LVT production line was flawed and producing large amounts of defective and unsalable LVT.

On September 29, 2021, the Requesting Court denied in part Defendants' motion to dismiss the Complaint. Following the Court's order, document discovery and oral discovery commenced and is ongoing.

## II.    NEED FOR DISCOVERY FROM JAN VERGOTE

Lead Plaintiff's request for testimony from Jan Vergote seeks evidence highly relevant to the claims and defenses in this case and is directed toward a set of narrowly-tailored issues, including evidence concerning: ███████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████.   The testimony identified in Schedule A is directed to these narrowly-tailored issues.

Lead Plaintiff has attempted to obtain this testimony by requesting that Jan Vergote participate in a voluntary deposition.  Jan Vergote has declined to do so.  In the proper exercise of its authority, the Requesting Court has determined that there are sufficient grounds to obtain the testimony sought through this Letter Rogatory, as the evidence sought is directly relevant to the issues to be determined by the Requesting Court, and such evidence cannot be secured elsewhere or otherwise without the intervention of the appropriate judicial authorities in Belgium.

## III.   ASSISTANCE REQUESTED

It appears to the Requesting Court that Mr. Jan Vergote resides within your jurisdiction.  The Requesting Court therefore respectfully requests that, in the interests of justice, you, by the proper and usual process of your Court, compel Mr.

Jan Vergote, former President of Resilient Flooring at Mohawk, domiciled in Belgium, Kleine Pontstraat, 3, at 9800 Deinze, to appear for a deposition (before you or before a person appointed and authorized by you) and answer under oath the questions propounded by counsel for Lead Plaintiff Public Employees' Retirement System of Mississippi – or alternatively, if examination by counsel is not granted, by the competent authority – in the attached Schedule A.

The Belgian Court of First Instance of Oriental Flanders, division Ghent is requested to serve the above-mentioned documents pursuant to Articles 923 ff of the Belgian Judicial Code by personal service into the hands of Jan Vergote or other person authorized to accept service on behalf of Jan Vergote or in any manner of service consistent with the laws of Belgium.

The testimony requested is not only relevant to discovery in the above captioned matter but is also necessary for trial and may be used by the parties at trial. The requested testimony is not otherwise attainable by the Requesting Court through its own compulsory processes. The evidence sought in Belgium through this request is necessary for the Requesting Court to do justice in this case.

## IV.   RECIPROCITY

This Court is willing to provide similar assistance to the judicial authorities of Belgium under appropriate circumstances and in appropriate instances.

## V.   REIMBURSEMENT FOR FEES AND COSTS

In advance of the requested deposition, Lead Plaintiff will deposit, if requested or required, with the clerk of the Requested Court a sum of money sufficient to cover the fees and costs of the deposition.

## ANNEX A

### Letter Rogatory

TO THE BELGIAN COURT OF FIRST INSTANCE
OF ORIENTAL FLANDERS, DIVISION GHENT

**Witness**

Jan Vergote
Kleine Pontstraat, 3,
B-9800 Deinze

**Witness's Counsel**

Steven B. Feirson
**DECHERT LLP**
Cira Centre, 2929 Arch Street, Philadelphia, PA 19104
United States of America
Telephone: +1 215 994-2489
steven.feirson@dechert.com

**Sender**

Jonathan D. Uslaner
State Bar No. 256898
**BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP**
2121 Avenue of the Stars
Los Angeles, California 90067
Telephone: +1 310 819-3472
jonathanu@blbglaw.com

As authorized by:
The Honorable Victoria M. Calvert
U.S. District Court Judge
United States District Court for
the Northern District of Georgia
United States of America

**Person to whom the executed Letter Rogatory is to be returned**

> Jonathan D. Uslaner
> State Bar No. 256898
> **BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP**
> 2121 Avenue of the Stars
> Los Angeles, California 90067
> Telephone: +1 310 819-3472
> jonathanu@blbglaw.com

**Date by which the requesting authority requires receipt of response to the Letter Rogatory:**

To allow the parties sufficient time to analyze the testimony for their use at

trial and in pretrial filings, a response to the Letter Rogatory is requested by January

15, 2023, or as soon thereafter as is reasonably possible.

