**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>MOHAWK INDUSTRIES, INC., and JEFFREY S. LORBERBAUM,<br><br>                    Defendants. | Civil Action File<br>No. 4:20-cv-00005-VMC |

**DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR
ISSUANCE OF LETTER ROGATORY TO THE BELGIAN COURT OF
<u>FIRST INSTANCE OF ORIENTAL FLANDERS, DIVISION GHENT</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local

Civil Rule 26.3, Defendants Mohawk Industries, Inc. ("Mohawk" or the

"Company") and Jeffrey S. Lorberbaum ("Lorberbaum"), by and through their

undersigned counsel, hereby submit their Opposition to Plaintiff's Motion.[1]

---

[1] Lead Plaintiff Public Employees' Retirement System of Mississippi is referred to herein as "Plaintiff." Lead Plaintiff's Motion for Issuance of Letter Rogatory to the Belgian Court of First Instance of Oriental Flanders, Division Ghent (Dkt. No. 108) is referred to herein as the "Motion."

## I.    INTRODUCTION

The Court should deny Plaintiff's eleventh-hour request to initiate the lengthy, expensive, and uncertain procedure to impose on a Belgian court the burden of holding a court-conducted deposition of non-party Jan Vergote, a Belgian citizen who resides in Belgium and whose tenure as an executive in Mohawk's Flooring Rest of World Division ended several years ago, and who had no role in preparing the disclosures at issue in the Amended Complaint, after the close of fact discovery on December 22, 2022.  This request to a Belgium court should not be taken lightly: Belgium is not a party to the Hague Evidence Convention and generally disfavors pre-trial discovery in civil litigation.  Plaintiff has not shown diligence in pursuing Mr. Vergote's deposition and offers no good cause to extend the fact discovery period, which has been open for more than a year.  Had Mr. Vergote's deposition really been necessary in Plaintiff's view, it certainly would not have waited until the end of the discovery period to start the lengthy and uncertain letters rogatory process—which ultimately may not even result in the deposition going forward or Plaintiff's counsel being able to ask the particular questions they wish.  This delay is itself an admission by Plaintiff that it does not need Mr. Vergote's deposition and that they should not be asking this Court to put such an imposition on a sister foreign court.

Plaintiff stated in discovery correspondence in February that it intended to depose Mr. Vergote, and has been aware since at least February 18, 2022 that Mr. Vergote no longer works for Mohawk and resides in Belgium. Yet Plaintiff waited over seven months to reach out to Mr. Vergote about consenting to a deposition, and then delayed another month—until November 11, 2022, just 26 business days before the close of fact discovery—to file the Motion. Moreover, the proposed Letter[2]— which ultimately offers only a handful of questions it wishes to ask Mr. Vergote following this complex and time-intensive international process—does not even request a response from the Belgian court until after the close of discovery, January 2023, knowing full well the process of securing his deposition will take months— perhaps many months—longer. Perhaps unsurprisingly, Plaintiff does not provide any real detail in their motion about the procedure required to impose upon the Belgian court or the true timetable that it would likely take to schedule a deposition in Belgium—if a Belgian court would even hold the kind of deposition Plaintiff seeks.

---

[2] Plaintiff's Request for International Judicial Assistance (Letter Rogatory) to Obtain Testimony from Jan Vergote is attached as Exhibit A to the Motion and is referred to herein as the "Letter."

3

Plaintiff has set forth no explanation for its failure to pursue Mr. Vergote's deposition during the more than year-long discovery period ordered by this Court. More importantly, in light of the imposition it asks this Court to impose on a sister court in a foreign country that is not a party to the Hague Evidence Convention, the late timing of their request, and resulting extension of fact discovery, Plaintiff ought to at least be able to explain to this Court why Mr. Vergote's deposition is necessary to its case. The reality is that it is not. Indeed, the questions to be asked in any deposition by the Belgian court that Plaintiff attaches to its proposed letters rogatory mainly seek to test Mr. Vergote's memory about discrete statements in emails sent or received by him several years ago in the off chance that, years later, he may be able to offer some additional embellishment on those written statements. Because the Motion fails to provide the good cause needed to justify extending the fact discovery deadline as required to take the deposition of Mr. Vergote and this Court imposing significant burdens on a foreign court that does not recognize this kind of civil discovery, the Motion should be denied.

