**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

|  |  |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>MOHAWK INDUSTRIES, INC., and JEFFREY S. LORBERBAUM,<br><br>        Defendants. | CASE NO. 4:20-00005-VMC |

**DEFENDANTS' RESPONSE IN SUPPORT OF**
**LEAD PLAINTIFF'S MOTION TO SEAL**

Pursuant to Appendix H, Section II(J)(2)(e) of the Local Rules of the United States District Court for the Northern District of Georgia, Judge Victoria M. Calvert's Standing Order Regarding Civil Litigation, and the Stipulated Protective Order in this case ("Protective Order") (Dkt. 67), Defendants Mohawk Industries, Inc. ("Mohawk") and Jeffrey S. Lorberbaum (collectively, "the Defendants") respectfully submit this response in support of Lead Plaintiff Public Employees' Retirement System of Mississippi's ("Lead Plaintiff") Motion for Leave to Seal

Lead Plaintiff's Motion for Issuance of Letter Rogatory to the Belgian Court of First Instance of Oriental Flanders, Division Ghent (Dkt. 110) (the "Motion to Seal").

## INTRODUCTION

In connection with Lead Plaintiff's Motion for Issuance of Letter Rogatory to the Belgian Court of First Instance of Oriental Flanders, Division Ghent (the "Motion") (Dkt. 108), Lead Plaintiff filed under seal documents produced by Mohawk and designated as "Confidential" under the Protective Order entered in this action. (Dkts. 108-1, 108-2, 108-3, 108-4, 108-5, 108-6, 108-7, 108-8, 108-9, 108-10, 108-11, 108-12, and 108-13). The unredacted versions of these documents contain information that is proprietary and/or commercially sensitive, the public disclosure of which would create a risk of injury to Mohawk's business.

Pursuant to the terms of the Protective Order and Appendix H, Section II(J)(2)(e) of the Court's Local Rules, Lead Plaintiff filed its Motion and related exhibits provisionally under seal and concurrently moved to seal the Motion and certain exhibits that Defendants wish to maintain as confidential. Defendants respectfully seek from this Court an Order permanently sealing unredacted versions of the Motion (Dkt. 108), along with Exhibits A, C, D, E, F, G, H, I, J, K, L, and M to the Motion (the "Exhibits") (Dkts. 108-1, 108-3, 108-4, 108-5, 108-6, 108-7, 108-8, 108-9, 108-10, 108-11, 108-12, and 108-13) (collectively, the "Unredacted

2

Documents").[1]  Defendants have filed with this response redacted versions of the Exhibits that contain limited redactions to protect the confidential and proprietary information that strike a balance with the public right to access court documents. Defendants believe that the Motion and Exhibit A to the Motion, as filed by Lead Plaintiff on the public docket (Dkts. 108, 108-1), are appropriately redacted to protect Mohawk's confidential commercial information.

## ARGUMENT

Although the public has a general right of access to court proceedings, this right of access is not absolute and may be overcome by a showing of good cause. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1309 (11th Cir. 2001)). A good cause determination requires balancing the public right of access against the moving party's interest in keeping the information confidential.  *See Romero*, 430 F.3d at 1246; *see also* Fed. R. Civ. P. 26(c) (authorizing the trial court to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a

---

[1] Defendants have informed counsel for Lead Plaintiff that they are waiving the confidentiality designation as to Exhibit B to the Motion, and, therefore, do not object to the filing of that unredacted document on the public docket.

specified way" upon a showing of good cause).  Good cause exists where, as here, "[a] party's privacy or proprietary interest in information … overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.

The Unredacted Documents contain confidential information that would place Mohawk at a significant commercial disadvantage if revealed publicly.  Permanently sealing the Unredacted Documents, and allowing only redacted versions to appear on the public docket, would protect Mohawk's confidential commercial information from unnecessary exposure to competitors.  *See Reid v. Viacom Int'l Inc.*, No. 1:14-CV-1252-MHC, 2016 U.S. Dist. LEXIS 195882 at *16-17 (N.D. Ga. Jan. 25, 2016) (granting a motion to seal when defendants' legitimate privacy and proprietary interests outweigh the public right of access) (citations omitted).

Exhibits C, D, F, G, H, J, L, and M each contain comprehensive discussion of the development of Mohawk's unique luxury vinyl tile flooring product ("LVT"), including detailed explanations of how Mohawk's LVT is manufactured and how its U.S. LVT plant is operated.  Because Mohawk's LVT manufacturing process is commercially unique and the result of years of development, public disclosure of this information would seriously impair Mohawk's business, and this information should therefore be redacted when filed on the public docket.  *See Cooper Lighting v. Cordelia Lighting*, No. 1:16-CV-2669-MHC, 2018 U.S. Dist. LEXIS 244380 at

*10-11 (N.D. Ga. Feb. 28, 2018) (granting motion to seal in full an email chain containing confidential commercial information, including information regarding product development, which revealed the company's business strategies and was not related to public concerns); *Interra Int'l v. Al Khafaji*, No. 1:16-CV-1523-MHC, 2018 U.S. Dist. LEXIS 244404, at *9 (N.D. Ga. Jan. 26, 2018) (permitting redaction of exhibits containing highly sensitive product information, including specifications of a product under development).

