# Exhibit A

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

## ATTORNEYS AT LAW

NEW YORK  •  CALIFORNIA  •  ILLINOIS  •  LOUISIANA  •  DELAWARE

JONATHAN D. USLANER
JonathanU@blbglaw.com
(310) 819-3472

February 4, 2022

**VIA ELECTRONIC MAIL**

Elizabeth Gingold Clark
ALSTON & BIRD
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

>       Re:      *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc.*,
>                No. 4:20-cv-00005-ELR

Dear Counsel:

We write in response to Defendants' January 28, 2022 proposed list of search terms, Defendants' January 24, 2022 proposed list of custodians, and as a follow-up to the parties' January 31 meet-and-confer.

*Search Terms*: Your proposed list of search terms does not include necessary terms to ensure responsive documents are located. Lead Plaintiff has modified the proposal to ensure it captures the relevant material while also addressing Defendants' stated concerns. Lead Plaintiff's modifications are reflected in the attached Exhibit A. We expressly reserve the right to require the use of additional search terms not captured by the current version of Exhibit 1 based on further information learned in discovery.[1]

*Custodians*: Defendants have excluded from their custodian list individuals who are listed on Defendants' own Initial Disclosures as well as several other critical witnesses. Both of these exclusions are improper.

*First*, we understand from the parties' January 31 meet-and-confer that Defendants may be revising the list of witnesses named on their Initial Disclosures that are "likely to have discoverable information that [Defendants] may use to support their claims or defenses" in this action. Please

---

1 As stated in our prior correspondence, the application of search terms is not a substitute for a fulsome search to identify and produce responsive documents. Defendants must also conduct certain targeted searches without the use of search terms.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

February 4, 2022
Page 2

do so.  To the extent you are unwilling to do so, please ensure Defendants' list of custodians includes all Mohawk witnesses listed on Defendants' Initial Disclosures.  Please also confirm that Defendants will not seek to depose, call to testify at trial, or submit declarations from any Mohawk witness who is not included as a custodian.  To the extent you refuse to make this confirmation, any Mohawk individual whom Defendants intend to depose or call to testify at trial, or from whom Defendants intend to submit a declaration must be included as a custodian.

*Second*, Defendants' proposed custodian list excludes critical witnesses who need to be added, including the following individuals:

***Jan Vergote.***  As we explained during the parties' January 31 meet-and-confer, Lead Plaintiff has identified Jan Vergote as an individual whom it may use to support its claims and we intend to depose him.  Further, as we explained in our January 19, 2022 letter, during the Class Period, Mr. Vergote was tasked with "leading a special project to unify all of [Mohawk's] Flooring North America resilient resources in a single unit," given "P&L [Profit & Loss] responsibility for the entire resilient business" at Mohawk, and asked to "take necessary steps to enhance [Mohawk's] quality [and] production."  *See* MHK-SEC-00129440.  Mr. Vergote was also integrally involved in highly relevant discussions about the "regular complaints" received by Mohawk concerning its LVT, including how the product was "not functioning" and unacceptable. *See e.g.*, MHK-SEC-00053290.

***James F. Brunk.***  As Mohawk's former Senior Vice President (Corporate Controller) and Chief Administrative Officer during the Class Period, Mr. Brunk was required to and did certify the purported accuracy of Mohawk's financial statements at issue in this action under the Sarbanes Oxley Act, according to Defendants' recent interrogatory responses.  Defendants have specifically identified Mr. Brunk as an "individual likely to have discoverable information that [Defendants] may use to support their claims or defenses" in this action.  By Defendants' own account, Mr. Brunk is "[k]nowledgeable of, inter alia, Mohawk's Flooring North America business segment, including its LVT product; Mohawk's actual and expected performance and financial results; Mohawk's acquisition of IVC Group; Mohawk's production and inventory controls; and Mohawk's public disclosures regarding its products, including LVT."  The documents produced to-date confirm that Mr. Brunk was integrally involved in highly relevant discussion about the "obsolescence reserve for LVT inventory given the quality issues."  *See, e.g.*, MHK-SEC-00012571.

