# Exhibit D

| | |
|---|---|
| **From:** | Jonathan D. Uslaner <JonathanU@blbglaw.com> |
| **Sent:** | Friday, July 15, 2022 11:28 AM |
| **To:** | Clark, Elizabeth Gingold |
| **Cc:** | John Browne; Rich Gluck; Robert Kravetz; Michael Mathai; Lauren Cruz; Quiros, Courtney; Shear, Sierra; Weinberg, Richard; Long, Robert; Bohn, Charlotte; Kinder, William; William Holley; Scott Zweigel |
| **Subject:** | Re: Mohawk |

Elizabeth-

Please keep us posted on when we will receive the materials outlined in your email below, which we understand will also include the results of the searches of custodians' text/mobile communications. Once you investigate, please also let us know what specific searches of central files are performed or not performed, as well as when we should expect those files, so that we can evaluate whether any additional searches are needed and whether we have a dispute.

Regarding Defendants' refusal to search and produce relevant documents from IVC's centralized files in Belgium, Plaintiff continues to believe that this narrow category of documents—which, as explained in Plaintiff's July 7 email, is narrowed to just documents concerning the Company's US domestic LVT manufacturing and US domestic LVT product—is proportional to the needs of the case given the documents that have been produced to-date.  Though it is not clear why centrally maintained records or documents concerning LVT products and/or manufacturing would contain sensitive personal information (and Defendants make no attempt at such an explanation), Defendants raise the GDPR and unspecified privacy laws as among the reasons why this category of documents will not be produced.  However, Plaintiff believes that any such concerns could easily be addressed by the protective order or, if necessary, modifications thereto or agreed upon redactions.  That said, you suggest that the same information will be contained in the yet-to-be-produced Belgium custodians' documents.  Accordingly, we will accept that suggestion, and await their production to evaluate whether document searches of the IVC Belgian centralized files are necessary.  As we trust you would do, please ensure that the searches applied to the small number of Mohawk witnesses being searched in Brussels accounts for the language that they communicated in about relevant matters and any special code names or other specific terms they used to discuss the relevant matters. Plaintiff reserves all rights with respect to searches of IVC's central files in Belgium, which (as noted) we can address later, if (hopefully not) necessary.

Thank you.

Best Regards,

Jonathan

**Jonathan D. Uslaner**
**BLB&G**

1

Bernstein Litowitz Berger & Grossmann LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
T 310-819-3472 | jonathanu@blbglaw.com

On Jul 13, 2022, at 8:49 PM, Clark, Elizabeth Gingold <Elizabeth.Clark@alston.com> wrote:

**[External]**

Jonathan,

Thank you for your email. In addition to continuing rolling productions for the initial four custodians identified in Defendants' May 23 and June 16, 2022 letters, Defendants will utilize the search terms as amended Plaintiff's June 23 and 30 emails in searching the email data of the remaining five custodians that Plaintiff has requested—Joey Faircloth, Kevin Mitchum, Sam Thomas, Stijn Vermeulen, and Michel Vermette—and will continue making rolling productions of non-privileged, responsive documents that hit on those search terms. Defendants have now agreed to search all of the custodians with available email data requested by Plaintiff in its May 23, 2022 letter, for a total of 28 custodians.

