# EXHIBIT 2

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MOHAWK INDUSTRIES, INC. and JEFFREY S. LORBERBAUM,<br><br>    Defendants. | Civ. A. No. 4:20-cv-00005-VMC |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE OF THE SETTLEMENT**

WHEREAS, a consolidated securities class action is pending in this Court entitled *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc., et al.*, Civil Action No. 4:20-cv-00005-VMC (the "Action");

WHEREAS, on November 28, 2022, the Court issued an Order certifying a class consisting of all persons or entities who purchased or otherwise acquired publicly traded common stock of Mohawk Industries, Inc. ("Mohawk") during the period from April 28, 2017 through July 25, 2019, inclusive (the "Class Period"), and who were damaged thereby (the "Class");[1]

---

[1]  Excluded from the Class are: (i) Defendants; (ii) the Officers and directors of Mohawk at all relevant times; (iii) members of the Officers' or directors' Immediate

WHEREAS, (a) lead plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and the Class; and (b) defendants Mohawk and Jeffrey S. Lorberbaum (together, "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated January 13, 2023 (the "Stipulation"), subject to the approval of the Court (the "Settlement");

WHEREAS, Lead Plaintiff has made a motion under Rule 23(e)(1) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement in accordance with the Stipulation and authorizing notice of the Settlement to Class Members as more fully described below;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

---

Families and their legal representatives, heirs, agents, affiliates, successors, or assigns; (iv) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (v) any entity in which Defendants or their Immediate Families have or had a controlling interest. Also excluded from the Class are any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Parties and each of the Class Members, and the Court retains jurisdiction to consider all further applications arising out of the proposed Settlement.

2.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, in accordance with Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

3.    **Settlement Hearing** – The Court will hold a settlement hearing ("Settlement Hearing") on _____ __, 2023, at _:__ _.m. either in Courtroom 2105 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303-3309, or by telephone or videoconference (in the discretion of the Court) for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally

approved by the Court; (b) to determine whether a Judgment that shall, among other things, provide for the dismissal of the Action with prejudice, should be entered; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 5 of this Order.

4.    The Court may adjourn the Settlement Hearing or decide to hold the Settlement Hearing telephonically or by videoconference without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

5.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

4

(a)     within seven (7) business days of the date of entry of this Order, Mohawk shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names, mailing addresses, and, if available, email addresses) of the record purchasers of Mohawk common stock during the Class Period;

(b)     not later than twenty (20) business days after the date of entry of this Order (such date that is twenty (20) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail, or emailed, to potential Class Members, at the addresses set forth in the records provided or caused to be provided by Mohawk, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, www.MohawkIndustriesSecuritiesLitigation.com, from which copies of the Notice and Claim Form can be downloaded;

(d)   not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)   not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

6.     **Approval of Form and Content of Settlement Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 5 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided under the Stipulation), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to exclude themselves from

6

the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

7. **<u>Nominee Procedures</u>** – Brokers and other nominees who purchased or otherwise acquired Mohawk common stock during the Class Period for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims

Administrator with proper documentation supporting the expenses for which reimbursement is sought.    Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

8.    **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.    Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.    No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

9.    **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.    Unless the Court orders otherwise, all Claim Forms must be submitted either by email or online.  If submitted by mail, the Claim Form must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date, addressed to Mohawk Industries Securities Litigation, c/o JND

Legal Administration, PO Box 91096, Seattle, WA 98111.  If submitted online at www.MohawkIndustriesSecuritiesLitigation.com,  the  Claim  Form  must  be submitted no later than one hundred and twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

10.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be

9

complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11.    Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and the Notice.   Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 9 above.

12.    **<u>Exclusion From the Class</u>** – Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be ~~mailed~~<u>submitted either by mail</u> or ~~delivered such that it is received~~<u>email</u> no later than twenty-one (21) calendar days prior to the Settlement Hearing~~, to:  *Mohawk Industries Securities Litigation,*~~

EXCLUSIONS, c/o JND Legal Administration, PO Box 91096, Seattle, WA 98111, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc., et al.*, Civil Action No. 4:20-cv-00005-VMC (N.D. Ga.)"; (iii) state the number of shares of Mohawk common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on April 28, 2017, and (B) purchased/acquired and/or sold during the Class Period, as well as the date, number of shares, and price of each such purchase/acquisition and sale transaction; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. If submitted by mail, the request for exclusion must be postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing, addressed to: *Mohawk Industries Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, PO Box 91096, Seattle, WA 98111. If submitted by email, the request for exclusion must submitted no later than twenty-one (21) calendar days prior to the Settlement Hearing, emailed to info@MohawkIndustriesSecuritiesLitigation.com, JonathanU@blbglaw.com, and Robert.Long@alston.com. A request for exclusion shall not be effective unless it provides all the required information and is receivedsubmitted within the time stated

11

above or is otherwise accepted by the Court. Lead Counsel is authorized to request from any person or entity requesting exclusion additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Mohawk common stock.

13. Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

14. Any Class Member that does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and the Notice.

15.     **Appearance and Objections at Settlement Hearing** – Any Class Member that does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Lead Counsel and Representative Defendants' Counsel, as defined herein, at the addresses set forth in paragraph 16 below, ~~such that it is received~~ no later than twenty-one (21) days before the Settlement Hearing.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

16.     Any Class Member that does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for an award of attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Representative Defendants'

13

Counsel at the addresses set forth below ~~such that they are received~~ no later than twenty-one (21) days before the Settlement Hearing.

| **Lead Counsel** | **Representative Defendants' Counsel** |
|:---:|:---:|
| Bernstein Litowitz Berger & Grossmann LLP | Alston & Bird LLP |
| Jonathan D. Uslaner, Esq. | Robert R. Long, Esq. |
| 2121 Avenue of the Stars, Suite 2575 | 1201 West Peachtree Street |
| Los Angeles, CA 90067 | Atlanta, GA 30309-3424 |

In addition, any objections must also be emailed to Lead Counsel and Representative Defendants' Counsel at ~~settlements~~JonathanU@blbglaw.com and robert.long@alston.com by no later than twenty-one (21) days before the Settlement Hearing.

17.    Any objections, filings, and other submissions by the objecting Class Member: (a) must identify the case name and docket number, *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc., et al.*, Civil Action No. 4:20-cv-00005-VMC (N.D. Ga.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) must include documents sufficient to prove membership in the Class, including the number of shares of Mohawk common

14

stock the objecting Class Member (A) held as of the opening of trading on April 28, 2017, and (B) purchased/acquired and/or sold during the Class Period, as well as the date, number of shares, and price of each such purchase/acquisition and sale transaction.  The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Lead Counsel is authorized to request from any objector additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Mohawk common stock.

18.    Any Class Member who or which does not make his, her, or its objection in the manner provided herein may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the

15

requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

19. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff and all other members of the Class from commencing or prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

20. **Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Action and of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

21. **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16

22.    **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the Parties' agreement in principle on December 13, 2022, as provided in the Stipulation.

24.    **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement

17

(including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

18

or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted under the Stipulation or otherwise to enforce the terms of the Settlement.

25.   **Supporting Papers** – Lead Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this _____ day of _____ 2023.

_____
The Honorable Victoria M. Calvert
United States District Judge