# EXHIBIT 4

**Exhibit 1**
~~Exhibit 1~~

JND Legal Administration

Dear Potential Class Member:

You have been identified as a potential current or former investor in Mohawk Industries, Inc. common stock. Enclosed is a Notice about the settlement of a class action lawsuit called *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc., et al.*, No. 4:20-cv-00005-VMC, which is pending in the United States District Court for the Northern District of Georgia (the "Court"). You may be eligible to claim a payment from the settlement, or you may want to act on other legal rights. Important facts are highlighted below and explained in the Notice.

| **Mohawk Industries, Inc. Securities Class Action Settlement** |
| --- |

- **Security:**  Mohawk Industries, Inc. ("Mohawk") common stock (CUSIP: 608190104).

- **Time Period:**  Mohawk common stock purchased or otherwise acquired from April 28, 2017 through July 25, 2019, inclusive.

- **Settlement Amount:**  $60 million for investors (approximately $0.94 per share if claims are submitted for each damaged share).

- **Reasons for Settlement:**  Avoids costs, risks, and delays from continuing the lawsuit; pays money to damaged investors; and releases Defendants Mohawk and Jeffrey S. Lorberbaum from liability.

- **If the Case Had Not Settled:**  The case would continue to summary judgment and, if not disposed at that stage, to trial. The Parties do not agree on the amount of damages that would be recoverable if Lead Plaintiff were to prevail at trial. Defendants do not agree that they violated the federal securities laws or that, even if liability could be established, any damages were suffered by any members of the Class as a result of their alleged conduct.

- **Attorneys' Fees and Expenses:**  Court-appointed lawyers for investors will ask the Court for up to $16 million (approximately $0.25 per share if claims are submitted for each damaged share), to be paid out of the Settlement Fund, as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- **Deadlines:**

    o **Claims:** [_____], 2023.

    o **Exclusions:** [_____], 2023.

    o **Objections:** [_____], 2023.

    o **Court Hearing on Fairness of Settlement:** [_____], 2023.

- **More Information:** www.MohawkIndustriesSecuritiesLitigation.com; or

*Claims Administrator:*

**877-415-0648**
**info@MohawkIndustriesSecuritiesLitigation.com**

Mohawk Industries Securities Litigation
c/o JND Legal Administration
PO Box 91096
Seattle, WA 98111

*Lawyers for Investors:*

**800-380-8496**
**settlements@blbglaw.com**

Jonathan D. Uslaner, Esq.
Bernstein Litowitz Berger &
  Grossmann LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067

Get more details in the enclosed Notice from the United States District Court for the Northern District of Georgia.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MOHAWK INDUSTRIES, INC. and JEFFREY S. LORBERBAUM,<br><br>    Defendants. | Civ. A. No. 4:20-cv-00005-VMC |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action ("Action") pending in the United States District Court for the Northern District of Georgia ("Court"), if you purchased or otherwise acquired the publicly traded common stock of Mohawk Industries, Inc. ("Mohawk" or the "Company) during the period from April 28, 2017 through July 25, 2019, inclusive (the "Class Period"), and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff, Public Employees' Retirement System of Mississippi ("Lead Plaintiff" or "MissPERS"), on behalf of itself and the Class (as defined in ¶ 28 below), has reached a proposed settlement of the Action with Defendants (defined below) for

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated January 13, 2023 ("Stipulation"), which is available at www.MohawkIndustriesSecuritiesLitigation.com.

**$60,000,000** in cash that, if approved, will resolve all claims in the Action ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 75 below).**

1.    **Description of the Action and the Class:**  This Notice relates to the proposed Settlement of claims in a pending securities class action brought by investors against Mohawk and its Chief Executive Officer, Jeffrey S. Lorberbaum (together with Mohawk, "Defendants").  Lead Plaintiff alleges that Defendants violated the federal securities laws by making false and misleading statements and omissions about Mohawk's product quality, sales, and revenues during the Class Period.  During the course of the Action, Defendants expressly denied and continue to deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  A more detailed description of the Action is set forth in ¶¶ 11-27 below. The Settlement, if approved by the Court, will settle the claims of the Class, as defined in ¶ 28 below.

2.    **Statement of the Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle the Action in exchange for a settlement payment of $60,000,000 in cash ("Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class.  The proposed plan of allocation ("Plan of Allocation") is attached to this Notice as Appendix A.

