**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>MOHAWK INDUSTRIES, INC. and JEFFREY S. LORBERBAUM,<br><br>        Defendants. | Civil Action No.<br>4:20-cv-00005-VMC |

**AMENDED ORDER[1]**

This matter is before the Court on the Parties' Motions to Seal (Doc. 89; Doc.

102).

**I.      Legal Standard**

"[T]he common-law right of access to judicial proceedings, an essential

component of our system of justice, is instrumental in securing the integrity of the

process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting

*Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)).

But this right "may be overcome by a showing of good cause, which requires

---

[1] This Order is amended under Rule 60(a) to correct a clerical error in the Court's original Order (Doc. 126).

'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* at 1246. "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." *Id.*

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *See In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir. 1987); *Shingara v. Skiles,* 420 F.3d 301, 305–06 (3d Cir. 2005); *Amodeo,* 71 F.3d at 1050–51. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978); Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts,* 105 Harv. L. Rev. 427, 464–74 (1991).

*Id.*

## II.   Discussion

### A.   Defendants' Motion (Doc. 89)

Defendants have filed a Motion for Leave to File Matters Under Seal (Doc. 89) concerning Defendants' Memorandum of Law in Opposition to Lead Plaintiff's Motion for Class Certification (Doc. 88) and Exhibits E-J and L to the Declaration of Robert R. Long (Docs. 88-6, 88-7, 88-8, 88-9, 88-10, 88-11, 88-13). These

documents concern proprietary and/or commercially sensitive information regarding the business practices of non-party Eagle. Eagle has submitted a Response in Support of Defendants' Motion (Doc. 99), indicating that it has withdrawn its confidentiality designation as to Exhibits E, F, I, and L (Docs. 88-6, 88-7, 88-10, and 88-13), and has submitted proposed redacted versions of the remaining documents it seeks to keep under seal. After consideration, the Court grants Defendants' Motion. The following documents will be permanently sealed:

> **(a)** Defendants' Memorandum of Law in Opposition to Lead Plaintiff's Motion for Class Certification (Doc. 88);
>
> **(b)** Doc. 88-8;
>
> **(c)** Doc. 88-9; and
>
> **(d)** Doc. 88-11.

### B.    Plaintiff's Motion (Doc. 102)

Plaintiff has filed a Motion for Leave to File Matters Under Seal (Doc. 102) concerning Plaintiff's Reply in Support of its Motion for Class Certification, Appointment as Class Representative, and Appointment of Class Counsel (Doc. 101) and Exhibits F, J, K, and L to the Declaration of John C. Browne (Docs. 100-3, 100-7, 100-8, 100-9). Defendants submitted a Response in Support of Plaintiff's Motion (Doc. 107), indicating that they have withdrawn the confidentiality designation as to Exhibit F (Doc. 100-3). Defendants also stated that they agree with the redactions on the public version of Plaintiff's Reply (Doc. 100) and have

submitted proposed redacted versions of the remaining documents they seek to keep under seal. After consideration, the Court denies the Motion except as to Doc. 101-4 (Exhibit L). Doc. 101-4 will be permanently sealed because it contains proprietary and/or commercially sensitive information regarding Mohawk's business practices. The Court finds that the other documents (Doc. 101, Doc. 101-2, Doc. 101-3) do not contain such information and need not be sealed.

## III. Conclusion

The Court **GRANTS IN PART** Defendants' Motion to Seal (Doc. 89) with regard to the documents listed above, and **DENIES** the Motion as **MOOT** as to all other documents referenced in the Motion to Seal.

The Court **GRANTS IN PART** Plaintiff's Motion to Seal (Doc. 102) as to Doc. 101-4, and **DENIES IN PART** as to Docs. 101, 101-2, 101-3.

Per the Court's Standing Order section II(f)(ii), the Parties shall prepare and file a Joint Index of Sealed Items in accordance with this Order within 14 days after the date of this Order.

**SO ORDERED** this 28th day of March, 2023.

_____
Victoria Marie Calvert
United States District Judge