# Exhibit 2

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

PUBLIC EMPLOYEES'
RETIREMENT SYSTEM OF
MISSISSIPPI, individually and on
behalf of all others similarly situated,

                 Plaintiff,

       v.

MOHAWK INDUSTRIES, INC. and
JEFFREY S. LORBERBAUM,

               Defendants.

Civ. A. No. 4:20-cv-00005-VMC

**DECLARATION OF LAYN R. PHILLIPS IN SUPPORT OF
MOTION FOR FINAL APPROVAL OF SETTLEMENT**

I, Layn R. Phillips, declare as follows:

1.    I submit this declaration in my capacity as the independent mediator in the above-captioned securities class action ("Action") and in connection with the proposed settlement of claims asserted in the Action (the "Settlement").[1]

2.    I submit this declaration based on personal knowledge and am competent to so testify. While the mediation process is confidential, the parties to the Settlement (the "Parties") have authorized me to inform the Court of the matters

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated January 20, 2023 previously filed with the Court (the "Stipulation"). *See* ECF No. 119-1.

set forth in this declaration in support of final approval of the Settlement. My statements and those of the Parties during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408, and there is no intention on either my part or the Parties' part to waive the agreement or the protections of Rule 408

## I.    BACKGROUND AND QUALIFICATIONS

3.    I am a former United States District Judge, a former United States Attorney, and a former litigation partner with the firm of Irell & Manella LLP. I currently serve as a mediator and arbitrator with my own alternative dispute resolution company, Phillips ADR Enterprises ("Phillips ADR"), which is based in Corona Del Mar, California. I am a member of the bars of Oklahoma, Texas, California, and the District of Columbia, as well as the United States Courts of Appeals for the Ninth and Tenth Circuits and the Federal Circuit.

4.    I earned my Bachelor of Science in Economics as well as my J.D. from the University of Tulsa. I also completed two years of L.L.M. work at Georgetown University Law Center in the area of economic regulation of industry. After serving as an antitrust prosecutor and an Assistant United States Attorney in Los Angeles, California, I was nominated by President Reagan to serve as a United States Attorney in Oklahoma, where I served for approximately four years. Thereafter, I was nominated by President Reagan to serve as a United States District Judge for the

Western District of Oklahoma. While on the bench, I presided over more than 140 federal trials and sat by designation in the United States Court of Appeals for the Tenth Circuit. I also presided over cases in Texas, New Mexico, and Colorado.

5.      I left the federal bench in 1991 and joined Irell & Manella LLP where, for 23 years, I specialized in alternative dispute resolution, complex civil litigation, and internal investigations. In 2014, I left Irell & Manella LLP and found my own company, Phillips ADR, which provides mediation and other alternative dispute resolution services.

6.      Over the past 27 years, I have served as a mediator and arbitrator in connection with numerous large, complex cases, including securities cases such as this one.

## II.    THE PARTIES' ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

7.      On June 8, 2022, counsel for Plaintiffs and Defendants participated in a full-day, mediation session before me in New York City.

8.      In advance of the mediation session, the Parties exchanged and submitted detailed mediation statements and supporting exhibits addressing issues of liability, loss causation, and damages.

9.      I, along with my staff, participated in pre-mediation calls with the Parties. During the mediation, counsel for the Parties presented arguments regarding their clients' respective positions. The work that went into the mediation submissions

3

and competing presentations and arguments was substantial.

10. During the mediation session, I engaged in extensive discussions with counsel on both sides in an effort to find common ground between the Parties' positions. At the end of the day on June 8, 2022, it was apparent to me and the parties that a negotiated resolution would not be reached at that time. We ended the June 8, 2022 mediation session without a settlement.

11. Over the next several months, I engaged in additional communications with counsel in an ongoing effort to resolve the dispute. On December 13, 2022, the Parties accepted my recommendation on a "double-blind" basis to settle the Action for $60,000,000.00. Thereafter, the Parties negotiated and executed the Stipulation now before the Court, which sets forth the final terms and conditions of the Settlement.

12. This was an extremely hard-fought negotiation from beginning until the end and was conducted by experienced and able counsel on both sides. Throughout the mediation process, the negotiations between the Parties were vigorous and conducted at arm's-length and in good faith. Because the Parties made their mediation submissions and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content. I can say, however, that the arguments and positions asserted by all involved were the product of substantial work, they were complex and highly adversarial.

## III.    CONCLUSION

13.    Based on my experience as a litigator, a former United States District Judge, and a mediator, I believe that the Settlement represents a recovery and outcome that is reasonable and fair for the Class and all parties involved. I further believe it was in the best interests of the Parties that they avoid the burdens and risks associated with taking a case of this size and complexity to trial.  In sum, I support the Court's approval of the Settlement in all respects.

14.    Lastly, I found that the advocacy on both sides of this case was outstanding. I have experience with attorneys from the law firms on both sides of this case, which are nationally recognized for their work prosecuting and defending large, complex securities class actions such as this. I am familiar with the effort, creativity, and zeal they put into their work. I expected that they would represent their clients in the same manner here, as they did. All counsel displayed the highest level of professionalism in carrying out their duties on behalf of their respective clients.

I declare under penalty of perjury that the foregoing facts are true and correct and that this declaration was executed this 20th day of April, 2023.

LAYN R. PHILLIPS
Former U.S. District Judge

5