**Requesting U.S. judicial authority:**

> The Honorable Victoria M. Calvert
> U.S. District Court Judge
> United States District Court for
> the Northern District of Georgia
> United States of America

**To the Belgian Court of First Instance of Oriental Flanders, division Ghent**

**Parties to case and case number:**

> Case name and number:  *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc.*, Civ. A. No. 4:20-cv-00005-VMC, United States District Court for the Northern District of Georgia.

> Lead Plaintiff: Public Employees' Retirement System of Mississippi

> Lead Plaintiff's Representative:

> > **BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP**
> > Jonathan D. Uslaner
> > Richard D. Gluck

Lauren M. Cruz
2121 Avenue of the Stars
Los Angeles, California 90067
Telephone: +1 310 819-3470
jonathanu@blbglaw.com
rich.gluck@blbglaw.com
lauren.cruz@blbglaw.com

John C. Browne
Michael M. Mathai
Robert Kravetz
Alexander T. Payne
1251 Avenue of the Americas
New York, New York 10020
Telephone: +1 212 554-1400
Facsimile: +1 212 554-1444
johnb@blbglaw.com
michael.mathai@blbglaw.com
robert.kravetz@blbglaw.com
alex.payne@blbglaw.com

**BONDURANT MIXSON & ELMORE, LLP**
H. Lamar Mixson (Georgia Bar No. 514012)
Amanda Kay Seals (Georgia Bar No. 502720)
1201 West Peachtree Street NW, Suite 3900
Atlanta, GA 30309
Telephone: +1 404 881-4100
Facsimile: +1 404 881-4111
mixson@bmelaw.com
seals@bmelaw.com

Defendant: Mohawk Industries, Inc.

Defendant's Representative:

**ALSTON & BIRD**
Robert R. Long, IV
Elizabeth Gingold Clark
Sierra P. Shear
Charlotte Bohn
Courtney E. Quirós

John Ludlow Latham
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: +1 404 881-7000
Facsimile: +1 404 881-7777
robert.long@alston.com
elizabeth.clark@alston.com
sierra.shear@alston.com
charlotte.bohn@alston.com
courtney.quiros@alston.com
jlatham@alston.com

Defendant: Jeffrey S. Lorberbaum

Defendant's Representative:

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC**
Richard D. Weinberg
William C. Kinder
565 Fifth Avenue
New York, NY 10017
Telephone: +1 212 880-9600
Fascimile: +1 212 856-9494
rweinberg@maglaw.com
wkinder@maglaw.com

**Judicial assistance to be performed:**

The testimony identified in Schedule A is necessary to determine facts relevant to Lead Plaintiff's claims of U.S. securities laws violations. For this reason, it is respectfully requested that the Belgian Court of First Instance of Oriental Flanders, division Ghent, compel Jan Vergote to provide deposition testimony requested in Schedule A. The requested testimony is intended for use in a civil trial and relevant to the claims and defenses in this case. In the proper exercise of its

authority, this Court has determined that the testimony described in Schedule A cannot be secured except by intervention of the Requested Court.  Nothing in this Court's request for assistance should be construed as requiring any person to violate any laws of Belgium.

Furthermore, this Court also understands that certain testimony produced or offered may be confidential.  The Protective Order entered in this case may be used to protect the confidentiality of any such testimony.  A copy of the Protective Order entered in this case is attached as Schedule B to Annex A.

**Purpose of judicial assistance:**

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

This letter has been issued based on the following criteria:

The discovery requested is relevant.

The evidence sought by the Letter Rogatory is necessary for trial and intended to be adduced at trial, if admissible.  This required evidence is relevant to the United States proceeding in that it is anticipated to be relevant to the claims.

The discovery requested does not violate the laws of civil procedure of Belgium.

The witness will be summoned by the Requested Court to provide the requested testimony pursuant to Belgian Law.

The Requesting Court is a Court of law before which the captioned matter is pending and has the power under its enabling statutes and rules to direct the taking of evidence abroad.