## II.   DISCOVERY TIMELINE AND RELEVANT FACTS

### A.   The Parties Jointly Agreed to a December 22, 2022 Fact Discovery Cut-Off.

Fact discovery in this action began on November 12, 2021. (Dkt. No. 65-2). The parties' initial Joint Preliminary Report and Discovery Plan asked the Court to

set August 22, 2022 as the deadline to complete fact discovery, (Dkt. No. 65-2), which the Court did on November 16, 2021.  (Dkt. No. 66).

On April 8, 2022, the parties filed a joint motion to amend the scheduling order entered on November 16, 2021. (Dkt. No. 87).  The parties jointly requested, among other things, that the Court set December 22, 2022 as the deadline to complete all fact discovery, (*id*.), which the Court ordered on May 6, 2022.  (Dkt. No. 98).

Since November 12, 2021, the parties have engaged in substantial fact discovery.  Defendants have produced over 150,000 documents, provided written responses and objections to seventy-seven (77) requests for production of documents and eight (8) interrogatories, and Plaintiff has taken or scheduled eighteen (18) depositions.

**B.      Plaintiff Has Intended to Depose Mr. Vergote and Known that He Resides In Belgium Since Early February 2022.**

Defendants made their first production of documents involving Mr. Vergote on December 30, 2021, which included Exhibits B, D, E, and M to the Motion and certain other documents on which Mr. Vergote was sender or recipient.

Approximately one month later, on February 4, 2022, Plaintiff identified Mr. Vergote "as an individual whom it may use to support its claims" and informed Defendants that Plaintiff "intend[ed] to depose him." *See* Lead Plaintiff's February

5

4, 2022 Letter to Defendant at 2 ("Exhibit A"). In that letter, Plaintiff further described Mr. Vergote as "integrally involved in highly relevant discussions" related to Mohawk's LVT. *Id.*

In response, on February 18, 2022, Defendants explained that Mr. Vergote was the "Belgium-based former CEO of IVC Group," which became the vinyl sub-segment of Mohawk's Flooring ROW division after Mohawk acquired IVC in 2015. *See* Defendant's February 18, 2022 Letter to Lead Plaintiff, at 3 ("Exhibit B"). In a subsequent letter dated March 8, 2022, Defendants made clear that Mr. Vergote was based in Europe and that his primary responsibility was to oversee IVC Group's vinyl business, which operated in markets outside of North America. *See* Defendant's March 8, 2022 Letter to Lead Plaintiff, at 2 ("Exhibit C"). Defendants further explained the Amended Complaint focused exclusively on Mohawk's Flooring North America division. *Id.* And, appropriately, Plaintiff did not claim that Mr. Vergote had a central role related to drafting or approving the alleged misstatements at issue in the Amended Complaint. Nevertheless, Defendants agreed to add Mr. Vergote as a custodian at Plaintiff's request in March 2022. *Id.*

**C.    Plaintiff Waited Until Just Weeks Before the Close of Fact Discovery to File the Motion.**

Despite memorializing its intention to depose third-party Belgian citizen and resident Mr. Vergote in early February, Plaintiff waited until October 7, 2022 to

6

contact Mr. Vergote about sitting for a deposition, and another month to file the present Motion. Plaintiff waited all this time despite clear authority stating that Belgium is not a party to the Hague Evidence Convention and that asking this Court to impose on a foreign court like Belgium would necessarily be a complicated, lengthy, and ultimately uncertain process.

Now, briefing on the Motion will conclude on December 2, 2022, less than three (3) weeks before the close of fact discovery. And even if the Court ignored that Plaintiff's Motion is dilatory, the requested relief—that this Court should issue letters rogatory requesting that a Belgian court conduct the deposition before a judge in a courthouse there—is only the first in the multi-step, international process required before taking Mr. Vergote's deposition. The Letter and any accompanying documents, including the 134 pages of exhibits, must be translated into an official language of Belgium (Dutch, German, or French), delivered to the U.S. State Department by mail, and transmitted to Belgium via diplomatic channels, after which the transmitted materials must be directed to the appropriate Belgian court. Only after the Letter and accompanying materials arrive at the appropriate court in Belgium will that court even consider Plaintiff's request to take Mr. Vergote's deposition, and only should the Belgian court ultimately grant Plaintiff's request— which is far from certain—could the Belgian court schedule Mr. Vergote's