In addition, Exhibits D, E, F, H, I, K, L and M each contain extensive internal discussion of specific Mohawk business segments, budget forecasts, profits and losses, and sales data. Accordingly, this information concerning Mohawk's "past, current, or future financial status or condition" should be redacted when filed on the public docket. *Flip Face U.S.A. v. Alexandria Moulding, Inc.*, No. 1:15-CV-883-MHC, 2017 U.S. Dist. LEXIS 229378, at *37-38 (N.D. Ga. Mar. 9, 2017) (granting motion to seal information regarding party's financial status or condition)*; see Reid,* 2016 U.S. Dist. LEXIS 195882, at *19 (sealing an email that revealed defendants' internal budget and the budgeting process for particular projects that constituted "highly confidential and sensitive information" which, if revealed publicly, could place defendants at a significant commercial disadvantage); *see also D.H. Pace Co. v. Aaron Overhead Door Atlanta LLC*, No. 1:17-CV-3430-MHC, 2020 U.S. Dist.

LEXIS 256898, at *8-10 (N.D. Ga. Feb. 12, 2020) (permitting redaction of exhibits revealing the profitability of business operations in certain geographic areas and internal benchmarks used to determine profitability).

Moreover, Exhibits E, F, H, I, and K reveal Mohawk's business strategy, including specific market segments that Mohawk executives plan to target.  Filing the redacted versions of these exhibits is necessary to protect Mohawk's confidential business strategy from disclosure to competitors.  *See Cooper Lighting*, 2018 U.S. Dist. LEXIS 244380, at *9 (permitting the redaction of a response to an interrogatory that describes which market segments are targeted by each company).

Finally, in addition to the categories of protected information discussed above, Exhibit D contains personally identifying information for a prospective Mohawk employee, who is not a party and is not related to this lawsuit.  As such, this exhibit should be redacted when filed on the public docket.  *See Allgood v. Paperlesspay Corp.*, No. 3:20-cv-516-MMH-MCR, 2021 U.S. Dist. LEXIS 168282, at *4-5 (M.D. Fla. Jun. 4, 2021) (allowing employee information, including address and prior employment history, to be filed under seal).

Although not dispositive, Defendants further note that the materials in the Exhibits are designated as Confidential and are therefore considered Protected Material under the Protective Order in this case (Dkt. 67).  *See BMO Harris Bank,*

*N.A. v. Richert Funding, LLC*, No. 1:15-cv-03886-AT-JKL, 2016 U.S. Dist. LEXIS 196081 (N.D. Ga. Dec. 27, 2016) (granting a motion to seal in part because the excerpts of a brief and exhibits to the brief are designated confidential under a protective order).

Defendants are not requesting that any of the Exhibits at issue be filed fully under seal. Defendants are filing with this response redacted versions of the Exhibits, with the goal of finding a less onerous alternative to sealing the exhibits in their entirety. *See Romero*, 480 F.3d at 1246. The redacted versions of the Exhibits strike a balance between Mohawk's interest in protecting its internal business strategy and the public right of access.

The redacted portions of the Motion and Exhibit A to the Motion, as filed by Lead Plaintiff on the public docket (Dkts. 108, 108-1), reference the confidential commercial information contained in Exhibits C, D, E, F, G, H, I, J, K, L, and M to the Motion and should remain redacted for the reasons referenced above. Defendants have no further additions to the redactions in the Motion or Exhibit A to the Motion as filed on the public docket.

## CONCLUSION

Given the confidential and commercially sensitive nature of the exhibits to be sealed, Defendants respectfully request the Court issue an Order permanently sealing

unredacted versions of the Motion (Dkt. 108), along with Exhibits A, C, D, E, F, G, H, I, J, K, L, and M to the Motion (Dkts. 108-1, 108-3, 108-4, 108-5, 108-6, 108-7, 108-8, 108-9, 108-10, 108-11, 108-12, and 108-13).

Respectfully submitted this 25th day of November, 2022.

[SIGNATURES ON FOLLOWING PAGE]

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ William J. Holley, II*
William J. Holley, II
Georgia Bar No. 362310
Scott E. Zweigel
Georgia Bar No. 786616
303 Peachtree Street N.E.
Atlanta, Georgia 30308
Telephone: (404) 523-5300
Facsimile: (404) 522-8409
Emails: wholley@phrd.com
         szweigel@phrd.com

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC**

Richard D. Weinberg (*Appearing Pro Hac Vice*)
William C. Kinder (*Appearing Pro Hac Vice*)
565 Fifth Avenue
New York, New York 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494
Emails: rweinberg@maglaw.com
         wkinder@maglaw.com

*Counsel for Jeffrey S. Lorberbaum*

**ALSTON & BIRD**

*/s/ Robert R. Long*
Robert R. Long
Georgia Bar No. 141546
Elizabeth Gingold Clark
Georgia Bar No. 917979
Courtney E. Quirós
Georgia Bar No. 527069
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Emails: robert.long@alston.com
         elizabeth.clark@alston.com
         courtney.quiros@alston.com

*Counsel for Mohawk Industries, Inc.*

9

## **LOCAL RULE 7.1D CERTIFICATION**

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

/s/ Robert R. Long
Robert R. Long
Georgia Bar No. 141546

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of November, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to Counsel of Record.

This 25th day of November, 2022.

/s/ Robert R. Long
Robert R. Long
Georgia Bar No. 141546