***John Sommers.***  As Mohawk's Senior Vice President during the Class Period, Mr. Sommers was required to and did certify the purported accuracy of Mohawk's financial statements at issue in this action under the Sarbanes Oxley Act, according to Defendants' recent interrogatory responses.  Defendants have specifically identified Mr. Sommers as an "individual likely to have discoverable information that [Defendants] may use to support their claims or defenses" in this action.  By Defendants' own account, Mr. Sommers is "[k]nowledgeable of, inter alia, Mohawk's Flooring North America business segment, including its LVT product, and Mohawk's production and inventory controls."  Mr. Sommers is also specifically discussed in the Complaint sustained by the Court in this matter.  *See* ¶¶ 178, 354.  The documents produced to-date confirm that Mr. Sommers was integrally involved in highly relevant discussions that "Jeff L … will be touring

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

February 4, 2022
Page 3

GHB late this afternoon and see how stuffed that building is" with inventory, *see, e.g.*, MHK-SEC-00119861, and that "nearly 20% of [Mohawk's] available LVT inventory" had been in inventory for 26-52 or more weeks as of June 2018, *see, e.g.*, MHK-SEC-00261574.

     ***Jeremy Tatum.***   Mr. Tatum was Mohawk's Director (Operations, Distribution, & Logistics) during the Class Period.  Defendants have specifically identified Mr. Tatum as an "individual likely to have discoverable information that [Defendants] may use to support their claims or defenses" in this action.  By Defendants' own account, Mr. Tatum is "[k]nowledgeable of, inter alia, Mohawk's Flooring North America business segment, including its LVT product, and Mohawk's production and inventory controls."  Mr. Tatum is also specifically discussed in the Complaint sustained by the Court in this matter and, as set forth in the Complaint, FE7 reported to Mr. Tatum.  *See* ¶¶ 128 n.14, 175, 210-12.  The documents produced to-date confirm that Mr. Tatum was integrally involved in highly relevant discussions about customer complaints concerning LVT quality, that "defective [LVT] material" being sent to customers was "common," and that "the customer should order overage to cover themselves. That's a problem."  *See, e.g.*, MHK-SEC-00021483.

     ***Amanda Clear Haynes.***   Ms. Haynes was Mohawk's Vice President of Finance (IVC) during the Class Period.  Defendants have specifically identified Ms. Haynes as an "individual likely to have discoverable information that [Defendants] may use to support their claims or defenses" in this action.  By Defendants' own account, Ms. Haynes is "[k]nowledgeable of, inter alia, Mohawk's Flooring North America business segment, including its LVT product; Mohawk's revenue recognition practices, and Mohawk's actual and expected performance and financial results."  As stated in the Complaint sustained by the Court in this matter, both FE9 and FE10 reported to Ms. Haynes.  *See* ¶¶ 138 n. 16, 143 n.17.  The documents produced to-date confirm that Ms. Clear Haynes was integrally involved in highly relevant discussions about the need "to drain the swamp again" at the end of the third quarter of 2017.  *See, e.g.*, MHK-SEC-00032554.

     ***April Chisum.***   As we explained during the parties' January 31 meet-and-confer, Ms. Chisum sent highly relevant emails on behalf of Mr. Lorberbaum as his executive assistant, even when Mr. Lorberbaum was not on the email.  *See e.g.*, MHK-SEC-00120010.

     Lead Plaintiff reserves the right to identify additional necessary custodians.  In this regard, you told us for the first time during the parties' January 31 meet-and-confer that the Company has no automatic retention for documents.  As such, the list of custodians may need to be adjusted if certain witnesses' documents were destroyed in the ordinary course.[2]

     Please confirm by February 9, 2022 that Defendants will conduct their searches using the search terms and search strings identified in Exhibit A across all of Lead Plaintiff's proposed

---

[2] For example, during the January 31 meet-and-confer, Defendants represented that Richard Owen's documents were destroyed in the ordinary course.  Please confirm that this representation was accurate.  To the extent Mr. Owen's documents are accessible, his documents need to be searched.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

February 4, 2022
Page 4

custodians.  If you refuse to perform the requested searches or include the requested custodians, please let us know your availability for a meet and confer on February 9 or 10.

Sincerely,

Jonathan D. Uslaner