With regard to non-email data, Defendants disagree with your suggestion that Mohawk search of these files is incomplete. As described in Defendants' March 30 letter and July 5 email, Mohawk has collected numerous categories of non-email documents, including for many of the documents that Plaintiff has requested in its July 7 email. For instance, Plaintiff asked for "quality audits" and "audits, inspections, or analysis of the U.S. LVT Plant," but Defendants already stated that they have collected, searched for, and produced responsive, non-privileged "internal audit reports." Likewise, Plaintiff asks for a search for documents concerning "customer returns," "customer claims," "inventory writedowns," and "chargeoffs," but Defendants have again stated that they already collected, searched for, and produced relevant, non-privileged "voluminous sales, returns, and accounting data." Plaintiff is also well aware, of course, that many of the requested categories of data/information were transmitted or otherwise discussed by email, and Mohawk has already produced thousands of emails concerning each of these topics. Thus, it is not clear why Plaintiff thinks an expanded search of Mohawk's "central files, shared drives, and databases, including the Company's general ledger, inventory management system, ERP system, order tracking system, and customer service and support system" is proportionate to the needs of the case, given that extent of the document production to which Defendants have agreed and the less than one month until the Court-ordered substantial completion deadline on August 12, 2022. Nevertheless, in the interest of compromise, Defendants will conduct a targeted search for the categories of non-email data listed in Plaintiff's July 7, 2022 email.

Finally, regarding IVC's "centralized files" in Belgium, conducting the search requested by Plaintiff would be overly burdensome and not proportionate to the needs of the case given the restrictions on the transmission of any personal information, including names and email addresses, imposed by the GDPR and European privacy laws, the substantial likelihood that the documents will not be of importance to Plaintiff's claims which are entirely focused on Flooring NA, and the numerous sources of data that Defendants have already agreed to produce, including the email data from four custodians based in Belgium.

We are happy to confer further if that would be helpful.

Best,

Elizabeth

Elizabeth Gingold Clark
**ALSTON & BIRD**
404.881.7132 (Office Tel)
401.573.9981 (Cell)

---

**From:** Jonathan D. Uslaner <JonathanU@blbglaw.com>
**Sent:** Thursday, July 7, 2022 7:35 PM
**To:** Clark, Elizabeth Gingold <Elizabeth.Clark@alston.com>
**Cc:** John Browne <JohnB@blbglaw.com>; Rich Gluck <Rich.Gluck@blbglaw.com>; Robert Kravetz <Robert.Kravetz@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Lauren Cruz <Lauren.Cruz@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Quiros, Courtney <Courtney.Quiros@alston.com>; Shear, Sierra <Sierra.Shear@alston.com>; Weinberg, Richard <RWeinberg@maglaw.com>; Long, Robert <Robert.Long@alston.com>; Bohn, Charlotte <Charlotte.Bohn@alston.com>; Kinder, William <wkinder@maglaw.com>; William Holley <wholley@phrd.com>; Scott Zweigel <szweigel@phrd.com>
**Subject:** RE: Mohawk

**EXTERNAL SENDER – Proceed with caution**

---

Elizabeth,

We have reviewed you email below.

Our understanding from your email is that you will be producing materials from the five custodians on a rolling basis and will promptly propose searches for the additional custodians whose documents were not destroyed.  Please propose what searches you will perform on the additional custodians identified by no later than July 13.

As to centralized files, it appears from your description that Mohawk has not yet performed a complete search of its central files, shared drives, and databases, including the Company's general ledger, inventory management system, ERP system, order tracking system, and customer service and support system.  Based on our review, there are several categories of information and data that have not been produced from Mohawk's shared drives, systems, centralized files, and databases.  We ask that you promptly conduct a thorough search and produce the documents and information from these sources concerning:

- the quality of LVT produced at the U.S. LVT Plant, including quality inspection reports, the results of quality audits, customer returns, customer claims, customer complaints, off-quality discounts or "hot buys," and inventory writedowns, reclassifications, or chargeoffs.
- Audits, inspections, or analyses of the U.S. LVT Plant, including assessments of plant performance and necessary process improvements.
- Inventory levels and production levels, relative to demand or forecasted demand, including documents or data showing any over-production.
- Results of monthly, quarterly, and yearly assessments of excess or obsolete inventory.
- Shipments of product before the original provided/requested delivery date and, in particular, instances where product was shipped or attempted for shipment in the quarter before it was originally planned/requested for shipment.

3

Please confirm by July 13 that Defendants will search for and produce the aforementioned categories of documents and information.