3.    **Estimate of Average Amount of Recovery Per Share:**  Based on the estimated number of shares of Mohawk common stock purchased or otherwise acquired during the Class Period that may have been affected by the alleged conduct at issue in the Action, and assuming that all Class Members elect to participate in

the Settlement, the estimated average recovery per eligible share of Mohawk common stock (before the deduction of any Court-approved fees, expenses, and costs as described herein) is approximately $0.94 per share. **Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of Mohawk common stock; (ii) whether they sold their shares of Mohawk common stock and, if so, when; and (iii) the total number and value of valid Claims submitted to participate in the Settlement. Distributions to Class Members will be made based on the Plan of Allocation attached to this Notice as Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the amount of damages per share of Mohawk common stock that would be recoverable if Lead Plaintiff was to prevail at trial on the claims asserted against Defendants in the Action. Among other things, Defendants do not agree that they violated the federal securities laws or that, even if liability could be established, any damages were suffered by any members of the Class as a result of their alleged conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel[2] have not received any payment of attorneys' fees for their representation of the Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Prior to the final Settlement Hearing, Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $1,000,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible share of Mohawk common stock, if the Court approves Lead Counsel's

---

[2] Plaintiffs' Counsel are Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"); Bondurant Mixson & Elmore, LLP, liaison counsel for Lead Plaintiff and the Class; and Davidson Bowie, PLLC, additional counsel for Lead Plaintiff.

attorneys' fees and Litigation Expenses application, is approximately $0.25 per share. **Please note that this amount is only an estimate**.

6.      **Identification of Attorneys' Representatives:** Lead Plaintiff and the Class are represented by Jonathan D. Uslaner, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 2121 Avenue of the Stars, Suite 2575, Los Angeles, CA 90067, 800-380-8496, settlements@blbglaw.com.

7.      **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the immediate cash benefit for the Class without the risk or the delays inherent in further litigation. The substantial cash benefit provided under the Settlement must be considered against the risk that a smaller recovery— or no recovery at all—might be achieved after a motion for summary judgment, a trial of the Action, and the likely appeals that would follow a trial, a process that could be expected to last several years. Defendants deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants are entering into this Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** **(IF SUBMITTED BY MAIL,** POSTMARKED ~~(IF MAILED), OR ONLINE,~~ **NO LATER THAN [_____], 2023**~~.~~**; IF SUBMITTED ONLINE, SUBMITTED NO LATER THAN [_____], 2023).** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 39 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 40 below), so it is in your interest to submit a Claim Form. |

4

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION** ~~SO THAT IT IS *RECEIVED*~~ **(IF SUBMITTED BY MAIL, POSTMARKED NO LATER THAN [_____], 2023**~~.~~**; IF SUBMITTED BY EMAIL, SUBMITTED NO LATER THAN [_____], 2023).** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that may allow you to ever be part of any other lawsuit against Defendants or Defendants' Releasees concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION** ~~SO THAT IT IS *RECEIVED*~~ **NO LATER THAN [_____], 2023.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, you may object by writing to the Court and explaining why you do not like them.  You cannot object unless you are a member of the Class and do not exclude yourself from the Class. |
| **ATTEND A HEARING ON [_____], 2023, AT [__:__] [__].M., AND FILE A NOTICE OF INTENTION** ~~TO APPEAR~~ ~~SO THAT IT IS *RECEIVED*~~ **NO LATER THAN [_____], 2023.** | Filing a written objection and notice of intention to appear by [_____], 2023, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  In the Court's discretion, the [_____], 2023 hearing may be conducted by telephone or videoconference (*see* ¶¶ 65-66 below).  If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |

| DO NOTHING. | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
| --- | --- |

**These rights and options─and the deadlines to exercise them─are further explained in this Notice.  <u>Please Note</u>: The date and time of the Settlement Hearing─currently scheduled for [_____], 2023, at [\_\_:\_\_] [\_].m.─is subject to change without further notice to the Class.  It is also within the Court's discretion to hold the hearing in person or telephonically.  If you plan to attend the hearing, you should check the Settlement website, www.MohawkIndustriesSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| **WHAT THIS NOTICE CONTAINS** |
| --- |

Why Did I Get This Notice? ............................................... Page [\_\_]

What Is This Case About? ............................................... Page [\_\_]