Pursuant to United States Federal Rule of Civil Procedure 28(b)(2), a deposition may be taken in a foreign country "under a letter of request, whether or not captioned a 'letter rogatory.'"  This Court has the authority to issue letters rogatory.  *See Luzzi v. ATP Tour, Inc.*, 2010 WL 746493, at *1 (M.D. Fla. Mar. 2, 2010) ("the court can . . . issue a letter rogatory" to "obtain depositions in a foreign country"); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) ("A *letter rogatory* is the request by a domestic court to a foreign court to take evidence from a certain witness.").  "In considering whether to issue letters rogatory, this Court applies the liberal discovery principles contained in Rule 26(b)."  *DHA Corp. v. BRC Operating Co.*, 2015 WL 13388248, at *1 (N.D. Ga. May 6, 2015).

The Requesting Court has considered the Motion for Issuance of Letter Rogatory (the "Motion") by Lead Plaintiff and has found that the evidence requested is well within the scope of the discovery sanctioned by the Federal Rules of Civil

Procedure and would be permitted in this action.  Accordingly, upon the Motion and finding good cause therefor, the Requesting Court has granted the Motion and now issues this Letter Rogatory.

**Requirement that the evidence be given under oath or affirmation and special form to be used:**

It would further the interests of justice if, by the proper and usual process of your Court, you summon Jan Vergote, former President of Resilient Flooring at Mohawk, before a person empowered under Belgian law to administer oaths and take testimony, to give testimony under oath or affirmation on the topics listed in Schedule A by questions and answers upon oral examination at a convenient location in Belgium.

**Special Procedures or Method to be Followed:**

The examination shall be conducted pursuant to the discovery rules as provided for in the Federal Rules of Civil Procedure of the United States, except to the extent such procedure is incompatible with the laws of Belgium.  This Court further requests: (1) that the examination be taken orally; (2) that the examination be taken before a stenographer selected by the Requested Court or, to the extent permitted by the Requested Court, selected by Lead Plaintiff and approved by the Requested Court; (3) that the stenographer be allowed to record a verbatim transcript of the examination; (4) that the witness be examined for a length of time to be determined by the Requested Court, but in any event no more than seven (7) hours;

(5) that the witness be examined as soon as possible; and (6) the above-mentioned U.S. counsel for Lead Plaintiff, and Belgium counsel retained by the parties, be permitted to participate in the examination, by attending the testimony of the witnesses either in person or by videolink.  In the event that the evidence cannot be taken according to some or all of the procedures described above, this Court requests that it be taken in such manner as provided by the laws of Belgium for the formal taking of testimonial evidence.

It would further the interests of justice if, by the proper and usual process of the courts of Belgium, Mr. Vergote be summoned to appear before a person empowered under Belgian law to administer oaths and take testimony and to give testimony under oath or affirmation on the topics listed in Schedule A by questions and answers upon oral examination at a convenient location in Belgium.

**Request for notification of the time and place for the execution of the Letter Rogatory and address of persons to be notified:**

The Requesting Court requests that notification of the time and place for execution of the Letter Rogatory be sent to the following representatives of the Requesting Court, the Requesting party, the witness, and Defendants in the action:

Requesting Court

Chambers of Hon. Victoria M. Calvert
2125 Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive, SW

Atlanta, GA 30303-3309
Phone: +1 404 215-1390

Lead Plaintiff Public Employees' Retirement System of Mississippi

Jonathan D. Uslaner
State Bar No. 256898
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
2121 Avenue of the Stars
Los Angeles, California 90067
Telephone: +1 310 819-3470
jonathanu@blbglaw.com

Rafaël Jafferali
Attorney-at-law (Brussels Bar)
**SIMONT BRAUN BV**
Louizalaan 250 (10)
B-1050 Brussel
Telephone: (02) 533 17 62
rj@simontbraun.eu

Witness Jan Vergote

Steven B. Feirson
**DECHERT LLP**
Cira Centre, 2929 Arch Street, Philadelphia, PA 19104
United States of America
Telephone: +1 215 994-2489
steven.feirson@dechert.com

Defendant Mohawk Industries, Inc.