deposition.   The court itself—not Plaintiff's counsel—would likely ask the questions, which would likely be limited to the written questions Plaintiff attached to its proposed letters rogatory.  *See In re Vitamins Antitrust Litig.*, 120 F. Supp. 2d 45, 56-57 (D.D.C. 2000) ("Belgium generally disfavors pre-trial discovery in civil litigation" and requires even discovery sought by letters rogatory to be "specific and narrow and [] not breach fundamental rules of Belgium.").  According to the U.S. Department of State, this process "may take a year or more."[3]

## III.   LEGAL STANDARD

Whether to issue a letter rogatory is a matter of discretion for the court.  The request can be denied if there is a good reason to do so, such as if the process would

---

[3] U.S. Dep't of State, Bureau of Consular Affs., *Preparation of Letters Rogatory*, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (last visited Nov. 18, 2020) ("Execution of letters rogatory may take a year or more. Letters rogatory are customarily transmitted via diplomatic channels, a time-consuming means of transmission."); U.S. Dep't of State, Bureau of Consular Affs., *Service of Process*, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html (last visited Nov. 18, 2022) ("If the laws of the foreign country permit other methods of service, the use of letters rogatory is not recommended given the routine time delays of up to a year or more in execution of the requests."); *see also* U.S. Dep't of Just., Criminal Resource Manual § 275 (2020) ("Prosecutors should assume that the [letters rogatory] process will take a year or more.").

cause significant discovery delays. *Haarslev Inc. v. Nissen*, No. 5:19-CV-06128-BCW, 2022 U.S. Dist. LEXIS 201971, at *2-3 (W.D. Mo. Sept. 20, 2022).

Likewise, "Federal Rule of Civil Procedure 16(b)(1) requires that a district court judge 'must issue a scheduling order'" and that "scheduling order must limit the time to … complete discovery." *Insight Sec., Inc. v. Deutsche Bank Tr. Co. Ams.*, No. 21-12817, 2022 U.S. App. LEXIS 17794, at *17 (11th Cir. June 28, 2022) (citing Fed. R. Civ. P. 16(b)(3)(A)). A scheduling order "'may be modified only for good cause and with the judge's consent.'" *Id*. (citing Fed. R. Civ. P. 16(b)(4)). Where a party seeks a modification of the scheduling order, "it must satisfy Rule 16's good cause requirement" which "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id*.

## IV.   ARGUMENT

### A.   The Motion Should Be Denied Because the Letter Rogatory Process will Not Be Completed by the December 22, 2022 Fact Discovery Deadline.

The fact discovery cut-off is December 22, 2022—less than two (2) months from the date Plaintiff filed the Motion and less than three (3) weeks from the date briefing on the Motion is set to conclude. If the Motion is granted, the letter rogatory process will take months longer to complete, and perhaps as long as a year or more. *Cordeiro v. Alves*, No. 1:16-cv-23233-UU, 2017 U.S. Dist. LEXIS 235543, at *2

(S.D. Fla. Mar. 29, 2017) ("the Supreme Court has described the letters rogatory process as 'complicated, dilatory, and expensive'"); *see also* U.S. Dep't of State, Bureau of Consular Affairs, *Preparation of Letters Rogatory*, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (last visited Nov. 18, 2022) ("Execution of letters rogatory may take a year or more."). The Letter itself acknowledges that Mr. Vergote's deposition could not take place until well after the close of fact discovery, asking the Belgian court to respond by January 15, 2023—an unusually quick turnaround, particularly given the upcoming winter holidays observed in the United States and Belgium. Plaintiff never says why it believes that this deposition will go forward in January, nor does Plaintiff endeavor to explain to the Court the complications and uncertainties of the letters rogatory process involving a foreign court in a country that is not a party to the Hague Evidence Convention.

Moreover, the limited number and type of questions posed for Mr. Vergote— many of which focus on his recollection of emails sent more than four (4) years ago and seek only the possibility that Mr. Vergote may be able to offer some additional embellishment on the written words—weighs against granting this request to extend discovery. Plaintiff has not articulated why the testimony that it seeks from Mr.