As to text messages, it is our understanding that you will be conducting the necessary searches of those for the witnesses; however, let us know by July 13 if otherwise. The limited text messages produced by non-party Brian Carson make plain that Mohawk employees communicated via text for work matters.

Finally, your email indicates that Mohawk refuses to search its centralized files in Brussels. That is not acceptable. Undertaking such a search would neither be unduly burdensome nor disproportional to the needs of the case, which involves billions of dollars of investor losses. Mohawk's production to-date reflects that IVC employees in Brussels (including Jan Vergote, Bernard Thiers, and Stign Vermeulen) were integrally involved in communications, analyzing, and attempting to address deficiencies in Mohawk's North American LVT production lines and consulted regularly with Defendant Lorberbaum and other high-level executives from Mohawk's Flooring North American divisions about these issues. To be clear, Lead Plaintiff is not requesting every document from IVC Brussels' central files that concern LVT or LVT manufacturing regardless of where that manufacturing took place. Rather, the scope of the requested search is limited to centralized documents and data that concern (i) Mohawk's North American LVT product, manufacturing, or production; and/or (ii) efforts to fix or improve Mohawk's North American LVT product or LVT manufacturing. We trust that this clarification resolves your concern. Please confirm by July 13 that Mohawk will search for and produce these documents from IVC Brussel's centralized files.

Best,
Jonathan


**Jonathan D. Uslaner**
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
T 310-819-3472| jonathanu@blbglaw.com

---

**From:** Clark, Elizabeth Gingold <Elizabeth.Clark@alston.com>
**Sent:** Tuesday, July 5, 2022 5:13 PM
**To:** Jonathan D. Uslaner <JonathanU@blbglaw.com>
**Cc:** John Browne <JohnB@blbglaw.com>; Rich Gluck <Rich.Gluck@blbglaw.com>; Robert Kravetz <Robert.Kravetz@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Lauren Cruz <Lauren.Cruz@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Quiros, Courtney <Courtney.Quiros@alston.com>; Shear, Sierra <Sierra.Shear@alston.com>; Weinberg, Richard <RWeinberg@maglaw.com>; Long, Robert <Robert.Long@alston.com>; Bohn, Charlotte <Charlotte.Bohn@alston.com>; Kinder, William <wkinder@maglaw.com>; William Holley <wholley@phrd.com>; Scott Zweigel <szweigel@phrd.com>
**Subject:** RE: Mohawk

**[External]**

---

Jonathan – Hope you had a nice holiday weekend.

Thank you for your additional modifications to the search terms, which have helped us moved towards identifying a reasonable number of documents that Defendants can review and produce prior to the August 12, 2022 deadline for substantial completion of document productions. Defendants anticipate continuing rolling productions of non-privileged, responsive documents that hit on the amended agreed-

upon search across the initial four custodians identified in Defendants May 23 and June 16, 2022 letters ("Four Custodians") promptly.

Utilizing these amended search terms per Plaintiff's June 23 and 30 emails, the search terms return approximately 40,000 documents across the Four Custodians. Defendants will also begin review and production of the responsive, non-privileged documents for Bernard Thiers, who was associated with IVC's Belgian operations and who Plaintiff has identified as its next highest priority custodian.  With these five additional custodians, Defendants have now agreed to 23 custodians and review of more than 130,000 documents.

For the remaining requested custodians, Defendants are still in the process of processing and testing the as-modified search terms across their data. This will not impede review and production of the initial Four Custodians and Mr. Theirs.  Defendants will promptly provide further information regarding the results of those searches when available.

Additionally, with respect to non-email sources of data, as previously stated in Defendants' March 30, 2022 letter, Defendants have not relied exclusively on search terms to identify documents responsive to Plaintiff's requests and have separately collected and searched non-email documents from centrally stored files including, but not limited to:

- Company policies and procedures;
- personnel files;
- calendars;
- notes;
- "earnings binders";
- Board and Committee materials;
- organizational charts;
- quarterly and monthly General Business Review reports;
- Daily Business Sales Reports;
- internal audit reports;
- analyst reports;
- insurance policies;
- and voluminous sales, returns, and accounting data, and produced non-privileged documents to Plaintiff's requests.