How Do I Know If I Am Affected By The Settlement? Who Is
Included In The Class? ............................................... Page [\_\_]

What Are Lead Plaintiff's Reasons For The Settlement? ............... Page [\_\_]

What Might Happen If There Were No Settlement? ..................... Page [\_\_]

How Are Class Members Affected By The Action
And The Settlement? ............................................... Page [\_\_]

How Do I Participate In The Settlement?  What Do I Need To Do? ..... Page [\_\_]

How Much Will My Payment Be? ..................................... Page [\_\_]

What Payment Are The Attorneys For The Class Seeking?
How Will The Lawyers Be Paid? ..................................... Page [\_\_]

What If I Do Not Want To Be A Member Of The Class?
How Do I Exclude Myself? ........................................... Page [\_\_]

When And Where Will The Court Decide Whether To Approve The
Settlement? Do I Have To Come To The Hearing?  May I Speak
At The Hearing If I Don't Like The Settlement? ..................... Page [\_\_]

What If I Bought Shares Of Mohawk Common Stock On

6

Someone Else's Behalf?                                                    Page [__]
Can I See The Court File?  Whom Should I Contact If I Have
    Questions?                                                           Page [__]
Appendix A:  Proposed Plan of Allocation of Net Settlement
    Fund Among Authorized Claimants                                      Page [__]

## WHY DID I GET THIS NOTICE?

8.      The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired shares of Mohawk common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you (if you are a Class Member) might be affected, and how to exclude yourself from the Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses ("Settlement Hearing").  *See* ¶¶ 65-66 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

11.     Mohawk is a manufacturer of flooring products, including carpet, tile, stone, wood, and luxury vinyl tile ("LVT").  At all relevant times, Mohawk common stock traded on the New York Stock Exchange under the ticker symbol "MHK."

7

Mohawk is a Delaware corporation with its headquarters located in Calhoun, Georgia.

12.     On January 3, 2020, MissPERS filed a class action complaint, styled *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc., et al.*, Civil Action 4:20-cv-00005 (N.D. Ga.), asserting violations of federal securities laws against Mohawk and certain of its senior executives.  In accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*, notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

13.     On March 3, 2020, MissPERS moved for appointment as Lead Plaintiff of this Action.  On March 18, 2020, the Court entered an Order appointing MissPERS as Lead Plaintiff for the Action, and approving MissPERS's selection of BLB&G as Lead Counsel for the proposed class.

14.     On June 29, 2020, Lead Plaintiff filed and served the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Defendant Lorberbaum under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleges that Mohawk engaged in a fraudulent scheme to fabricate revenues through fictitious "sales" of products that were not delivered to customers and that Defendants made repeated false statements to mispresent and conceal the truth about the quality of Mohawk's LVT and the reasons for the Company's rising inventory levels and slowing inventory turnover. The Complaint further alleges that the price of Mohawk common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and declined when the truth was allegedly revealed.

15.     On October 27, 2020, Defendants filed and served a motion to dismiss the Complaint.   On December 28, 2020, Lead Plaintiff filed and served a memorandum of law in opposition to Defendants' motion to dismiss, and on January 27, 2021, Defendants filed and served reply papers in support of their motion.

16.     On September 29, 2021, the Court entered an Order denying, in part, and granting, in part, Defendants' motion to dismiss.

17.     On November 12, 2021, Defendants served and filed their Answers, Defenses, and Affirmative Defenses to the Complaint.

18.     Discovery in the Action commenced in November 2021.  The Parties prepared and served initial disclosures, requests for production of documents, and interrogatories, exchanged correspondence concerning discovery issues, and Lead

Plaintiff served document subpoenas on third parties.  Defendants and third parties produced a total of over 800,000 pages of documents to Lead Plaintiff, and Lead Plaintiff produced over 100,000 pages of documents to Defendants in response to their requests.

19.     On January 26, 2022, Lead Plaintiff filed its motion for class certification and supporting papers (the "Class Certification Motion").  The Class Certification Motion was accompanied by a report from Lead Plaintiff's expert, Dr. Michael L. Hartzmark, Ph.D., which opined that Mohawk's common stock traded in an efficient market during the Class Period and that per-share damages could be measured for all Class Members using a common methodology.  On April 13, 2022, Defendants filed their opposition to the Class Certification Motion, and on June 8, 2022, Lead Plaintiff filed reply papers in further support of their motion.