Robert R. Long, IV
Elizabeth Gingold Clark
**ALSTON & BIRD**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: +1 404 881-7000
Facsimile: +1 404 881-7777
robert.long@alston.com
elizabeth.clark@alston.com

15

Defendant Jeffrey S. Lorberbaum

Richard D. Weinberg
William C. Kinder
**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC**
565 Fifth Avenue
New York, NY 10017
Telephone: +1 212 880-9600
Fascimile: +1 212 856-9494
rweinberg@maglaw.com
wkinder@maglaw.com

**Specification of privilege or duty to refuse to give evidence under the laws of Belgium:**

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his or her attorney that was communicated specifically for the purpose of obtaining legal advice and in respect of which privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges on grounds not applicable here also exist, such as communications between doctors and patients, husband and wife, and clergy and penitent. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation.

16

**Reimbursement of fees and costs incurred:**

In advance of the requested deposition, Lead Plaintiff will deposit, if requested or required, with the clerk of the Requested Court a sum of money sufficient to cover the fees and costs of the deposition.

**Reciprocity regarding Letter Rogatory:**

In the spirit of comity and reciprocity, the United States District Court for the Northern District of Georgia hereby requests international judicial assistance in the form of this Letter Rogatory to obtain the oral examination, under oath, of Jan Vergote on the topics set forth in the attached Schedule A.  This Court expresses its sincere willingness to provide similar assistance and to honor similar appropriate requests from Belgian Courts if future circumstances should require.

For the foregoing reasons, this Court hereby issues this Letter Rogatory authorizing the taking of oral evidence from Mr. Jan Vergote as follows:

**Testimony:**

If acceptable to the Court, (1) Mr. Vergote shall be required to sit for deposition as described herein; and (2) the Requested Court shall conduct the depositions allowing counsel for Lead Plaintiff to provide additional questions to the Requested Court as the deposition unfolds.

This Letter Rogatory is signed and sealed by Order of the Court made on the date set forth below.

Dated:_____              _____
                                     HON. VICTORIA M. CALVERT
                                     UNITED STATES DISTRICT JUDGE
[AFFIX SEAL OF COURT HERE]            United States District Court
                                     Northern District of Georgia
                                     75 Ted Turner Drive, SW
                                     Atlanta, GA 30303-3309


cc:    All Counsel of Record

# **SCHEDULE A**

## **TOPICS**















Confidential Treatment Requested by Mohawk Industries, Inc.

MHK-SEC-00129440







MHK-SCA-00036168



CONFIDENTIAL



CONFIDENTIAL



MHK-SCA-00036171





CONFIDENTIAL



CONFIDENTIAL

MHK-SCA-00036065







Confidential Treatment Requested by Mohawk Industries, Inc.





Confidential Treatment Requested by Mohawk Industries, Inc.





CONFIDENTIAL

MHK-SCA-00038626





CONFIDENTIAL



CONFIDENTIAL





Confidential Treatment Requested by Mohawk Industries, Inc.





Confidential Treatment Requested by Mohawk Industries, Inc.

## **SCHEDULE B**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

<table>
<tr>
<td>

PUBLIC EMPLOYEES' RETIREMENT
SYSTEM OF MISSISSIPPI, individually
and on behalf of all others similarly
situated,

               Plaintiff,

    v.

MOHAWK INDUSTRIES, INC. and
JEFFREY S. LORBERBAUM

             Defendants.

</td>
<td>

Civ. A. No. 4:20-cv-00005-ELR

</td>
</tr>
</table>

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff") and Defendants Mohawk Industries, Inc. ("Mohawk") and Jeffrey S. Lorberbaum (each of whom individually is referred to herein as a "Party," and collectively, the "Parties"), by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of sensitive personal information, trade secrets, competitively sensitive information, or confidential research, development, proprietary, or commercial information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order to govern the treatment of all documents, writings and things, electronically stored information ("ESI"), testimony, tangible materials, interrogatory answers, responses to requests for admission and any other discovery or disclosed information produced by the Parties in the above-captioned matter. The Parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated

Protective Order does not entitle them to file confidential information under seal; Section II(J) of Appendix H to the Local Civil Rules of the Northern District of Georgia and the Instructions for Cases Assigned to the Honorable Eleanor L. Ross set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. DEFINITIONS