Vergote is in any way necessary or central to its claims, especially when it has the written documents. For instance, under "No. 4" of the Letter, Plaintiff asks Mr. Vergote to recall what was meant by five (5) words in a March 5, 2017 email from Paul Murfin. (Dkt. 108-1). Given Plaintiff's crucial failure to explain to this Court why it needs this deposition such that the Court should put a significant burden on a sister foreign court to hold the deposition before a judge there, there is no reason to further expand already more than a yearlong fact discovery period.

**B.    Plaintiff Lacks Good Cause to Extend Discovery Because It was Not Diligent in Seeking the Discovery Requested in Its Motion.**

Good cause exists to deny the Motion because Plaintiff was not diligent in starting the letter rogatory process. In fact, Plaintiff's lack of diligence in pursuing this deposition—particularly while Plaintiff was surely on notice of the delays and uncertainty in the letters rogatory process—is effectively an admission by Plaintiff that Mr. Vergote's testimony is not necessary or important to its case. "A party's diligence can be determined by its attempts to gather relevant information during discovery, the timing of when the information became available, and how soon the party moved . . . after discovering the information." *Snadon v. SEW-Eurodrive, Inc.*, 859 F. App'x 896, 897 (11th Cir. 2021).

Plaintiff inexplicably waited ten (10) months from the time it memorialized its intent to depose Mr. Vergote in writing and was informed he resided in Belgium

11

to begin the letter rogatory process.  And at least four of the exhibits to the Motion were produced even earlier—on December 30, 2021.  *See* Motion Exs. B, D, E, M (Dkt Nos. 108-2, 108-4, 108-5, 108-13).  Plaintiff offers no explanation for why it could not—and did not—pursue a letter rogatory when it initially decided to take Mr. Vergote's deposition.  This delay demonstrates lack of diligence in pursuing the discovery Plaintiff now contends is critical and undermines any argument that the deposition is actually important to Plaintiff's case.

Courts routinely deny motions for letters rogatory that are filed too late to complete the requested discovery before the close of fact discovery.  Order Denying Motion for Issuance of Letters Rogatory at 2, *Exegi Pharma, LLC v. Roberto Pacifici*, No. 1:21-CV-2134-TWT (N.D. Ga. Nov. 15, 2022) ("That [Plaintiff] chose to begin what it knew to be more than a six-month process when there was not enough time left in fact discovery to complete that process is sufficient reason to deny the current request as untimely and likely to cause delay."); *Cordeiro*, 2017 U.S. Dist. LEXIS 235543, at *3-4 ("Defendant filed the instant Motion on March 23, 2017, which is less than one (1) month before the April 21, 2017 discovery cut-off in this case.  Defendant's decision to wait until the eve of the discovery cut-off to request letters rogatory seeking discovery from an entity in Geneva is inexcusable. This delay is more than enough, standing alone, to warrant denying Defendant's

Motion.") (citation omitted); *Seoul Semiconductor Co. v. Nichia Corp.*, 590 F. Supp. 2d 832, 835-36 (E.D. Tex. 2008) (denying motion for letter rogatory when requested discovery "will not be possible if the court grants Defendants' motion….An insufficient amount of time exists to depose Mr. Lapoux prior to the close of discovery set for November 21, 2008. Defendants' delay…indicates to the court that they may not be as important as Defendants claim."); *ROC Nation Ltd. Liab. Co. v. HCC Int'l Ins. Co.*, No. 19-Civ-554-PAE, 2020 U.S. Dist. LEXIS 106308, at *2-4 (S.D.N.Y. June 15, 2020) (denying motion for letter rogatory when requesting party had been "aware of the potential for international discovery" for months and failed to timely move for issuance of a letter rogatory); *see also Cardiovascular Sys. v. Cardio Flow, Inc.*, No. 0:18-cv-1253-SRN-KMM, 2020 U.S. Dist. LEXIS 200117, at *4-5 (D. Minn. May 6, 2020) (denying motion for issuance of letter rogatory when it was filed after the discovery deadline and the requesting party "should have started the process for deposing [the deponent] long ago"); *Reiss v. Societe Centrale Du Groupe Des Assurances Nationales*, 246 F. Supp. 2d 285, 287-89 (S.D.N.Y. 2003) (denying motion for letter rogatory because "it was Defendants' choice to be less than aggressive in securing the testimony . . . previously and it would unduly delay this proceeding to send new Letters Rogatory . . . at this point"); *Realty Execs. Int'l Servs. LLC v. Devonshire W. Can. Ltd*, No. CV-17-02671-PHX-DGC, 2019 U.S.