Finally, with respect to a search of "IVC Brussels" "central files," undertaking the requested search of international data would be unduly burdensome and not be proportionate to the needs of the case, which allegations focus *exclusively* on Mohawk's Flooring North America division ("FNA"), particularly when Defendants have already searched and produced documents from numerous FNA centrally-stored files.

As stated above, you will receive additional rolling productions in the near term, and are happy to confer further if that would be helpful.

Thanks,
Elizabeth


Elizabeth Gingold Clark
**ALSTON & BIRD**
404.881.7132 (Office Tel)

5

401.573.9981 (Cell)

---

**From:** Jonathan D. Uslaner <JonathanU@blbglaw.com>
**Sent:** Thursday, June 30, 2022 4:10 PM
**To:** Clark, Elizabeth Gingold <Elizabeth.Clark@alston.com>
**Cc:** John Browne <JohnB@blbglaw.com>; Rich Gluck <Rich.Gluck@blbglaw.com>; Robert Kravetz <Robert.Kravetz@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Lauren Cruz <Lauren.Cruz@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Quiros, Courtney <Courtney.Quiros@alston.com>; Shear, Sierra <Sierra.Shear@alston.com>; Weinberg, Richard <RWeinberg@maglaw.com>; Long, Robert <Robert.Long@alston.com>; Bohn, Charlotte <Charlotte.Bohn@alston.com>; Kinder, William <wkinder@maglaw.com>
**Subject:** RE: Mohawk

**EXTERNAL SENDER – Proceed with caution**

---

Elizabeth,

Our proposal of modifications to the previously-agreed upon search terms for the additional custodians is part of a global agreement that these searches will be run on all of the additional custodians we have identified and for which Mohawk has preserved documents – i.e., not just the four custodians.   With that understanding, below are additional proposed modifications that we are agreeable; again, so long as the searches are run across all of the additional, missing custodians.

| Agreed-upon Search Term | Proposed Modification |
|---|---|
| "product*" W/25 ("scrap" OR "fake" OR "defective")  AND (LVT* OR "Luxury Vinyl Tile" OR IVC*) | ("scrap" OR "defective" OR cor Tile" OR IVC*) |
| "revenue recognition" OR "RevRec" | ("revenue recognition" OR "Re |
| ("hit" OR "make" OR "meet" OR "need" OR short* OR "pressure*") W/3 ("quarter*" OR "budget" OR "target" OR "revenue*" OR "sale*" OR "profit*" OR "number") | REMOVE |
| (EOY OR "end of year" OR Saturday OR "end of quarter" OR EOQ OR "drain the swamp" OR push OR "pull* in")  AND ("ship*" W/15 ("return*" OR "refus*" OR "reject*" OR "earl*" OR "premature" OR "too soon")) | REMOVE |
| (EOY OR "end of year" OR Saturday OR "end of quarter" OR EOQ OR "drain the swamp" OR push OR "pull* in") AND ("Deliver*" W/15 ("closed" OR "reject*" OR "refuse*")) | REMOVE |

Please promptly produce the responsive documents, as well as ensure that Defendants are conducting the necessary searches of central files (both in the US and IVC Brussels), hardcopies, and text/IM messages, as discussed.

If you have additional modifications to any specific search strings, please let us know. If you have a broader opposition to running searches of the additional custodians or the sources noted above, please let us know immediately, so that we can proceed with raising this issue with the Court.

Thank you.