20.     On April 11, 2022, while the Class Certification Motion was pending, the Action was transferred from Judge Eleanor L. Ross to Judge Victoria M. Calvert for all further proceedings.

21.     On June 8, 2022, following the submission of written position statements and supporting exhibits, the Parties participated in an in-person, all-day mediation before former United States District Court Judge Layn R. Phillips of Phillips ADR Enterprises, P.C.  At the mediation session, the Parties engaged in vigorous settlement negotiations with the assistance of Judge Phillips but were unable to agree upon the terms of a settlement.

22.     Subsequently, the Parties engaged in extensive discovery, including 17 depositions.  Lead Plaintiff deposed Defendants' expert witness, 12 current and former Mohawk employees, and noticed depositions of 7 additional fact witnesses.  Defendants deposed Lead Plaintiff's expert witness, a representative for Lead Plaintiff, and two of Lead Plaintiff's investment managers.

23.     On November 28, 2022, the Court granted the Class Certification Motion, certifying the proposed Class, appointing MissPERS as Class Representative, and appointing BLB&G as Class Counsel.

24.     Periodically throughout discovery, the Parties continued to discuss the possible resolution of the Action through settlement with the assistance and oversight of the mediator, Judge Phillips.

25.     On December 12, 2022, after continued discussions with the Parties, Judge Phillips issued a mediator's recommendation for Lead Plaintiff to settle the Action on behalf of the Class in return for Mohawk's payment of $60,000,000 for the benefit of the Class, subject to certain terms and conditions and the execution of

9

a customary "long form" stipulation and agreement of settlement and related papers. On December 13, 2022, the Parties accepted the mediator's recommendation.

26.    On January 13, 2023, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the full terms and conditions of the Settlement.    The Stipulation can be viewed at www.MohawkIndustriesSecuritiesLitigation.com.

27.    On [_____], 2023, the Court preliminarily approved the Settlement, authorized notice of the Settlement to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS? |
| --- |

28.    If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded from the Class.  The Class certified by the Court consists of:

**all persons or entities who purchased or otherwise acquired publicly traded common stock of Mohawk during the period from April 28, 2017 through July 25, 2019, inclusive (the "Class Period"), and who were damaged thereby (the "Class").**

Excluded from the Class are: (i) Defendants; (ii) the Officers and directors of Mohawk at all relevant times; (iii) members of the Officers' or directors' Immediate Families and their legal representatives, heirs, agents, affiliates, successors, or assigns; (iv) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (v) any entity in which Defendants or their Immediate Families have or had a controlling interest.  Also excluded from the Class are any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.  *See* "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself," on page [___] below.

<u>Please note:</u>  **Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation** ~~**postmarked (if mailed), or online,**~~**by the deadline.  If submitting the Claim Form and the required supporting documentation by mail, your mailing must be postmarked**

**no later than [_____], 2023.  If submitting the Claim Form and the required supporting documentation online, you must submit them** no later than **[_____], 2023.**

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
|---|

29.    Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the significant expense and length of the continued proceedings that would be necessary to pursue their claims against Defendants through the completion of discovery, a potential appeal of the certification of the class, summary judgment, trial, and post-trial appeals, as well as the substantial risks they would face in establishing liability and damages.

30.    Defendants have denied, and would continue to deny, that they violated the federal securities laws.  Among other things, Defendants deny that they improperly recognized revenue associated with undelivered sales and maintain that they made truthful disclosures about Mohawk's LVT quality and inventories.  They also believe that, in any event, they did not act with "scienter," or fraudulent intent, when they made the alleged misstatements.

31.    Lead Plaintiff also faced risks relating to loss causation and damages. Defendants would continue to argue, at summary judgment and at trial, that Lead Plaintiff could not establish a causal connection between the alleged misrepresentations and the losses investors allegedly suffered, as required by law, and that even if Lead Plaintiff were able to establish such a causal connection, the damages actually associated with the revelation of the truth about the misrepresentations alleged in the Complaint is small.

32.    In sum, there were a number of very significant risks attendant to the continued prosecution of the Action, including the risk of zero recovery.  The Settlement eliminates these risks.  It also eliminates the risk and costs attendant with the delay inherent in further litigation.