    2.1  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

    2.2  "CONFIDENTIAL" Disclosure or Discovery Material: any Disclosure and/or Discovery Material, and any information copied or extracted therefrom, as well as copies, excerpts, summaries or compilations thereof, that any Producing Party designates as confidential that it believes in good faith contains legally protectable or otherwise personal, proprietary, or financial information that is confidential, information protected from disclosure by statute, sensitive personal information, trade secrets, competitively sensitive information, or confidential research, development, proprietary, or commercial information, the disclosure of which would, in the good-faith judgment of the Producing Party, be detrimental to the conduct of its business, the business of any of its customers or clients or its economic interests, in accordance with Federal Rule of Civil Procedure 26(c). All

Disclosure or Discovery Material so designated shall be handled in accordance with the terms of this Stipulated Protective Order.

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: any Producing Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" in accordance with the terms of this Stipulated Protective Order.

2.5 <u>Disclosure or Discovery Material</u>: all documents, writings and things, ESI, testimony, tangible materials, interrogatory answers, responses to requests for admission and any other discovery, as well as any other disclosed information, regardless of the medium or manner in which it is generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, and his/her staff or other associated personnel, retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>In-House Counsel</u>: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8　　Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action that is also a Designating Party.

2.9　　Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10　Party: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.11　Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12　Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13　Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14　Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

Stipulated Protective Order

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order or a breach of any other contractual, fiduciary, statutory, common law or other legal obligation of any person, including an obligation of non-disclosure, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Reasonable Efforts in Designating Material for Protection</u>. Each Producing Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" pursuant to this Stipulated Protective Order will make reasonable efforts to limit any such designation to specific material that qualifies under the appropriate standards, where reasonably feasible and commercially appropriate. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

5.2 <u>Manner and Timing of Designations</u>. Designation in conformity with this Stipulated Protective Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party place or affix the legend "CONFIDENTIAL" to each page that contains Protected Material in a manner which will not interfere with the legibility of the document. In the case of ESI produced in native format, the Producing Party shall include the word CONFIDENTIAL in the file or directory name or in a metadata field of a database load file. The Producing Party shall also affix the legend "CONFIDENTIAL" to the media containing the confidential ESI.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the

Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b) Parties or testifying persons or entities may designate all or portions of depositions and other pre-trial testimony "CONFIDENTIAL" by counsel indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony. All depositions shall be treated in their entirety as confidential for a period of thirty (30) days after receipt of the transcript of the testimony. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Stipulated Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases the court reporter shall be informed of this Stipulated Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulated Protective Order, substantially along the lines of: "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties."

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party place or affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) For information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the word "CONFIDENTIAL" in the answer or response.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate Disclosure or Discovery Material "CONFIDENTIAL" does not, waive or alter the Designating Party's right to secure protection under this Stipulated Protective Order for such material provided that the Producing Party notifies the Receiving Party, in writing, within a reasonable time after becoming aware that the Disclosure or Discovery Material was not properly designated. Such Disclosure or Discovery Material shall be subject to this Stipulated Protective Order as if it had been initially so designated. Treatment of inadvertently produced "CONFIDENTIAL" material in a manner inconsistent with this Stipulated Protective Order prior to notice of such inadvertent production is not a breach of this

Stipulated Protective Order.  If, prior to receiving such notice, the Receiving Party has disclosed the Disclosure or Discovery Material to persons or entities not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Disclosure or Discovery Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Disclosure or Discovery Material.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by not asserting a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party, in accordance with the Instructions for Cases Assigned to the Honorable Eleanor L. Ross, shall initiate the dispute resolution process by providing written notice of each specific document, by Bates number, it is challenging and describing the basis for the challenge as to each document.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance

with this specific Sub-section of the Stipulated Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring by telephone or in person within fourteen (14) days of the date of service of notice.  In accordance with the Instructions for Cases Assigned to Judge Ross, sending a written document, such as a letter, email, or fax is insufficient unless repeated attempts to confer by telephone or in person are unsuccessful due to the opposing parties' conduct.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3  <u>Judicial Intervention</u>. If the Parties or the Parties and a Non-Party cannot resolve a challenge without court intervention, the Parties or the Parties and a Non-Party shall electronically file on the docket a Consolidated/Joint Discovery Statement outlining their positions on each of the discovery items in dispute and

shall conform to the guidelines set forth in the Instructions for Cases Assigned to Judge Ross.