13

Dist. LEXIS 196422 , at *4 (D. Ariz. Nov. 13, 2019) (denying request to extend case schedule for good cause when requesting party filed motion for issuance of a letter rogatory only six weeks before close of discovery and the "issue [wa]s tied up in the Canadian courts").

Waiting nearly a year to initiate the lengthy, uncertain letters rogatory process for the court-conducted deposition of a witness residing in Belgium is not diligent, and Plaintiff's delay in seeking this discovery would not have waited until the last minute to initiate this lengthy process.

**C.    Good Cause Does Not Exist to Delay the Conclusion of Fact Discovery.**

As described above, granting the Motion would unduly delay the close of fact discovery, given the timing and uncertainty of the letters rogatory process between the United States and Belgium. *FEC v. Rivera*, No. 17-22643-Civ-COOKE/GOODMAN, 2021 U.S. Dist. LEXIS 258981, at *3 (S.D. Fla. Feb. 25, 2021) (denying request to extend fact discovery for purposes of taking a deposition because movant "has not provided good cause to explain why he was unable to depose [deponent] during the six months of additional time that the Court granted the Parties to complete fact discovery in this case."); *John Hancock Life Ins. Co. (USA) v. Andrews*, No. 1:15-CV-3715-WSD, 2015 U.S. Dist. LEXIS 169116, at *4 (N.D. Ga. Dec. 17, 2015) ("A district court is not obligated to extend the discovery

14

deadline, and may 'hold litigants to the clear terms of the scheduling order.'") (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011)).  The Court can and should deny the Motion for that reason alone.

Moreover, as detailed *supra*, Mr. Vergote's primary role at Mohawk was to oversee the vinyl sub-segment of Mohawk's ROW division.  Mohawk's ROW division is not at issue in the Amended Complaint.  Plaintiff does not contend—nor could it—that Mr. Vergote held a formal role in the preparation of the public statements at issue in the Amended Complaint.  Nor do the few questions posed in the Letter or the exhibits to the Motion, which reflect Mr. Vergote's occasional emails discussing the U.S. LVT plant show that his testimony is somehow essential to Plaintiff's case, particularly where Plaintiff's questions generally only seek any additional embellishment Mr. Vergote can offer on those emails, sitting in a deposition years later.

Accordingly, because Plaintiff has offered no good reason for its delay in pursuing a letter rogatory, the Motion should be denied.

Respectfully submitted this 25th day of November, 2022.

**ALSTON & BIRD LLP**

*/s/ Robert R. Long*

Robert R. Long
Georgia Bar No. 141546
Elizabeth Gingold Clark
Georgia Bar No. 917979
Courtney E. Quirós
Georgia Bar No. 527069
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Emails:  robert.long@alston.com
   elizabeth.clark@alston.com
   courtney.quiros@alston.com

*Counsel for Mohawk Industries, Inc.*

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/  William J. Holley, II*

William J. Holley, II
Georgia Bar No. 362310
Scott E. Zweigel
Georgia Bar No. 786616
303 Peachtree Street N.E.
Atlanta, Georgia 30308
Telephone: (404) 523-5300
Facsimile: (404) 522-8409
Emails: wholley@phrd.com
   szweigel@phrd.com

16

**MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO PC**

Richard D. Weinberg (*Appearing Pro Hac Vice*)
William C. Kinder (*Appearing Pro Hac Vice*)
565 Fifth Avenue
New York, New York 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494
Emails: rweinberg@maglaw.com
       wkinder@maglaw.com

*Counsel for Jeffrey S. Lorberbaum*

## LOCAL RULE 7.1D CERTIFICATION

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

/s/ Robert R. Long
Robert R. Long
Georgia Bar No. 141546

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of November, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to Counsel of Record.

This 25th day of November, 2022.

/s/ Robert R. Long
Robert R. Long
Georgia Bar No. 141546