Best,
Jonathan


**Jonathan D. Uslaner**
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
T 310-819-3472| jonathanu@blbglaw.com

---

**From:** Clark, Elizabeth Gingold <Elizabeth.Clark@alston.com>
**Sent:** Wednesday, June 29, 2022 12:45 PM
**To:** Jonathan D. Uslaner <JonathanU@blbglaw.com>
**Cc:** John Browne <JohnB@blbglaw.com>; Rich Gluck <Rich.Gluck@blbglaw.com>; Robert Kravetz <Robert.Kravetz@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Lauren Cruz <Lauren.Cruz@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Quiros, Courtney <Courtney.Quiros@alston.com>; Shear, Sierra <Sierra.Shear@alston.com>; Weinberg, Richard <RWeinberg@maglaw.com>; Long, Robert <Robert.Long@alston.com>; Bohn, Charlotte <Charlotte.Bohn@alston.com>; Kinder, William <wkinder@maglaw.com>
**Subject:** RE: Mohawk

**[External]**

---

Jonathan –

Thank you for your continued willingness to negotiate revised search terms to help to move the parties toward identifying a reasonable number of documents that Defendants can review and produce prior to the August 12, 2022 deadline for substantial completion of document productions. Defendants' review of certain agreed-upon search terms across the initial four custodians identified in Defendants May 23 and June 16, 2022 letters ("Four Custodians") is underway.

Unfortunately, as reflected in the attached excel, even with the modifications proposed on June 23, the search terms still return 58,671 documents (family inclusive) across just the Four Custodians. Accordingly, running these terms across any additional custodians will result in an unreasonable volume of documents.

To further aid the parties in identifying a reasonable volume of documents for review, we have set forth below certain terms resulting in an unduly large number of hits and propose these terms be further refined or eliminated, particularly where they appear to be entirely related to the alleged Saturday Scheme or are very broadly worded:

- "product*" W/25 ("scrap" OR "fake" OR "defective")  AND (LVT* OR "Luxury Vinyl Tile" OR IVC*) [9,561 hits]

- ("hit" OR "make" OR "meet" OR "need" OR short* OR "pressure*") W/3 ("quarter*" OR "budget" OR "target" OR "revenue*" OR "sale*" OR "profit*" OR "number") [9,245 hits]

7

- "revenue recognition" OR "RevRec" [2,672 hits]

- (EOY OR "end of year" OR Saturday OR "end of quarter" OR EOQ OR "drain the swamp" OR push OR "pull* in")  AND ("ship*" W/15 ("return*" OR "refus*" OR "reject*" OR "earl*" OR "premature" OR "too soon")) [2,991 hits]

- EOY OR "end of year" OR Saturday OR "end of quarter" OR EOQ OR "drain the swamp" OR push OR "pull* in") AND ("Deliver*" W/15 ("closed" OR "reject*" OR "refuse*")) [7,533 hits]

If Plaintiff has further edits to the search terms, we are willing to run them again.  Of course, Defendants are willing to discuss alternative proposals to assist the parties to get to a reasonable, appropriate, and proportionate place.

Finally, for clarity's sake,  your statement below that certain witnesses' documents were "destroyed" is not correct.  As we have made clear in Defendants' previous correspondence, Andrew Kearton and Peter Le Roy were separated from Mohawk more than six months prior to the initial filing of this action and their emails were not retained after six months following their respective separations in accordance with Mohawk's document retention policy.

Please let us know if we should connect again on this after you've had a chance to digest. Happy to do so.

Thanks,
Elizabeth


Elizabeth Gingold Clark
ALSTON & BIRD
404.881.7132 (Office Tel)
401.573.9981 (Cell)

---

**From:** Jonathan D. Uslaner <JonathanU@blbglaw.com>
**Sent:** Thursday, June 23, 2022 7:30 PM
**To:** Clark, Elizabeth Gingold <Elizabeth.Clark@alston.com>
**Cc:** John Browne <JohnB@blbglaw.com>; Rich Gluck <Rich.Gluck@blbglaw.com>; Robert Kravetz <Robert.Kravetz@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Lauren Cruz <Lauren.Cruz@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Quiros, Courtney <Courtney.Quiros@alston.com>; Shear, Sierra <Sierra.Shear@alston.com>; Weinberg, Richard <RWeinberg@maglaw.com>
**Subject:** RE: Mohawk