33.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a favorable result for the Class, namely $60,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after full discovery, an appeal of the class certification motion, summary judgment, trial, and post-trial appeals, possibly years in the future.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

34.     If there were no Settlement, and Lead Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in establishing any of their defenses either at summary judgment, at trial, or on appeal, the Class could recover less than the amount provided in the Settlement, or nothing at all.

| HOW ARE CLASS MEMBERS AFFECTED<br>BY THE ACTION AND THE SETTLEMENT? |
|---|

35.     As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice and at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" on page [___] below.

36.     If you are a Class Member and do not wish to remain a Class Member, you must exclude yourself from the Class by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?" on page [___] below.

37.     If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" on page [___] below.

38.     If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment ("Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and

12

discharged any or all of the Released Plaintiff's Claims (as defined in ¶ 39 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 40 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

39.    "Released Plaintiff's Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Class: (i) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint *and* that relate to the purchase or acquisition of publicly traded Mohawk common stock during the Class Period.  Released Plaintiff's Claims do not include: (i) any claims asserted in *Dustin Evans v. Mohawk Industries, Inc.*, No. 20C-01-259 AML (Del. Super. Ct.), or in any ERISA or derivative action, including *In re Mohawk Industries, Inc. Derivative Litigation*, Lead Case No. 4:20-cv-00110-ELR (N.D. Ga.), *City of Southfield Fire and Police Retirement System v. Lorberbaum, et al.*, No. 21-cv-71519 (Superior Court of Gordon County of the State of Georgia), *Treibits v. Lorberbaum, et al.*, No. 21-cv-71127 (Superior Court of Gordon County of the State of Georgia), and *Taylor v. Lorberbaum et al.*, No. 2022-0224-LWW (Del. Ch.), or any cases consolidated into the foregoing actions; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

40.    "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

41.    "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him or it, might have affected his or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory

13

of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, Defendants, and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of Released Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

42. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims (as defined in ¶ 43 below) against Lead Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 44 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

43. "Released Defendants' Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

44. "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, and all other Class Members, and their respective current and former parents,

14

affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

45.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and ~~return~~submit the Claim Form, with adequate supporting documentation, either by mail or online. **If mailed, the Claim Form and adequate supporting documentation must be** *postmarked* ~~*(if mailed), or*~~**no later than [_____], 2023, addressed to** *Mohawk Industries Securities Litigation*, **c/o JND Legal Administration, PO Box 91096, Seattle, WA 98111.    If** submitted online at **www.MohawkIndustriesSecuritiesLitigation.com,** the Claim Form and adequate supporting documentation must be *submitted* **no later than [_____], 2023**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator, www.MohawkIndustriesSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 877-415-0648, or by emailing the Claims Administrator at info@MohawkIndustriesSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Mohawk common stock, as they may be needed to document your Claim.**  If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

46.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

47.    Pursuant to the Settlement, Mohawk, on behalf of Defendants, shall cause to be paid $60,000,000 in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class

Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

48. The Net Settlement Fund will not be distributed to Class Members unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

49. Neither Defendants, the Defendants' Releasees, nor any other person or entity who or which paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or Judgment approving the Settlement becomes Final. Defendants and the other Defendants' Releasees shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

50. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

51. Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form by the deadline (*i.e.,* postmarked (if mailed), or online, on or before no later than [_____], 2023, if submitted by mail, and submitted no later that [_____], 2023 if submitted online) shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Class Member releases the Released Plaintiff's Claims (as defined in ¶ 39 above) against the Defendants' Releasees (as defined in ¶ 40 above) and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiff's Claims whether or not such Class Member submits a Claim Form.

52. Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to shares of Mohawk common stock purchased/acquired through the ERISA Plan in any Claim Form they submit in this Action. They should include ONLY those eligible shares of Mohawk common stock purchased/acquired during the Class Period outside of an ERISA Plan. Claims based on any ERISA Plan's purchases/acquisitions of Mohawk common stock during the Class Period may be made by the plan's trustees.

16

53.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

54.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

55.    Only Class Members will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities who are excluded from the Class by definition or who exclude themselves from the Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is public traded Mohawk common stock.

56.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff.  At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

57.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class; nor have Plaintiffs' Counsel been paid for their litigation expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund of Plaintiffs' Counsel's Litigation Expenses and may apply for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class, in a total amount not to exceed $1,000,000.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?  HOW DO I EXCLUDE MYSELF?