6.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules that the documents should no longer be designated as "CONFIDENTIAL," or the Designating Party withdraws such designation in writing.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and not in any other litigation or for any business or other purpose whatsoever.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.   When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party ***provided that*** the Receiving Party: (i) advise any such experts that the information is "CONFIDENTIAL" and may only be used in connection with this litigation; (ii) provide the expert with a copy of this Stipulated Protective Order; (iii) have that person execute an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A ("Acknowledgment and Agreement to Be Bound"); (iv) that a copy of such signed Acknowledgement and Agreement to Be Bound is retained by counsel for the Receiving Party making

disclosure to such experts; and (v) that any report created by such experts relying on or incorporating Protected Material in whole or in part shall be designated as "CONFIDENTIAL" by the Party responsible for its creation;

(d) the Court and its Personnel;

(e) mediators or arbitrators retained by either Party and their staff who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f) stenographers or court reporters who record testimony taken at any time or place in the course of this litigation or persons operating video recording equipment of and at such testimony and their respective staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) witnesses providing testimony during their depositions in this action. Pages of transcribed deposition testimony or exhibits used during depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) insurers of the parties, and counsel to such insurers as necessary for the prosecution or defense of this lawsuit; and

(j) the author, addressee, or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party having possession, custody or control of any Protected Material receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any Protected Material, but excluding requests made in connection with an inquiry by a governmental or regulatory authority, that Party must, to the extent permissible by applicable law and the rules and requirements of any relevant governmental or regulatory authority:

(a) promptly, and, in any event, within five (5) business days of such request, notify in writing the Designating Party;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

9.1     The terms of this Stipulated Protective Order also are applicable to information produced and designated as "CONFIDENTIAL" by a Non-Party in this action.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (a) promptly notify in writing the

Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the Non-Party.

9.3    If the Non-Party consents to production of the requested information within fourteen (14) days of receiving the notice and accompanying information or fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

9.4    For the avoidance of doubt, the provisions of Section 9 do not prevent all Parties from promptly providing all documents produced in this action by any

Non-Party pursuant to subpoena duces tecum to all other Parties in accordance with their obligations under the Federal Rules.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10.5   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1   The parties agree that this Stipulated Protective Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus if information subject to a claim of attorney-client privilege or attorney work product is nevertheless inadvertently produced, such production in itself, and without more, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other applicable privilege for withholding

production. The non-waiver of such privileges or protections shall apply to this action (including any appeal of this action), as well as to any other federal or state proceeding. If upon becoming aware of its inadvertent production of protected materials (hereinafter referred to as the "Identified Materials"), the Producing Party must promptly notify the Receiving Party of the Identified Materials and its intention to clawback those Identified Materials pursuant to the provisions contained in Section 11 of this Stipulated Protective Order, as soon as practical after the Producing Party first becomes aware of the Identified Materials.

11.2 If the Producing Party notifies the Receiving Party of the production of Identified Materials as provided in Section 11.1 hereof, the Identified Materials and all copies of those materials shall be returned to the Producing Party or destroyed or deleted, on request of the Producing Party within 5 (five) business days. However, if the Receiving Party moves the Court for an order compelling production under Section 11.6, and in camera review of the Identified Materials is ordered, the Producing Party shall submit a copy of such Identified Materials to the Court.

11.3 The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.

11.4   The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

11.5   If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

11.6   The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production in this action, unless the Producing Party knowingly fails to promptly notify the Receiving Party of the Identified Materials as provided in Section 11.1 hereof.