**EXTERNAL SENDER – Proceed with caution**

---

Elizabeth:

We write further to our discussions.  As part of an overall compromise, for the searches of the remaining custodians, we would be agreeable to further narrowing and elimination of certain search terms that the parties previously agreed upon – see below chart for the searches we propose modifying.  We are agreeable to such narrowing of these previously-agreed upon searches to the extent that you are

8

agreeable to running these and the additional previously-agreed upon search strings on the custodians identified in our June 1 letter whose documents have not been destroyed.  We understand that your search and review is already underway for custodians Brunk, Haynes, Tatum, and Sheehan, and we understand that certain witnesses' documents were destroyed.  Following your review of those four custodians documents, we ask that you then prioritize the remaining custodians for which you have documents in the following order:  Thiers; Mitchum; Faircloth; Vermeulen; Chepalis; Sommers; Thomas; and Vermette.  Please also remember to conduct the necessary searches of central files (both in the US and IVC Brussels), hardcopies, and text/IM messages, as discussed.  Please confirm this is agreeable, and that you are promptly searching and reviewing the documents.  Thank you, and feel free to call with any questions or to discuss.

| Agreed-upon Search Term | Proposed Modification |
|---|---|
| financial* W/25 ("false" OR "fake" OR "fraud" OR "inflat*") | "financial*" w/5 ("false" OR "fak |
| ("increase*" OR "remove") W/5 ("material*" OR "goods" OR "scrap") | ("increase*" OR "remove") W/5 ( |
| ((8k OR 10k OR 10q OR "8-k" OR "10-k" OR "10-q") W/10 (draft* OR review* OR certif* OR publish* OR edit*)) AND (Mohawk OR mhk) | ((8k OR 10k OR 10q OR "8-k" O (Mohawk OR mhk) |
| ((recogn* W/5 revenue) OR "Rev recognition" OR "Rev Rec") W/15 (violat* OR fail* OR compl* OR procedur* OR polic* OR rule* OR standard* OR error* OR weakness* OR deficienc* OR fraud*) | REMOVE |
| (audit* OR test*) W/10 (LVT* OR "luxury vinyl tile" OR IVC*) | (audit* OR test* OR inspect*) W |
| dashboard AND (director OR Lorberbaum OR CEO) | dashboard AND (director OR Lo |
| (reserve* OR "write-off" OR "write-down" OR "bring down" OR accrual* OR "true-up" OR impair* OR "contra-asset" OR "contraasset") W/10 (LVT* OR "luxury vinyl tile" OR IVC* OR carpet) | (reserve* OR "write-off" OR "wr OR "contraasset") W/5 (LVT* O |
| "product*" W/25 ("scrap" OR "fake" OR "defective") | "product*" W/25 ("scrap" OR "f |
| (defect* OR flaw* OR unaccept* OR disast* OR damage* OR horribl* OR terribl* OR crap* OR suck* OR garbage OR embaras* OR insan* OR fiasco OR "not sellable" OR "not salable" OR unsalable OR unsellable OR shit) | REMOVE |
| "Deliver*" W/15 ("closed" OR "reject*" OR "refuse*") | (EOY OR "end of year" OR Satur "Deliver*" W/15 ("closed" OR "r |
| "Customer*" W/15 ("refuse*" OR "return*" OR "complain*") | "Customer*" W/15 ("refuse*" O |
| "ship*" W/15 ("return*" OR "refus*" OR "reject*" OR "earl*" OR "premature" OR "too soon") | (EOY OR "end of year" OR Satur ship* W/15 ("return*" OR "refu |