58.    Each Class Member will be bound by all determinations and judgments in this lawsuit related to the Settlement, whether favorable or unfavorable, unless such person or entity ~~mails or delivers~~submits a written request for exclusion by mail

17

or email.  If submitted by mail, the request for exclusion must be ***postmarked* no later than [                    ], 2023,** addressed to: *Mohawk Industries Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, PO Box 91096, Seattle, WA 98111.  ~~The~~If submitted by email, the request for exclusion must be ~~*received*~~*submitted* **no later than [_____], 2023**, emailed to info@MohawkIndustriesSecuritiesLitigation.com, JonathanU@blbglaw.com, and Robert.Long@alston.com.  You will not be able to exclude yourself from the Class after that date.

59.    Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc., et al.*, Civil Action No. 4:20-cv-00005-VMC (N.D. Ga.)"; (iii) state the number of shares of Mohawk common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on April 28, 2017, and (B) purchased/acquired and/or sold during the Class Period (from April 28, 2017 through July 25, 2019, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale transaction; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  Lead Counsel is authorized to request from any person or entity requesting exclusion additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Mohawk common stock.

60.    A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 59 above and is received within the time stated above or is otherwise accepted by the Court.

61.    If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees.  Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiff's Claims.  If you exclude yourself from the Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

62.    If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

63.    The Company has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the

Class in an amount that exceeds an amount agreed to by Lead Plaintiff and the Company.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

64.    **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

65.    **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Class.  In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.MohawkIndustriesSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.MohawkIndustriesSecuritiesLitigation.com.  If the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, www.MohawkIndustriesSecuritiesLitigation.com.**

66.    The Settlement Hearing will be held on **[_____], 2023, at [__:__] [_].m.,** before the Honorable Victoria M. Calvert, either in person at the United States District Court for the Northern District of Georgia, Courtroom 2105, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303-3309, or by telephone or videoconference (in the discretion of the Court) for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice;

(c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

67.    Any Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Georgia, Rome Division, at the address set forth below as well as serve copies on Lead Counsel and Representative Defendants' Counsel at the addresses set forth below **on or before [_____], 2023**.

| **Clerk's Office** | **Lead Counsel** | **Representative Defendants' Counsel** |
| --- | --- | --- |
| United States District Court Northern District of Georgia United States Courthouse 600 East First Street Rome, GA 30161-3149 | Bernstein Litowitz Berger & Grossmann LLP Jonathan D. Uslaner, Esq. 2121 Avenue of the Stars Suite 2575 Los Angeles, CA 90067 | Alston & Bird LLP Robert R. Long, Esq. 1201 West Peachtree Street Atlanta, GA 30309-3424 |

You must also *email* the objection and any supporting papers **on or before [_____], 2023**, to ~~settlements~~JonathanU@blbglaw.com and ~~robert.long~~Robert.Long@alston.com.

68.    Any objections, filings, and other submissions by the objecting Class Member:  (a) must identify the case name and docket number, *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc., et al.*, Civil Action No. 4:20-cv-00005-VMC (N.D. Ga.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) must include documents sufficient to prove membership in the Class, including the number of shares of Mohawk common

20

stock the objecting Class Member (A) held as of the opening of trading on April 28, 2017, and (B) purchased/acquired and/or sold during the Class Period (from April 28, 2017 through July 25, 2019, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale transaction.  The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Lead Counsel is authorized to request from any objecting Class Member additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Mohawk common stock.

69.    **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.**

70.    You may submit an objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless (i) you first submit a written objection in accordance with the procedures described above and (ii) you first submit your notice of appearance in accordance with the procedures described below, unless the Court orders otherwise.

71.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 67 above ~~so that it is *received*~~ **on or before [_____], 2023**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

72.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 67 above ~~so that the notice is received~~ **on or before [_____], 2023**.

21

73.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.    Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES OF MOHAWK COMMON STOCK ON SOMEONE ELSE'S BEHALF?