11.7   The stipulated agreement set forth in Section 11 and its subparts of this Stipulated Protective Order does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the attorney work product doctrine or any other potentially applicable privilege, doctrine or immunity.  This agreement also is not intended to waive or limit in any way either

party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

12.   MISCELLANEOUS

    12.1   Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   Right to Assert Other Objections. By stipulating to the entry of this Order no Party or Non-Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party or Non-Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

    12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Section II(J) of Appendix H to the Local Civil Rules of the Northern District of Georgia and the Instructions for Cases Assigned to the Honorable Eleanor L. Ross. Pursuant to Section II(J)(2)(d) of Appendix H to the Local Civil Rules of the Northern District of Georgia, a sealing order will issue only upon a request

establishing that the Protected Material at issue satisfies the necessary requirements governing sealing of documents reflected in controlling case law.  *See e.g. Romero v. Drummond Co.*, 480 F.3d 1234,1245-1248 (l lth Cir. 2007).  If a Party's request to file Protected Material under seal pursuant to a motion filed under Section II(J) of Appendix H to the Local Civil Rules of the Northern District of Georgia is granted in part, then that Party shall re-file the documents that have been approved for sealing within three (3) days in accordance with Section II(J)(2)(g) of Appendix H to the Local Civil Rules of the Northern District of Georgia.  If a party's motion to file under seal is denied, that Party shall re-file those documents not approved for sealing within three (3) days of the court's order in accordance with Section II(JX2)(h) of Appendix H to the Local Civil Rules of the Northern District of Georgia.

13.  FINAL DISPOSITION

Within ninety (90) days after the final disposition of this action, as defined in Section 4 of this Stipulated Protective Order, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same

person or entity, to the Designating Party) by the ninety (90) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

/s/ John C. Browne

John C. Browne (admitted *pro hac vice*)
Alexander T. Payne (admitted *pro hac vice*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
johnb@blbglaw.com
alex.payne@blbglaw.com

/s/ Robert R. Long

Robert R. Long
Georgia Bar No. 141546
Elizabeth Gingold Clark
Georgia Bar No. 917979
Courtney E. Quirós
Georgia Bar No. 527069
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Emails: robert.long@alston.com

-and-

Jonathan D. Uslaner (admitted *pro hac vice*)
Richard D. Gluck (admitted *pro hac vice*)
Lauren M. Cruz (admitted *pro hac vice*)
2121 Avenue of the Stars
Los Angeles, California 90067
Tel: (310) 819-3470
jonathanu@blbglaw.com
rich.gluck@blbglaw.com
lauren.cruz@blbglaw.com

*Counsel for Lead Plaintiff Public Employees' Retirement System of Mississippi and Lead Counsel for the Class*

/s/ H. Lamar Mixson
H. Lamar Mixson
Georgia Bar No. 514012
Amanda Kay Seals
Georgia Bar No. 502720
**BONDURANT MIXSON & ELMORE, LLP**
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111
mixson@bmelaw.com
seals@bmelaw.com

*Liaison Counsel for Lead Plaintiff Public Employees' Retirement System of Mississippi*

John L. Davidson (admitted *pro hac vice*)

elizabeth.clark@alston.com
courtney.quiros@alston.com

*Counsel for Mohawk Industries, Inc.*

William J. Holley, II
Georgia Bar No. 362310
Scott E. Zweigel
Georgia Bar No. 786616
**PARKER, HUDSON, RAINER & DOBBS LLP**
303 Peachtree Street N.E.
Atlanta, Georgia 30308
Telephone: (404) 523-5300
Facsimile: (404) 522-8409
Emails: wholley@phrd.com
szweigel@phrd.com

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC**
Richard D. Weinberg (*Appearing Pro Hac Vice*)
William C. Kinder (*Appearing Pro Hac Vice*)
565 Fifth Avenue
New York, New York 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494
Email: rweinberg@maglaw.com
wkinder@maglaw.com

*Counsel for Jeffrey S. Lorberbaum*

Stipulated Protective Order

**DAVIDSON BOWIE, PLLC**
1062 Highland Colony Parkway
200 Concourse, Suite 275
Ridgeland, Mississippi 39157
Telephone: (601) 932-0028
jdavidson@dbslawfirm.net

*Additional Counsel for Lead Plaintiff*
*Public Employees' Retirement System of*
*Mississippi*

**SO ORDERED,** this 16th day of November, 2021.

_____
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

Stipulated Protective Order