**Jonathan D. Uslaner**
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
T 310-819-3472| jonathanu@blbglaw.com

**From:** Clark, Elizabeth Gingold <Elizabeth.Clark@alston.com>
**Sent:** Tuesday, June 21, 2022 3:16 PM
**To:** Jonathan D. Uslaner <JonathanU@blbglaw.com>
**Cc:** Rich Gluck <Rich.Gluck@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Lauren Cruz <Lauren.Cruz@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Quiros, Courtney <Courtney.Quiros@alston.com>; Shear, Sierra <Sierra.Shear@alston.com>; Weinberg, Richard <RWeinberg@maglaw.com>
**Subject:** RE: Mohawk

[External]

Hi Jonathan –

Thanks for your email and hope you had a nice weekend as well.

As requested, attached please find separate hit reports for each of the four additional custodians identified in Defendants' May 23 and June 16, 2022 letters.  To further aid in the parties' analysis of these proposed additional custodians, we also attach an excel spreadsheet showing the total number of documents returning hits for all four custodians.

As you can see from the excel, just adding these four custodians would require Defendants to review approximately 80,000 additional documents (family-inclusive).  We do not believe this is reasonable, proportionate to the needs of the case, or makes any practical sense for any of the parties. We believe we can work together in good faith to find a path forward.

As discussed on our meet and confer call, eliminating and revising certain search terms may help to get the parties to a reasonable number of documents that could be reviewed and produced prior to the substantial completion date.  For example, the below term appears to be aimed at production of documents related to allegations regarding Mohawk's carpet quality.  This term draws more than 4,000 document hits de-duped across the 4 custodians.  We think this term could be eliminated at this stage of the review.

- (defect* OR flaw* OR unaccept* OR disast* OR damage* OR horribl* OR terribl* OR crap* OR suck* OR garbage OR embaras* OR insan* OR fiasco OR "not sellable" OR "not salable" OR unsalable OR unsellable OR shit) W/15 (carpet) [4,094 hits]

Another example is the below term that appears to be related to the alleged Saturday Scheme, but is very broad:

- "Deliver*" W/15 ("closed" OR "reject*" OR "refuse*") [12,573 hits]

If Plaintiff felt this term or others were not necessarily priority terms, we could reduce the document set by eliminating. Please let us know your view on any priority search terms you wish to keep and which could be set aside.

There are also some search terms that could be modified to be more specific and targeted, which would also hopefully reduce the number of hits and reduce the unreasonable burden.  Below are a couple examples of these.

- "product*" W/25 ("scrap" OR "fake" OR "defective") [17,118 hits]
- "Customer*" W/15 ("refuse*" OR "return*" OR "complain*") [9,514 hits]

10

We welcome Plaintiff's further thoughts regarding how the parties can coordinate to arrive at a list of additional custodians and documents that can realistically be reviewed and produced in light of the upcoming deadline without creating unnecessary burden.  We are happy to run iterative hit reports if that would be helpful for the parties to get to a reasonable, appropriate, and proportionate place.

Please let us know if we should connect on this after you've had a chance to digest.

Thanks,
Elizabeth


Elizabeth Gingold Clark
**ALSTON & BIRD**
404.881.7132 (Office Tel)
401.573.9981 (Cell)

---

**From:** Jonathan D. Uslaner <JonathanU@blbglaw.com>
**Sent:** Tuesday, June 21, 2022 12:23 PM
**To:** Clark, Elizabeth Gingold <Elizabeth.Clark@alston.com>
**Cc:** Rich Gluck <Rich.Gluck@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Lauren Cruz <Lauren.Cruz@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>
**Subject:** Mohawk

**EXTERNAL SENDER – Proceed with caution**

---

Elizabeth – I hope you had a nice weekend. During the last meet-and-confer, we discussed your sending to us the unique hit counts for the search terms.  Please send that over today, which will allow us to make suggestions.   Thanks.

Best,
Jonathan

**Jonathan D. Uslaner**
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
T 310-819-3472| jonathanu@blbglaw.com

---

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.