74.    If you purchased or otherwise acquired Mohawk common stock during the period from April 28, 2017 through July 25, 2019, inclusive, for the beneficial interest of a person or entity other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form ("Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to *Mohawk Industries Securities Litigation*, c/o JND Legal Administration, PO Box 91096, Seattle, WA 98111.  If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may be obtained from the Settlement website, www.MohawkIndustriesSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 877-415-0648, or by emailing the Claims Administrator at info@MohawkIndustriesSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

75.    This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.MohawkIndustriesSecuritiesLitigation.com.  Copies of any related orders entered by the Court and certain other filings in this Action will be also posted on this website.  More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the

Court's Public Access to Court Electronic Records (PACER) system at https://ecf.gand.uscourts.gov/, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Northern District of Georgia, Rome Division, United States Courthouse, 600 East First Street, Rome, GA 30161-3149.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *Mohawk Industries Securities Litigation*<br>c/o JND Legal Administration<br>PO Box 91096<br>Seattle, WA 98111<br><br>877-415-0648<br>info@MohawkIndustriesSecuritiesLitigation.com<br>www.MohawkIndustriesSecuritiesLitigation.com | and/or | Jonathan D. Uslaner, Esq.<br>Bernstein Litowitz Berger &<br>Grossmann LLP<br>2121 Avenue of the Stars<br>Suite 2575<br>Los Angeles, CA 90067<br><br>800-380-8496<br>settlements@blbglaw.com |

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: [_____], 2023    By Order of the Court
United States District Court
for the Northern District of Georgia

# APPENDIX A

## Proposed Plan of Allocation of Net Settlement Fund
## Among Authorized Claimants

1.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who had economic losses as a result of the alleged violations of the federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

2.      In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period (*i.e.*, from April 28, 2017 through July 25, 2019, inclusive), which had the effect of artificially inflating the price of Mohawk common stock.  The estimated artificial inflation in Mohawk common stock allegedly caused by Defendants' alleged misrepresentations and omissions is stated in Table A attached to the end of this Notice.  The estimated artificial inflation takes into account price changes in Mohawk common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, and adjusts for price changes attributable to market or industry factors.  Lead Plaintiff alleges that corrective information was released to the market which partially removed the artificial inflation from the price of Mohawk common stock on July 26, 2018, October 26, 2018, and July 26, 2019.

3.      Recognized Loss Amounts under the Plan of Allocation are based primarily on the difference in the amount of alleged artificial inflation in the price of Mohawk common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase/acquisition price and sale price. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who or which purchased or otherwise acquired Mohawk common stock prior to the first corrective disclosure on July 26, 2018 must have held his, her, or its shares of Mohawk common stock through at least July 25, 2018. A Class Member who or which purchased or otherwise acquired Mohawk common stock from July 26, 2018 through July 25, 2019 must have held those shares through at least one of the later dates where new corrective information was released to the

market and partially removed the artificial inflation from the price of Mohawk common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

4.      Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of publicly traded Mohawk common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

5.      For each share of publicly traded Mohawk common stock purchased or otherwise acquired during the period from April 28, 2017 through July 25, 2019, inclusive, and:

a)      Sold before July 26, 2018, the Recognized Loss Amount will be $0.00.

b)      Sold from July 26, 2018 through and including July 25, 2019, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price *minus* the sale price.

c)      Sold from July 26, 2019 through the close of trading on October 23, 2019, the Recognized Loss Amount will be *the least of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price *minus* the average closing price between July 26, 2019 and the date of sale as stated in Table B attached at the end of this Notice; or (iii) the purchase/acquisition price *minus* the sale price.

d)      Held as of the close of trading on October 23, 2019, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price minus $120.54.[1]

---

[1] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to

## ADDITIONAL PROVISIONS

6.    **Calculation of Claimant's "Recognized Claim":**    A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 5 above.

7.    **FIFO Matching:**    If a Class Member made more than one purchase/acquisition or sale of Mohawk common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

8.    **Purchase/Sale Prices:**    For the purposes of calculations in ¶ 5 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

9.    **"Purchase/Acquisition/Sale" Dates:**    Purchases or acquisitions and sales of Mohawk common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Mohawk common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Mohawk common stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Mohawk common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such Mohawk common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of Mohawk common stock.

10.    **Short Sales:**    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Mohawk common stock.  The date of a "short sale" is deemed to be the date of sale of the Mohawk common stock.  In accordance

---

an appropriate extent by taking into account the closing prices of Mohawk common stock during the "90-day look-back period," July 26, 2019 through and including October 23, 2019.  The mean (average) closing price for Mohawk common stock during this 90-day look-back period was $120.54.

with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

11.    In the event that a Claimant has an opening short position in Mohawk common stock, the earliest purchases or acquisitions of Mohawk common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

12.    **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Mohawk common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

13.    **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Mohawk common stock during the Class Period. For purposes of making this calculation, the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[2] and (ii) the sum of the Claimant's Total Sales Proceeds[3] and the Claimant's Holding Value.[4] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

14.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Mohawk common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Mohawk common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim

---

[2] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of Mohawk common stock purchased/acquired during the Class Period.

[3] The Claims Administrator shall match any sales of Mohawk common stock during the Class Period first against the Claimant's opening position in Mohawk common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, commissions, and taxes) for sales of the remaining shares of Mohawk common stock sold during the Class Period is the "Total Sales Proceeds."

[4] The Claims Administrator will ascribe a "Holding Value" of $128.84 to each share of Mohawk common stock purchased/acquired during the Class Period that was still held as of the close of trading on July 25, 2019.

calculated pursuant to ¶¶ 5-6 above, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

15.    **Determination of Distribution Amount:**    If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

16.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

17.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

18.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than six (6) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

19.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiff's Releasees or Defendants'

Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

20.    The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.MohawkIndustriesSecuritiesLitigation.com.

## TABLE A

**Estimated Artificial Inflation in Mohawk Common Stock from April 28, 2017 through July 25, 2019**

| Transaction Date Range | Artificial Inflation Per Share |
|---|---|
| April 28, 2017 through July 25, 2018 | $102.74 |
| July 26, 2018 through October 25, 2018 | $62.56 |
| October 26, 2018 through July 25, 2019 | $28.16 |
| July 26, 2019 or later | $0.00 |

Appendix A – Page 6

## TABLE B

### 90-Day Look-Back Table for Mohawk Common Stock
### (Average Closing Price:  July 26, 2019 - October 23, 2019)

| Date | Average Closing Price Between 7/26/2019 and Date Shown | Date | Average Closing Price Between 7/26/2019 and Date Shown |
|---|---|---|---|
| 7/26/2019 | $128.84 | 9/11/2019 | $117.78 |
| 7/29/2019 | $126.66 | 9/12/2019 | $118.00 |
| 7/30/2019 | $126.19 | 9/13/2019 | $118.22 |
| 7/31/2019 | $125.82 | 9/16/2019 | $118.34 |
| 8/1/2019 | $125.13 | 9/17/2019 | $118.44 |
| 8/2/2019 | $124.34 | 9/18/2019 | $118.56 |
| 8/5/2019 | $123.47 | 9/19/2019 | $118.71 |
| 8/6/2019 | $122.73 | 9/20/2019 | $118.82 |
| 8/7/2019 | $122.25 | 9/23/2019 | $118.89 |
| 8/8/2019 | $121.82 | 9/24/2019 | $118.92 |
| 8/9/2019 | $121.36 | 9/25/2019 | $119.00 |
| 8/12/2019 | $120.74 | 9/26/2019 | $119.06 |
| 8/13/2019 | $120.29 | 9/27/2019 | $119.16 |
| 8/14/2019 | $119.73 | 9/30/2019 | $119.26 |
| 8/15/2019 | $119.11 | 10/1/2019 | $119.31 |
| 8/16/2019 | $118.62 | 10/2/2019 | $119.30 |
| 8/19/2019 | $118.36 | 10/3/2019 | $119.35 |
| 8/20/2019 | $118.06 | 10/4/2019 | $119.45 |
| 8/21/2019 | $117.95 | 10/7/2019 | $119.54 |
| 8/22/2019 | $117.87 | 10/8/2019 | $119.59 |
| 8/23/2019 | $117.59 | 10/9/2019 | $119.66 |
| 8/26/2019 | $117.41 | 10/10/2019 | $119.73 |
| 8/27/2019 | $117.20 | 10/11/2019 | $119.81 |
| 8/28/2019 | $117.03 | 10/14/2019 | $119.88 |
| 8/29/2019 | $117.02 | 10/15/2019 | $119.97 |
| 8/30/2019 | $117.09 | 10/16/2019 | $120.06 |
| 9/3/2019 | $116.99 | 10/17/2019 | $120.15 |
| 9/4/2019 | $116.92 | 10/18/2019 | $120.23 |
| 9/5/2019 | $116.95 | 10/21/2019 | $120.32 |
| 9/6/2019 | $117.01 | 10/22/2019 | $120.41 |
| 9/9/2019 | $117.15 | 10/23/2019 | $120.54 |
| 9/10/2019 | $117.42 |  |  |