# Exhibit 3

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

<table>
<tr>
<td>

PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated,

               Plaintiff,

   v.

MOHAWK INDUSTRIES, INC. and JEFFREY S. LORBERBAUM,

              Defendants.

</td>
<td>

Civ. A. No. 4:20-cv-00005-VMC

</td>
</tr>
</table>

## DECLARATION OF LUIGGY SEGURA REGARDING:
## (A) MAILING OF THE NOTICE AND CLAIM FORM;
## (B) PUBLICATION OF THE SUMMARY NOTICE; AND
## (C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE

I, LUIGGY SEGURA, declare as follows:

1.      I am the Vice President of Securities Operations at JND Legal Administration ("JND"). Pursuant to the Court's February 3, 2023 Order (ECF No. 122) (the "Preliminary Approval Order"), JND was appointed to supervise and administer the notice procedure as well as the processing of claims in connection with the Settlement of the above-captioned action (the "Action").[1] I am over 21 years

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated January 13, 2023 (ECF No. 119-1) (the "Stipulation").

of age and am not a party to the Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      I submit this declaration in order to provide the Court and the parties to the Action with information regarding: (i) dissemination of the Court-approved Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") and the Proof of Claim and Release Form (the "Claim Form") (collectively, the "Notice Packet"); (ii) publication of the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Summary Notice"); (iii) establishment of the website and toll-free telephone number dedicated to this Settlement; and (iv) the requests for exclusion from the Class received to date by JND.

## DISSEMINATION OF THE NOTICE PACKET

3.      Pursuant to the Preliminary Approval Order, JND was responsible for disseminating the Notice Packet to potential Class Members. A copy of the Notice Packet, including the front and back of the outside of the envelope, is attached hereto as Exhibit A.[2]

---

[2] As shown on Exhibit A, the outside of the envelope alerts recipients of the Notice Packet that they could get a payment from a class action settlement.

4.    In connection with the initiation of the notice program, JND established a settlement database for this administration (the "Settlement Database"). The Settlement Database keeps a record of each person who is a mailed a copy of the Notice Packet.

5.    On February 8, 2023, Lead Counsel emailed to JND a data file provided by Defendants' Counsel containing 277 unique names and addresses of potential Class Members. The data file was loaded into the Settlement Database, and on March 3, 2023, JND caused the Notice Packet to be sent by first-class mail to the 277 potential Class Members identified in the data file.

6.    As in most actions of this nature, a large majority of potential Class Members are expected to be beneficial purchasers whose securities are held in "street name," *i.e.*, the securities are purchased by brokerage firms, banks, and other institutions (referred to as "nominees" or "records holders") in the name of the nominee, on behalf of the beneficial purchasers. JND maintains a proprietary database with names and addresses of the largest and most common nominees that purchase securities on behalf of beneficial owners (the "Nominee Database"). At the time of the initial mailing, JND's Nominee Database contained 4,078 records. On March 3, 2023, JND caused Notice Packets to be sent by first-class mail to the 4,078 mailing records contained in its Nominee Database.

7.      JND also researched filings with the U.S. Securities and Exchange Commission (SEC) on Form 13-F to identify additional institutions or entities who may have held Mohawk common stock during the Class Period. Based on this research, 1,834 address records were added to the list of potential Class Members. On March 3, 2023, JND caused Notice Packets to be sent by first-class mail to those potential Class Members.

8.      In total, 6,189 Notice Packets were mailed to potential Class Members and nominees by first-class mail on March 3, 2023.

9.      The Notice directed those who purchased or otherwise acquired Mohawk common stock during the Class Period, for the beneficial interest of a person or entity other than themselves, to either (i) within seven (7) calendar days of receipt of the Notice, request from JND sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners, or (ii) within seven (7) calendar days of receipt of the Notice, provide a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to JND (which would then mail copies of the Notice Packet to those persons).

10.    Through April 25, 2023, JND has received 54,370 additional names and mailing addresses, and 482 email addresses,[3] of potential Class Members from individuals or nominees. JND has also received requests from nominees for 160,950 Notice Packets to be forwarded directly by the nominees to their customers. All such requests have been, and will continue to be, complied with and addressed in a timely manner.

11.    Through April 25, 2023, a total of 221,509 Notice Packets have been mailed to potential Class Members and nominees.

12.    In order to reduce the amount of potentially undeliverable Notice Packets, after receiving a mailing list with names and addresses of potential Class Member, JND runs the list through the United States Postal Service ("USPS") National Change of Address ("NCOA") database.[4] Based on its searches of the NCOA database, JND identified updated addresses for 270 potential Class Members prior to the initial mailing of the Notice Packet to those persons.

---

[3] In the event that both an email address and mailing address were provided for the same potential Class Member, a Notice was both emailed and mailed.

[4] The NCOA database is the official USPS technology product which makes change of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mail stream. This product is an effective tool to update address changes when a person has completed a change of address form with the USPS. The address information is maintained on the database for 48 months.

13.     Through April 25, 2023, 497 mailed Notice Packets have been returned to the USPS as undelivered as addressed. The USPS has identified an updated address for 34 of the undelivered and returned Notice Packets, and the USPS has forwarded the Notice Packet to the updated address for each of those potential Class Members. For the 463 Notice Packets where an updated address was not identified by the USPS and which were returned to JND without a forwarding address, JND took reasonable efforts to research and determine an updated mailing address through sophisticated advance searches of credit bureau databases. As a result of those advanced address searches, through April 25, 2023, updated addresses were found for 42 potential Class Members to which JND remailed the Notice Packet.

## PUBLICATION OF THE SUMMARY NOTICE

14.     In accordance with Paragraph 5(d) of the Preliminary Approval Order, JND caused the Summary Notice to be published in *Wall Street Journal* and released via *PR Newswire* on March 14, 2023. Copies of proof of publication of the Summary Notice in *Wall Street Journal* and over *PR Newswire* are attached hereto as Exhibits B and C, respectively. The Summary Notice released via PR Newswire has been available online since its publication on March 14, 2023.

## SETTLEMENT WEBSITE

15.     On March 2, 2023, JND established a website ("Settlement Website") dedicated to the Settlement, www.MohawkIndustriesSecuritiesLitigation.com. The

6

address for the Settlement Website is set forth in the Notice Packet and in the Summary Notice. The Settlement Website includes information regarding the Action and the proposed Settlement, including the exclusion, objection, and claim filing deadlines, and details about the Court's Settlement Hearing. Copies of the Notice and Claim Form, as well as the Stipulation, Preliminary Approval Order, Preliminary Approval Motion, Complaint, Order Granting Class Certification, and Order Denying Defendants' Motion to Dismiss, are posted on the Settlement Website and are available for downloading. The Settlement Website contains a secure online filing portal that allows Class Members to file a claim and receive an emailed confirmation that their claim has been received by the Claims Administrator. The Settlement Website also contains a page setting forth the documentation requirements for filing a claim. The Settlement Website is accessible 24 hours a day, 7 days a week. JND will update the Settlement Website as necessary through the administration of the Settlement.

## **TELEPHONE HELPLINE**

16.    On March 2, 2023, JND established a case-specific, toll-free telephone helpline, 1-877-415-0648, with an interactive voice response system and live operators, to accommodate potential Class Members with questions about the Action and the Settlement. The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. Callers requiring further help

have the option to be transferred to a live operator during business hours. JND continues to maintain the telephone helpline and will update the interactive voice response system as necessary through the administration of the Settlement.

## STATUS CALLS AND INVOICES

17.    JND has conducted, and will continue to conduct, weekly status calls with Lead Counsel to provide updates on the notice program and settlement administration. JND has also provided, and will continue to provide, monthly invoices to Lead Counsel detailing the fees and expenses incurred by JND in connection with this administration.

## REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE

18.    The Notice informs potential Class Members that requests for exclusion from the Class are to be sent by mail or email. If submitted by mail, the request for exclusion must be postmarked no later than May 10, 2023, addressed to *Mohawk Industries Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91096, Seattle, WA 98111. If submitted by email, the request for exclusion must be submitted no later than May 10, 2023, emailed to Info@MohawkIndustriesSecuritiesLitigation.com, JonathanU@blbglaw.com, and Robert.Long@alston.com. Through April 25, 2023, JND has received one (1) request for exclusion. JND will submit a supplemental declaration after the May 10,

2023 deadline for requesting exclusion that will address all requests for exclusion received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of April 2023, at New Hyde Park, New York.

_____
LUIGGY SEGURA

# EXHIBIT A

JND Legal Administration

Dear Potential Class Member:

You have been identified as a potential current or former investor in Mohawk Industries, Inc. common stock. Enclosed is a Notice about the settlement of a class action lawsuit called *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc., et al.*, No. 4:20-cv-00005-VMC, which is pending in the United States District Court for the Northern District of Georgia (the "Court"). You may be eligible to claim a payment from the settlement, or you may want to act on other legal rights. Important facts are highlighted below and explained in the Notice.

| Mohawk Industries, Inc. Securities Class Action Settlement |
| --- |

- **Security:** Mohawk Industries, Inc. ("Mohawk") common stock (CUSIP: 608190104).

- **Time Period:** Mohawk common stock purchased or otherwise acquired from April 28, 2017 through July 25, 2019, inclusive.

- **Settlement Amount:** $60 million for investors (approximately $0.94 per share if claims are submitted for each damaged share).

- **Reasons for Settlement:** Avoids costs, risks, and delays from continuing the lawsuit; pays money to damaged investors; and releases Defendants Mohawk and Jeffrey S. Lorberbaum from liability.

- **If the Case Had Not Settled:** The case would continue to summary judgment and, if not disposed at that stage, to trial. The Parties do not agree on the amount of damages that would be recoverable if Lead Plaintiff were to prevail at trial. Defendants do not agree that they violated the federal securities laws or that, even if liability could be established, any damages were suffered by any members of the Class as a result of their alleged conduct.

- **Attorneys' Fees and Expenses:** Court-appointed lawyers for investors will ask the Court for up to $16 million (approximately $0.25 per share if claims are submitted for each damaged share), to be paid out of the Settlement Fund, as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- **Deadlines:**
  - **Claims:** July 5, 2023.
  - **Exclusions:** May 10, 2023.
  - **Objections:** May 10, 2023.
  - **Court Hearing on Fairness of Settlement:** May 31, 2023, at 10:00 a.m.

- **More Information:** www.MohawkIndustriesSecuritiesLitigation.com; or

| *Claims Administrator:* | *Lawyers for Investors:* |
| --- | --- |
| **877-415-0648** | **800-380-8496** |
| **info@MohawkIndustriesSecuritiesLitigation.com** | **settlements@blbglaw.com** |
| Mohawk Industries Securities Litigation | Jonathan D. Uslaner, Esq. |
| c/o JND Legal Administration | Bernstein Litowitz Berger & Grossmann LLP |
| PO Box 91096 | 2121 Avenue of the Stars, Suite 2575 |
| Seattle, WA 98111 | Los Angeles, CA 90067 |

Get more details in the enclosed Notice from the United States District Court for the Northern District of Georgia.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>     v.<br><br>MOHAWK INDUSTRIES, INC. and JEFFREY S. LORBERBAUM,<br><br>                Defendants. | Civ. A. No. 4:20-cv-00005-VMC |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND
(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action ("Action") pending in the United States District Court for the Northern District of Georgia ("Court"), if you purchased or otherwise acquired the publicly traded common stock of Mohawk Industries, Inc. ("Mohawk" or the "Company") during the period from April 28, 2017 through July 25, 2019, inclusive (the "Class Period"), and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff, Public Employees' Retirement System of Mississippi ("Lead Plaintiff" or "MissPERS"), on behalf of itself and the Class (as defined in ¶ 28 below), has reached a proposed settlement of the Action with Defendants (defined below) for **$60,000,000** in cash that, if approved, will resolve all claims in the Action ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated January 13, 2023 ("Stipulation"), which is available at www.MohawkIndustriesSecuritiesLitigation.com.

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 75 below).**

1.      **Description of the Action and the Class:**  This Notice relates to the proposed Settlement of claims in a pending securities class action brought by investors against Mohawk and its Chief Executive Officer, Jeffrey S. Lorberbaum (together with Mohawk, "Defendants").  Lead Plaintiff alleges that Defendants violated the federal securities laws by making false and misleading statements and omissions about Mohawk's product quality, sales, and revenues during the Class Period.  During the course of the Action, Defendants expressly denied and continue to deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  A more detailed description of the Action is set forth in ¶¶ 11-27 below.  The Settlement, if approved by the Court, will settle the claims of the Class, as defined in ¶ 28 below.

2.      **Statement of the Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle the Action in exchange for a settlement payment of $60,000,000 in cash ("Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class.  The proposed plan of allocation ("Plan of Allocation") is attached to this Notice as Appendix A.

3.      **Estimate of Average Amount of Recovery Per Share:**  Based on the estimated number of shares of Mohawk common stock purchased or otherwise acquired during the Class Period that may have been affected by the alleged conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery per eligible share of Mohawk common stock (before the deduction of any Court-approved fees, expenses, and costs as described herein) is approximately $0.94 per share.  **Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.**  Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of Mohawk common stock; (ii) whether they sold their shares of Mohawk common stock and, if so, when; and (iii) the total number and value of valid Claims submitted to participate in the Settlement.  Distributions to Class Members will be made based on the Plan of Allocation attached to this Notice as Appendix A or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Damages Per Share:**  The Parties do not agree on the amount of damages per share of Mohawk common stock that would be recoverable if Lead Plaintiff was to prevail at trial on the claims asserted against Defendants in the Action.  Among other things, Defendants do not agree that they violated the federal securities laws or that, even if liability could be established, any damages were suffered by any members of the Class as a result of their alleged conduct.

5.     **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel[2] have not received any payment of attorneys' fees for their representation of the Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation.  Prior to the final Settlement Hearing, Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $1,000,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  The estimated average cost per eligible share of Mohawk common stock, if the Court approves Lead Counsel's attorneys' fees and Litigation Expenses application, is approximately $0.25 per share.  **Please note that this amount is only an estimate**.

6.     **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Class are represented by Jonathan D. Uslaner, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 2121 Avenue of the Stars, Suite 2575, Los Angeles, CA 90067, 800-380-8496, settlements@blbglaw.com.

7.     **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the immediate cash benefit for the Class without the risk or the delays inherent in further litigation.  The substantial cash benefit provided under the Settlement must be considered against the risk that a smaller recovery—or no recovery at all—might be achieved after a motion for summary judgment, a trial of the Action, and the likely appeals that would follow a trial, a process that could be expected to last several years.  Defendants deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants are entering into this Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM**<br><br>**(IF SUBMITTED BY MAIL, POSTMARKED NO LATER THAN JULY 5, 2023;**<br>**IF SUBMITTED ONLINE, SUBMITTED NO LATER THAN JULY 5, 2023).** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 39 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 40 below), so it is in your interest to submit a Claim Form. |

---

[2] Plaintiffs' Counsel are Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"); Bondurant Mixson & Elmore, LLP, liaison counsel for Lead Plaintiff and the Class; and Davidson Bowie, PLLC, additional counsel for Lead Plaintiff.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION**<br><br>**(IF SUBMITTED BY MAIL, POSTMARKED NO LATER THAN MAY 10, 2023; IF SUBMITTED BY EMAIL, SUBMITTED NO LATER THAN MAY 10, 2023).** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that may allow you to ever be part of any other lawsuit against Defendants or Defendants' Releasees concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION NO LATER THAN MAY 10, 2023.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, you may object by writing to the Court and explaining why you do not like them.  You cannot object unless you are a member of the Class and do not exclude yourself from the Class. |
| **ATTEND A HEARING ON MAY 31, 2023, AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR NO LATER THAN MAY 10, 2023.** | Filing a written objection and notice of intention to appear by **May 10, 2023**, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  In the Court's discretion, the **May 31, 2023** hearing may be conducted by telephone or videoconference (*see* ¶¶ 65-66 below).  If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

These rights and options—and the deadlines to exercise them—are further explained in this Notice.  <u>Please Note</u>: **The date and time of the Settlement Hearing—currently scheduled for May 31, 2023, at 10:00 a.m.—is subject to change without further notice to the Class.  It is also within the Court's discretion to hold the hearing in person or telephonically.  If you plan to attend the hearing, you should check the Settlement website, www.MohawkIndustriesSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?..................................................................................................Page 5
What Is This Case About? ....................................................................................................Page 6
How Do I Know If I Am Affected By The Settlement? Who Is Included In The Class? ......Page 7
What Are Lead Plaintiff's Reasons For The Settlement?......................................................Page 8
What Might Happen If There Were No Settlement? ..............................................................Page 9
How Are Class Members Affected By The Action And The Settlement? .............................Page 9
How Do I Participate In The Settlement?  What Do I Need To Do?....................................Page 11
How Much Will My Payment Be?.......................................................................................Page 12
What Payment Are The Attorneys For The Class Seeking? How Will The
    Lawyers Be Paid?............................................................................................................Page 13
What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?.......Page 13
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't
    Like The Settlement?.......................................................................................................Page 14
What If I Bought Shares Of Mohawk Common Stock On Someone Else's Behalf?...........Page 16
Can I See The Court File?  Whom Should I Contact If I Have Questions? .........................Page 17
Proposed Plan Of Allocation Of Net Settlement Fund Among Authorized
    Claimants...................................................................................................................Appendix A

## WHY DID I GET THIS NOTICE?

8.      The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired shares of Mohawk common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you (if you are a Class Member) might be affected, and how to exclude yourself from the Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses ("Settlement Hearing").  *See* ¶¶ 65-66 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time.

Questions? Visit www.MohawkIndustriesSecuritiesLitigation.com, call 877-415-0648, or email
Info@MohawkIndustriesSecuritiesLitigation.com

## WHAT IS THIS CASE ABOUT?

11.     Mohawk is a manufacturer of flooring products, including carpet, tile, stone, wood, and luxury vinyl tile ("LVT").  At all relevant times, Mohawk common stock traded on the New York Stock Exchange under the ticker symbol "MHK."  Mohawk is a Delaware corporation with its headquarters located in Calhoun, Georgia.

12.     On January 3, 2020, MissPERS filed a class action complaint, styled *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc., et al.*, Civil Action 4:20-cv-00005 (N.D. Ga.), asserting violations of federal securities laws against Mohawk and certain of its senior executives.  In accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*, notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

13.     On March 3, 2020, MissPERS moved for appointment as Lead Plaintiff of this Action.  On March 18, 2020, the Court entered an Order appointing MissPERS as Lead Plaintiff for the Action, and approving MissPERS's selection of BLB&G as Lead Counsel for the proposed class.

14.     On June 29, 2020, Lead Plaintiff filed and served the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Defendant Lorberbaum under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleges that Mohawk engaged in a fraudulent scheme to fabricate revenues through fictitious "sales" of products that were not delivered to customers and that Defendants made repeated false statements to mispresent and conceal the truth about the quality of Mohawk's LVT and the reasons for the Company's rising inventory levels and slowing inventory turnover.  The Complaint further alleges that the price of Mohawk common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and declined when the truth was allegedly revealed.

15.     On October 27, 2020, Defendants filed and served a motion to dismiss the Complaint.  On December 28, 2020, Lead Plaintiff filed and served a memorandum of law in opposition to Defendants' motion to dismiss, and on January 27, 2021, Defendants filed and served reply papers in support of their motion.

16.     On September 29, 2021, the Court entered an Order denying, in part, and granting, in part, Defendants' motion to dismiss.

17.     On November 12, 2021, Defendants served and filed their Answers, Defenses, and Affirmative Defenses to the Complaint.

18.     Discovery in the Action commenced in November 2021.  The Parties prepared and served initial disclosures, requests for production of documents, and interrogatories, exchanged correspondence concerning discovery issues, and Lead Plaintiff served document subpoenas on third parties.  Defendants and third parties produced a total of over 800,000 pages of documents to Lead Plaintiff, and Lead Plaintiff produced over 100,000 pages of documents to Defendants in response to their requests.

19.     On January 26, 2022, Lead Plaintiff filed its motion for class certification and supporting papers (the "Class Certification Motion").  The Class Certification Motion was

Questions? Visit www.MohawkIndustriesSecuritiesLitigation.com, call 877-415-0648, or email Info@MohawkIndustriesSecuritiesLitigation.com

accompanied by a report from Lead Plaintiff's expert, Dr. Michael L. Hartzmark, Ph.D., which opined that Mohawk's common stock traded in an efficient market during the Class Period and that per-share damages could be measured for all Class Members using a common methodology. On April 13, 2022, Defendants filed their opposition to the Class Certification Motion, and on June 8, 2022, Lead Plaintiff filed reply papers in further support of its motion.

20.     On April 11, 2022, while the Class Certification Motion was pending, the Action was transferred from Judge Eleanor L. Ross to Judge Victoria M. Calvert for all further proceedings.

21.     On June 8, 2022, following the submission of written position statements and supporting exhibits, the Parties participated in an in-person, all-day mediation before former United States District Court Judge Layn R. Phillips of Phillips ADR Enterprises, P.C.  At the mediation session, the Parties engaged in vigorous settlement negotiations with the assistance of Judge Phillips but were unable to agree upon the terms of a settlement.

22.     Subsequently, the Parties engaged in extensive discovery, including 17 depositions. Lead Plaintiff deposed Defendants' expert witness, 12 current and former Mohawk employees, and noticed depositions of 7 additional fact witnesses.  Defendants deposed Lead Plaintiff's expert witness, a representative for Lead Plaintiff, and two of Lead Plaintiff's investment managers.

23.     On November 28, 2022, the Court granted the Class Certification Motion, certifying the proposed Class, appointing MissPERS as Class Representative, and appointing BLB&G as Class Counsel.

24.     Periodically throughout discovery, the Parties continued to discuss the possible resolution of the Action through settlement with the assistance and oversight of the mediator, Judge Phillips.

25.     On December 12, 2022, after continued discussions with the Parties, Judge Phillips issued a mediator's recommendation for Lead Plaintiff to settle the Action on behalf of the Class in return for Mohawk's payment of $60,000,000 for the benefit of the Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.  On December 13, 2022, the Parties accepted the mediator's recommendation.

26.     On January 13, 2023, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the full terms and conditions of the Settlement. The Stipulation can be viewed at www.MohawkIndustriesSecuritiesLitigation.com.

27.     On February 6, 2023, the Court preliminarily approved the Settlement, authorized notice of the Settlement to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

28.     If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded from the Class.  The Class certified by the Court consists of:

**all persons or entities who purchased or otherwise acquired publicly traded common stock of Mohawk during the period from April 28, 2017 through July 25, 2019, inclusive (the "Class Period"), and who were damaged thereby (the "Class")**.

Excluded from the Class are: (i) Defendants; (ii) the Officers and directors of Mohawk at all relevant times; (iii) members of the Officers' or directors' Immediate Families and their legal representatives, heirs, agents, affiliates, successors, or assigns; (iv) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (v) any entity in which Defendants or their Immediate Families have or had a controlling interest. Also excluded from the Class are any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself," on page 13 below.

**Please note: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation by the deadline. If submitting the Claim Form and the required supporting documentation by mail, your mailing must be postmarked no later than July 5, 2023. If submitting the Claim Form and the required supporting documentation online, you must submit them no later than July 5, 2023.**

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
|---|

29.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the significant expense and length of the continued proceedings that would be necessary to pursue their claims against Defendants through the completion of discovery, a potential appeal of the certification of the class, summary judgment, trial, and post-trial appeals, as well as the substantial risks they would face in establishing liability and damages.

30.     Defendants have denied, and would continue to deny, that they violated the federal securities laws. Among other things, Defendants deny that they improperly recognized revenue associated with undelivered sales and maintain that they made truthful disclosures about Mohawk's LVT quality and inventories. They also believe that, in any event, they did not act with "scienter," or fraudulent intent, when they made the alleged misstatements.

31.     Lead Plaintiff also faced risks relating to loss causation and damages. Defendants would continue to argue, at summary judgment and at trial, that Lead Plaintiff could not establish a causal connection between the alleged misrepresentations and the losses investors allegedly suffered, as required by law, and that even if Lead Plaintiff were able to establish such a causal connection, the damages actually associated with the revelation of the truth about the misrepresentations alleged in the Complaint is small.

32.     In sum, there were a number of very significant risks attendant to the continued prosecution of the Action, including the risk of zero recovery. The Settlement eliminates these risks. It also eliminates the risk and costs attendant with the delay inherent in further litigation.

33.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair,

8

Questions? Visit www.MohawkIndustriesSecuritiesLitigation.com, call 877-415-0648, or email
Info@MohawkIndustriesSecuritiesLitigation.com

reasonable, and adequate, and in the best interests of the Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a favorable result for the Class, namely $60,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after full discovery, an appeal of the class certification motion, summary judgment, trial, and post-trial appeals, possibly years in the future.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

34. If there were no Settlement, and Lead Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in establishing any of their defenses either at summary judgment, at trial, or on appeal, the Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

35. As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice and at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" on page 14 below.

36. If you are a Class Member and do not wish to remain a Class Member, you must exclude yourself from the Class by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?" on page 13 below.

37. If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" on page 14 below.

38. If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims (as defined in ¶ 39 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 40 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

39. "Released Plaintiff's Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising

9

under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Class: (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint *and* that relate to the purchase or acquisition of publicly traded Mohawk common stock during the Class Period. Released Plaintiff's Claims do not include: (i) any claims asserted in *Dustin Evans v. Mohawk Industries, Inc.*, No. 20C-01-259 AML (Del. Super. Ct.), or in any ERISA or derivative action, including *In re Mohawk Industries, Inc. Derivative Litigation*, Lead Case No. 4:20-cv-00110-ELR (N.D. Ga.), *City of Southfield Fire and Police Retirement System v. Lorberbaum, et al.*, No. 21-cv-71519 (Superior Court of Gordon County of the State of Georgia), *Treibits v. Lorberbaum, et al.*, No. 21-cv-71127 (Superior Court of Gordon County of the State of Georgia), and *Taylor v. Lorberbaum et al.*, No. 2022-0224-LWW (Del. Ch.), or any cases consolidated into the foregoing actions; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

40.    "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

41.    "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him or it, might have affected his or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, Defendants, and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of Released Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

42.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims (as defined in ¶ 43 below) against Lead Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 44 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

43.     "Released Defendants' Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

44.     "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, and all other Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

| |
|---|
| **HOW DO I PARTICIPATE IN THE SETTLEMENT?**<br>**WHAT DO I NEED TO DO?** |

45.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and submit the Claim Form, with adequate supporting documentation, either by mail or online.  **If mailed, the Claim Form and adequate supporting documentation must be *postmarked* no later than July 5, 2023, addressed to *Mohawk Industries Securities Litigation*, c/o JND Legal Administration, P.O. Box 91096, Seattle, WA 98111.  If submitted online at www.MohawkIndustriesSecuritiesLitigation.com, the Claim Form and adequate supporting documentation must be *submitted* no later than July 5, 2023**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator, www.MohawkIndustriesSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 877-415-0648, or by emailing the Claims Administrator at Info@MohawkIndustriesSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Mohawk common stock, as they may be needed to document your Claim.**  If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

46.     At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

47.     Pursuant to the Settlement, Mohawk, on behalf of Defendants, shall cause to be paid $60,000,000 in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

48.     The Net Settlement Fund will not be distributed to Class Members unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

49.     Neither Defendants, the Defendants' Releasees, nor any other person or entity who or which paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or Judgment approving the Settlement becomes Final.  Defendants and the other Defendants' Releasees shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

50.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

51.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form by the deadline (*i.e.*, postmarked no later than **July 5, 2023** if submitted by mail, and submitted no later than **July 5, 2023** if submitted online) shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.  This means that each Class Member releases the Released Plaintiff's Claims (as defined in ¶ 39 above) against the Defendants' Releasees (as defined in ¶ 40 above) and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiff's Claims whether or not such Class Member submits a Claim Form.

52.     Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to shares of Mohawk common stock purchased/acquired through the ERISA Plan in any Claim Form they submit in this Action.  They should include ONLY those eligible shares of Mohawk common stock purchased/acquired during the Class Period outside of an ERISA Plan.  Claims based on any ERISA Plan's purchases/acquisitions of Mohawk common stock during the Class Period may be made by the plan's trustees.

53.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

12

54.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

55.    Only Class Members will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities who are excluded from the Class by definition or who exclude themselves from the Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is public traded Mohawk common stock.

56.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff.  At the Settlement Hearing, Lead Counsel will request that the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

57.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class; nor have Plaintiffs' Counsel been paid for their litigation expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund of Plaintiffs' Counsel's Litigation Expenses and may apply for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class, in a total amount not to exceed $1,000,000.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

58.    Each Class Member will be bound by all determinations and judgments in this lawsuit related to the Settlement, whether favorable or unfavorable, unless such person or entity submits a written request for exclusion by mail or email.  If submitted by mail, the request for exclusion must be *postmarked* **no later than May 10, 2023,** addressed to: *Mohawk Industries Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91096, Seattle, WA 98111.  If submitted by email, the request for exclusion must be *submitted* **no later than May 10, 2023,** emailed to Info@MohawkIndustriesSecuritiesLitigation.com, JonathanU@blbglaw.com, and Robert.Long@alston.com.  You will not be able to exclude yourself from the Class after that date.

59.    Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc., et al.*, Civil Action No. 4:20-cv-00005-VMC (N.D. Ga.)"; (iii) state the number of shares of Mohawk common stock that the person or entity requesting exclusion (A) owned as of the opening

13

Questions? Visit www.MohawkIndustriesSecuritiesLitigation.com, call 877-415-0648, or email Info@MohawkIndustriesSecuritiesLitigation.com

of trading on April 28, 2017, and (B) purchased/acquired and/or sold during the Class Period (from April 28, 2017 through July 25, 2019, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale transaction; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  Lead Counsel is authorized to request from any person or entity requesting exclusion additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Mohawk common stock.

60.     A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 59 above and is received within the time stated above or is otherwise accepted by the Court.

61.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees.  Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiff's Claims.  If you exclude yourself from the Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

62.     If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

63.     The Company has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiff and the Company.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

64.     **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

65.     **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Class.  In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.MohawkIndustriesSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.MohawkIndustriesSecuritiesLitigation.com.  If the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the**

14

Questions? Visit www.MohawkIndustriesSecuritiesLitigation.com, call 877-415-0648, or email Info@MohawkIndustriesSecuritiesLitigation.com

**information for accessing the telephone or video conference will be posted to the Settlement website, www.MohawkIndustriesSecuritiesLitigation.com.**

66.    The Settlement Hearing will be held on **May 31, 2023, at 10:00 a.m.**, before the Honorable Victoria M. Calvert, either in person at the United States District Court for the Northern District of Georgia, Courtroom 2105, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303-3309, or by telephone or videoconference (in the discretion of the Court) for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

67.    Any Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Georgia, Rome Division, at the address set forth below, as well as serve copies on Lead Counsel and Representative Defendants' Counsel, at the addresses set forth below, **on or before May 10, 2023**.

| Clerk's Office | Lead Counsel | Representative Defendants' Counsel |
|---|---|---|
| United States District Court Northern District of Georgia United States Courthouse 600 East First Street Rome, GA 30161-3149 | Bernstein Litowitz Berger & Grossmann LLP Jonathan D. Uslaner, Esq. 2121 Avenue of the Stars, Suite 2575 Los Angeles, CA 90067 | Alston & Bird LLP Robert R. Long, Esq. 1201 West Peachtree Street Atlanta, GA 30309-3424 |

You must also *email* the objection and any supporting papers **on or before May 10, 2023**, to JonathanU@blbglaw.com and Robert.Long@alston.com.

68.    Any objections, filings, and other submissions by the objecting Class Member: (a) must identify the case name and docket number, *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc., et al.*, Civil Action No. 4:20-cv-00005-VMC (N.D. Ga.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) must include documents sufficient to prove membership in the Class, including the number of shares of Mohawk common stock the objecting Class Member

15

(A) held as of the opening of trading on April 28, 2017, and (B) purchased/acquired and/or sold during the Class Period (from April 28, 2017 through July 25, 2019, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale transaction. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Lead Counsel is authorized to request from any objecting Class Member additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Mohawk common stock.

69.     **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.**

70.     You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (i) you first submit a written objection in accordance with the procedures described above and (ii) you first submit your notice of appearance in accordance with the procedures described below, unless the Court orders otherwise.

71.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 67 above **on or before May 10, 2023**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

72.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 67 above **on or before May 10, 2023**.

73.     **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES OF MOHAWK COMMON STOCK ON SOMEONE ELSE'S BEHALF?

74.     If you purchased or otherwise acquired Mohawk common stock during the period from April 28, 2017 through July 25, 2019, inclusive, for the beneficial interest of a person or entity other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from

16

Questions? Visit www.MohawkIndustriesSecuritiesLitigation.com, call 877-415-0648, or email Info@MohawkIndustriesSecuritiesLitigation.com

the Claims Administrator sufficient copies of the Notice and Claim Form ("Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to *Mohawk Industries Securities Litigation*, c/o JND Legal Administration, P.O. Box 91096, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may be obtained from the Settlement website, www.MohawkIndustriesSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 877-415-0648, or by emailing the Claims Administrator at MHKSecurities@jndla.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

75. This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.MohawkIndustriesSecuritiesLitigation.com. Copies of any related orders entered by the Court and certain other filings in this Action will be also posted on this website. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.gand.uscourts.gov/, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Northern District of Georgia, Rome Division, United States Courthouse, 600 East First Street, Rome, GA 30161-3149.

All inquiries concerning this Notice and the Claim Form should be directed to:

| *Mohawk Industries Securities Litigation* | and/or | Jonathan D. Uslaner, Esq. |
|---|---|---|
| c/o JND Legal Administration | | Bernstein Litowitz Berger & |
| P.O. Box 91096 | | Grossmann LLP |
| Seattle, WA 98111 | | 2121 Avenue of the Stars |
| 877-415-0648 | | Suite 2575 |
| Info@MohawkIndustriesSecuritiesLitigation.com | | Los Angeles, CA 90067 |
| www.MohawkIndustriesSecuritiesLitigation.com | | 800-380-8496 |
| | | settlements@blbglaw.com |

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: March 7, 2023

By Order of the Court
United States District Court
for the Northern District of Georgia

**APPENDIX A**

**Proposed Plan of Allocation of Net Settlement Fund
Among Authorized Claimants**

1.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who had economic losses as a result of the alleged violations of the federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

2.      In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period (*i.e.*, from April 28, 2017 through July 25, 2019, inclusive), which had the effect of artificially inflating the price of Mohawk common stock.  The estimated artificial inflation in Mohawk common stock allegedly caused by Defendants' alleged misrepresentations and omissions is stated in Table A attached to the end of this Notice.  The estimated artificial inflation takes into account price changes in Mohawk common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, and adjusts for price changes attributable to market or industry factors.  Lead Plaintiff alleges that corrective information was released to the market which partially removed the artificial inflation from the price of Mohawk common stock on July 26, 2018, October 26, 2018, and July 26, 2019.

3.      Recognized Loss Amounts under the Plan of Allocation are based primarily on the difference in the amount of alleged artificial inflation in the price of Mohawk common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase/acquisition price and sale price.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who or which purchased or otherwise acquired Mohawk common stock prior to the first corrective disclosure on July 26, 2018 must have held his, her, or its shares of Mohawk common stock through at least July 25, 2018.  A Class Member who or which purchased or otherwise acquired Mohawk common stock from July 26, 2018 through July 25, 2019 must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Mohawk common stock.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

4.      Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of publicly traded Mohawk common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

5.      For each share of publicly traded Mohawk common stock purchased or otherwise acquired during the period from April 28, 2017 through July 25, 2019, inclusive, and:

(i)      Sold before July 26, 2018, the Recognized Loss Amount will be $0.00.

(ii)      Sold from July 26, 2018 through and including July 25, 2019, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price *minus* the sale price.

(iii)      Sold from July 26, 2019 through the close of trading on October 23, 2019, the Recognized Loss Amount will be *the least of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price *minus* the average closing price between July 26, 2019 and the date of sale as stated in Table B attached at the end of this Notice; or (iii) the purchase/acquisition price *minus* the sale price.

(iv)      Held as of the close of trading on October 23, 2019, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price minus $120.54.[1]

## ADDITIONAL PROVISIONS

6.      **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 5 above.

7.      **FIFO Matching:** If a Class Member made more than one purchase/acquisition or sale of Mohawk common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

8.      **Purchase/Sale Prices:** For the purposes of calculations under ¶ 5 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

9.      **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of Mohawk common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or

---

[1] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Mohawk common stock during the "90-day look-back period," July 26, 2019 through and including October 23, 2019. The mean (average) closing price for Mohawk common stock during this 90-day look-back period was $120.54.

Appendix A – Page 2

operation of law of Mohawk common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Mohawk common stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Mohawk common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such Mohawk common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Mohawk common stock.

10.    **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Mohawk common stock.  The date of a "short sale" is deemed to be the date of sale of the Mohawk common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

11.    In the event that a Claimant has an opening short position in Mohawk common stock, the earliest purchases or acquisitions of Mohawk common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

12.    **Common Stock Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  With respect to Mohawk common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

13.    **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Mohawk common stock during the Class Period.  For purposes of making this calculation, the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[2] and (ii) the sum of the Claimant's Total Sales Proceeds[3] and the Claimant's Holding Value.[4]  If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

---

[2] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of Mohawk common stock purchased/acquired during the Class Period.

[3] The Claims Administrator shall match any sales of Mohawk common stock during the Class Period first against the Claimant's opening position in Mohawk common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, commissions, and taxes) for sales of the remaining shares of Mohawk common stock sold during the Class Period is the "Total Sales Proceeds."

[4] The Claims Administrator will ascribe a "Holding Value" of $128.84 to each share of Mohawk common stock purchased/acquired during the Class Period that was still held as of the close of trading on July 25, 2019.

Appendix A – Page 3

14.     If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Mohawk common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Mohawk common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim calculated pursuant to ¶¶ 5-6 above, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

15.     **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

16.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

17.     If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

18.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than six (6) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

19.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of

allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

20.      The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.MohawkIndustriesSecuritiesLitigation.com.

**TABLE A**

**Estimated Artificial Inflation in Mohawk Common Stock
from April 28, 2017 through July 25, 2019**

| Transaction Date Range | Artificial Inflation Per Share |
|---|---|
| April 28, 2017 through July 25, 2018 | $102.74 |
| July 26, 2018 through October 25, 2018 | $62.56 |
| October 26, 2018 through July 25, 2019 | $28.16 |
| July 26, 2019 or later | $0.00 |

## TABLE B

## 90-Day Look-Back Table for Mohawk Common Stock
## (Average Closing Price:  July 26, 2019 - October 23, 2019)

| Date | Average Closing Price Between 7/26/2019 and Date Shown | Date | Average Closing Price Between 7/26/2019 and Date Shown |
|---|---|---|---|
| 7/26/2019 | $128.84 | 9/11/2019 | $117.78 |
| 7/29/2019 | $126.66 | 9/12/2019 | $118.00 |
| 7/30/2019 | $126.19 | 9/13/2019 | $118.22 |
| 7/31/2019 | $125.82 | 9/16/2019 | $118.34 |
| 8/1/2019 | $125.13 | 9/17/2019 | $118.44 |
| 8/2/2019 | $124.34 | 9/18/2019 | $118.56 |
| 8/5/2019 | $123.47 | 9/19/2019 | $118.71 |
| 8/6/2019 | $122.73 | 9/20/2019 | $118.82 |
| 8/7/2019 | $122.25 | 9/23/2019 | $118.89 |
| 8/8/2019 | $121.82 | 9/24/2019 | $118.92 |
| 8/9/2019 | $121.36 | 9/25/2019 | $119.00 |
| 8/12/2019 | $120.74 | 9/26/2019 | $119.06 |
| 8/13/2019 | $120.29 | 9/27/2019 | $119.16 |
| 8/14/2019 | $119.73 | 9/30/2019 | $119.26 |
| 8/15/2019 | $119.11 | 10/1/2019 | $119.31 |
| 8/16/2019 | $118.62 | 10/2/2019 | $119.30 |
| 8/19/2019 | $118.36 | 10/3/2019 | $119.35 |
| 8/20/2019 | $118.06 | 10/4/2019 | $119.45 |
| 8/21/2019 | $117.95 | 10/7/2019 | $119.54 |
| 8/22/2019 | $117.87 | 10/8/2019 | $119.59 |
| 8/23/2019 | $117.59 | 10/9/2019 | $119.66 |
| 8/26/2019 | $117.41 | 10/10/2019 | $119.73 |
| 8/27/2019 | $117.20 | 10/11/2019 | $119.81 |
| 8/28/2019 | $117.03 | 10/14/2019 | $119.88 |
| 8/29/2019 | $117.02 | 10/15/2019 | $119.97 |
| 8/30/2019 | $117.09 | 10/16/2019 | $120.06 |
| 9/3/2019 | $116.99 | 10/17/2019 | $120.15 |
| 9/4/2019 | $116.92 | 10/18/2019 | $120.23 |
| 9/5/2019 | $116.95 | 10/21/2019 | $120.32 |
| 9/6/2019 | $117.01 | 10/22/2019 | $120.41 |
| 9/9/2019 | $117.15 | 10/23/2019 | $120.54 |
| 9/10/2019 | $117.42 | | |

# PROOF OF CLAIM AND RELEASE FORM

**Mohawk Industries Securities Litigation**
**Toll-Free Number:  1-877-415-0648**
**Email:  Info@MohawkIndustriesSecuritiesLitigation.com**
**Website:  www.MohawkIndustriesSecuritiesLitigation.com**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it, together with the required supporting documentation, either by mail or online.  If you choose to submit by **mail**, you must send the Claim Form, together with the required supporting documentation, by first-class mail to the address below, and your mailing must be **postmarked no later than July 5, 2023.**

> **Mail to:**      **Mohawk Industries Securities Litigation**
> **c/o JND Legal Administration**
> **P.O. Box 91096**
> **Seattle, WA 98111**

If you choose to submit the Claim Form, together with the required supporting documentation, **online**, you must do so **at www.MohawkIndustriesSecuritiesLitigation.com, no later than July 5, 2023.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator, JND Legal Administration, at the address set forth above.**

## CONTENTS

**02**   I.   CLAIMANT INFORMATION

**03**   II.   GENERAL INSTRUCTIONS

**06**   III.   SCHEDULE OF TRANSACTIONS IN PUBLICLY TRADED MOHAWK COMMON STOCK (TICKER: MWK, CUSIP: 608190104)

**08**   IV.   RELEASE OF CLAIMS AND SIGNATURE

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name

MI

Beneficial Owner's Last Name

Joint Beneficial Owner's First Name (*if applicable*)

MI

Joint Beneficial Owner's Last Name (*if applicable*)

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address 1

Street Address 2

City

State/Province

Zip Code

Foreign Postal Code (if applicable)

Foreign Country (if applicable)

Telephone Number (Day)

Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number

**Type of Beneficial Owner:** (Specify one of the following):

☐ Individual(s)     ☐ Corporation     ☐ UGMA Custodian     ☐ IRA     ☐ Partnership

☐ Estate     ☐ Trust     ☐ Other (describe): _____

2

# PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice.  IF YOU ARE NOT A CLASS MEMBER (*see* the definition of the Class on page 8 of the Notice, which sets forth who is included in and who is excluded from the Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

**3.      Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, the publicly traded common stock of Mohawk Industries, Inc. ("Mohawk").  On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of publicly traded Mohawk common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

5.      **Please note**:  Only publicly traded Mohawk common stock purchased during the Class Period (i.e., from April 28, 2017 through July 25, 2019, inclusive) is eligible under the Settlement.  However, sales of Mohawk common stock during the period from July 26, 2019 through and including the close of trading on October 23, 2019, will be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition and sale/disposition information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of publicly traded Mohawk common stock as set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Mohawk common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

Questions? Visit www.MohawkIndustriesSecuritiesLitigation.com, call 877-415-0648, or email Info@MohawkIndustriesSecuritiesLitigation.com

To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

7.    Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Mohawk common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the Mohawk common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of Mohawk common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the stock, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8.    **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA holdings and transactions with holdings and transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Mohawk common stock made on behalf of a single beneficial owner.

9.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Mohawk common stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the Mohawk common stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

11.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.    **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant

Questions? Visit www.MohawkIndustriesSecuritiesLitigation.com, call 877-415-0648, or email Info@MohawkIndustriesSecuritiesLitigation.com

To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at Info@MohawkIndustriesSecuritiesLitigation.com, or by toll-free phone at 877-415-0648, or you can visit the Settlement website, www.MohawkIndustriesSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.    NOTICE REGARDING ELECTRONIC FILES:    Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.MohawkIndustriesSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at MHKSecurities@JNDLA.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at MHKSecurities@jndla.com to inquire about your file and confirm it was received.**

**IMPORTANT:  PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD (IF YOU SUBMITTED THE CLAIM FORM AND REQUIRED SUPPORTING DOCUMENTATION BY MAIL) OR EMAIL (IF YOU SUBMITTED THE CLAIM FORM AND REQUIRED SUPPORTING DOCUMENTATION ONLINE).  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR EMAIL WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 877-415-0648.**

# PART III – SCHEDULE OF TRANSACTIONS IN PUBLICLY TRADED MOHAWK COMMON STOCK

Use this section to provide information on your holdings and trading of publicly traded Mohawk common stock during the requested time periods.  Mohawk common stock trades on the New York Stock Exchange under the ticker symbol "MHK" and the CUSIP number for the security is 608190104.  Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6 above.  Do not include information regarding securities other than Mohawk common stock.

| | |
|---|---|
| **1. HOLDINGS AS OF APRIL 28, 2017 –** State the total number of shares of publicly traded Mohawk common stock held as of the opening of trading on April 28, 2017. (Must be documented.)  If none, write "zero" or "0." | **Confirm Proof of Holding Position Enclosed** ☐ |

**2. PURCHASES/ACQUISITIONS FROM APRIL 28, 2017 THROUGH JULY 25, 2019, INCLUSIVE –** Separately list each and every purchase/acquisition (including free receipts) of publicly traded Mohawk common stock from after the opening of trading on April 28, 2017 through and including the close of trading on July 25, 2019.  (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding fees, commissions, and taxes) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**3. PURCHASES/ACQUISITIONS FROM JULY 26, 2019 THROUGH OCTOBER 23, 2019, INCLUSIVE** – State the total number of shares of publicly traded Mohawk common stock purchased/acquired (including free receipts) from after the opening of trading on July 26, 2019 through and including the close of trading on October 23, 2019.  (Must be documented.)  If none, write "zero" or "0."[1]

---

[1] **Please note**:  Information requested with respect to your purchases/acquisitions of publicly traded Mohawk common stock from after the opening of trading on July 26, 2019 through and including the close of trading October 23, 2019, is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.

6

Questions? Visit www.MohawkIndustriesSecuritiesLitigation.com, call 877-415-0648, or email Info@MohawkIndustriesSecuritiesLitigation.com

To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

| 4. SALES FROM APRIL 28, 2017 THROUGH OCTOBER 23, 2019, INCLUSIVE – Separately list each and every sale/disposition (including free deliveries) of publicly traded Mohawk common stock from after the opening of trading on April 28, 2017 through and including the close of trading on October 23, 2019. (Must be documented.) | | | | IF NONE, CHECK HERE ☐ |
|---|---|---|---|---|
| **Date of Sale (List Chronologically) (Month/Day/Year)** | **Number of Shares Sold** | **Sale Price Per Share** | **Total Sale Price (not deducting any fees, commissions, and taxes)** | **Confirm Proof of Sale Enclosed** |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| **5. HOLDINGS AS OF OCTOBER 23, 2019** – State the total number of shares of publicly traded Mohawk common stock held as of the close of trading on October 23, 2019. (Must be documented.)  If none, write "zero" or "0." | | | | **Confirm Proof of Holding Position Enclosed** ☐ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.  ☐**

Questions? Visit www.MohawkIndustriesSecuritiesLitigation.com, call 877-415-0648, or email Info@MohawkIndustriesSecuritiesLitigation.com

To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

# PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 9 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated January 13, 2023, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.     that the claimant(s) did *not* submit a request for exclusion from the Class;

4.     that I (we) own(ed) the Mohawk common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another;

5.     that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

6.     that the claimant(s) has (have) not submitted any other claim covering the same purchases of Mohawk common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

7.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

8.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

9.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waives any right of appeal or review with respect to such determination;

10.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

Questions? Visit www.MohawkIndustriesSecuritiesLitigation.com, call 877-415-0648, or email Info@MohawkIndustriesSecuritiesLitigation.com

To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

11.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____          _____
Signature of claimant                                     Date


_____
Print claimant name here


_____          _____
Signature of joint claimant, if any                  Date


_____
Print joint claimant name here


***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***


_____          _____
Signature of person signing on behalf of claimant       Date


_____
Print name of person signing on behalf of claimant here


_____
Capacity of person signing on behalf of claimant, if other than an individual, e.g., executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – *see* ¶ 9 on page 4 of this Claim Form.)

Questions? Visit www.MohawkIndustriesSecuritiesLitigation.com, call 877-415-0648, or email Info@MohawkIndustriesSecuritiesLitigation.com

To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

# REMINDER CHECKLIST



1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.





3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. If you submit the Claim Form and required supporting documents by mail, the Claims Administrator will acknowledge receipt of your Claim Form by postcard within 60 days of your submission.  If you submit the Claim Form and required supporting documents online, the Claims Administrator will acknowledge receipt of your Claim Form by email within 60 days of your submission.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard or email within 60 days, please call the Claims Administrator toll free at 877-415-0648.**





6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at Info@MohawkIndustriesSecuritiesLitigation.com, or by toll-free phone at 877-415-0648, or you may visit www.MohawkIndustriesSecuritiesLitigation.com.  DO NOT call Mohawk or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST EITHER BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL **POSTMARKED NO LATER THAN JULY 5, 2023, OR SUBMITTED ONLINE AT WWW.MOHAWKINDUSTRIESSECURITIESLITIGATION.COM NO LATER THAN JULY 5, 2023.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Mohawk Industries Securities Litigation*
**c/o JND Legal Administration
P.O. Box 91096
Seattle, WA 98111**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before July 5, 2023, is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

10

Questions? Visit www.MohawkIndustriesSecuritiesLitigation.com, call 877-415-0648, or email Info@MohawkIndustriesSecuritiesLitigation.com

To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

Mohawk Industries Securities Litigation
c/o JND Legal Administration
P.O. Box 91096
Seattle, WA 98111

Presorted
First Class Mail
U.S. Postage
PAID
Philadelphia, PA
Permit No. 5634

Notice to those who purchased or otherwise acquired publicly traded
Mohawk Industries, Inc. common stock
from April 28, 2017 through July 25, 2019, inclusive.

If you purchased or otherwise acquired publicly traded
Mohawk Industries, Inc. common stock from April 28, 2017 through July 25, 2019,
inclusive, you could get a payment from a class action settlement.

# EXHIBIT B

# BUSINESS NEWS

## McKinsey Advised Opioid Makers, VA at Same Time

BY ALEXANDER GLADSTONE

Since at least 2009, **McKinsey** & Co. has been a consultant to the U.S. Department of Veterans Affairs, the federal agency that oversees healthcare for millions of retired military service members. During part of that time, the consulting giant also advised some of the world's biggest opioid producers to target the agency for sales of their products, according to newly released documents.

The firm advised opioid companies including Purdue Pharma LP and **Endo International** PLC on how to increase sales to the VA through both new and existing channels, the documents show. Meanwhile, McKinsey earned at least $117 million consulting for the VA, primarily on matters related to healthcare services for veterans, according to government records.

Purdue and Endo both filed for bankruptcy in recent years to shield themselves from mass lawsuits alleging they fueled the opioid crisis, while McKinsey's work for those companies and others subjected it to litigation of its own.

The firm in 2021 reached a $642 million settlement of opioid-related lawsuits from all 50 state attorneys general, in which it didn't admit wrongdoing. It agreed in the settlement to make public certain documents concerning its past work for opioid companies and began releasing records last year.

The documents establish that McKinsey identified the VA as an important sales target for its corporate clients in the opioid industry, at a time that the firm also did consulting work for the agency.

A McKinsey spokesman said that the firm advised the VA on matters unrelated to opioid procurement and denied that the firm's simultaneous work for opioid manufacturers was a conflict of interest.

While its consulting work for the VA was ongoing, McKinsey during the 2010s wrote presentations for its pharmaceutical clients that recommended they aim for the agency to accept their new opioid products to prescribe to veterans or to increase sales of their opioid products that the agency had already accepted.

The McKinsey spokesman said that "we follow robust policies and comply with the relevant laws and regulations, including those pertaining to procurement and conflicts."

Mike Quinn, a lawyer who represents a group of opioid victims in Purdue's bankruptcy case, said the recently released documents showing McKinsey's dual role advising the VA and the opioid makers raise the question "who was McKinsey really serving here? The VA or Purdue? They need to pick a lane."

McKinsey clients Purdue, Endo, **Mallinckrodt** PLC and **Actavis Generics** accounted for 90% of opioid pills sold in the U.S. between 2006 and 2014, according to data compiled by the Food and Drug Administration. Purdue, Endo and Mallinckrodt didn't respond to requests for comment. **Teva Pharmaceutical Industries** Ltd., which acquired Actavis Generics in 2016, also didn't respond to a request for comment.

The McKinsey spokesman said the firm no longer works with these companies and stopped all work on opioid-specific business in 2019.



The fast-fashion company known for its ultralow prices is accused of paying a lower tariff rate that was intended for individual buyers.

## Clothes Retailer Shein Probed Over South Africa Complaints

**Union, industry groups allege company evades tariffs by sending items in small packages**

BY ALEXANDRA WEXLER

JOHANNESBURG—South Africa's government said Monday that it is investigating fast-fashion company **Shein** following complaints from the local textile union and industry association that it may be exploiting tax loopholes to gain an unfair advantage in Africa's most developed economy.

A spokesman for the Department of Trade, Industry and Competition declined to provide details on the investigation, but he said that it was initiated in response to concerns raised by labor and industry groups. The issues raised by the South African groups resemble complaints by manufacturers and unions in the U.S. that claim that Shein

and other Chinese retailers are taking advantage of an exception in U.S. customs law that allows them to import goods without paying tariffs.

The South African probe is the first time a government has confirmed an official investigation into Shein's import practices. Closely held Shein, which was founded in China but is now based in Singapore, has become one of the world's largest online fashion retailers by shipping ultralow-priced merchandise from China directly to consumers in more than 150 countries. Women's tops on Shein's website sell for as little as $2 and some dresses can be purchased for less than $5.

The Southern African Clothing and Textile Workers' Union and the National Clothing Retail Federation of South Africa allege that Shein deliberately sends its goods in small packages of lesser value to reduce import duties. Those duties have been put in place to help local industry compete

against cheap imports.

"The initial indications that we've seen based on import documents is that the company uses a loophole that is really intended for individual customers," said Etienne Vlok, the union's national industrial policy officer. "Below a certain value threshold, you don't have to pay the same taxes as someone importing tens of thousands of garments."

The South African government normally charges tariffs of between 40% and 45% on imported clothing, depending on the value, but Shein may be paying as little as 10% to 20%, Mr. Vlok said.

"If that is the case, we should be looking at a way to close that loophole," he said. Shein "doesn't seem to be playing by the rules others are playing by."

A Shein spokesperson said the company is committed to complying with local laws and regulations of the markets in which it operates.

Groups in the U.S., such as

the Coalition for a Prosperous America, which includes U.S. manufacturers and labor associations, have raised similar concerns about a law, known as the *de minimis* rule. This law allows American tourists to bring back souvenirs from overseas duty-free and is now being used by companies to avoid paying billions of dollars in tariffs.

The law allows U.S. retailers that sell Chinese imports and Chinese companies that sell directly to American consumers to avoid tariffs as long as goods are packaged and addressed to individual buyers and fall below an $800 cap.

"The fact of Shein having very, very aggressive—as in low—price points is kind of a worldwide phenomenon," said Michael Lawrence, executive director of the National Clothing Retail Federation of South Africa. "It's not just my membership that is trying to get their heads around what allows for such aggressively low price points."

McKinsey denied that the work represented a conflict of interest.

## AI Food Startup Hires Activision Marketer

BY PATRICK COFFEE

The Not Co. or NotCo, a Chilean startup that uses artificial-intelligence technology to produce plant-based foods that mimic dairy and meat products, has hired Fernando Machado as chief marketing officer. He succeeds Flavia Buchmann, who left the company in late 2022.

Mr. Machado had been CMO at videogame company **Activision Blizzard** Inc. since April 2021 and previously led marketing for fast-food chain Burger King and its parent company, **Restaurant Brands International** Inc. Mr. Machado will develop a marketing plan to help NotCo break through into the U.S. market, said Matias Muchnick, its co-founder and chief executive. NotCo has also brought on an unnamed U.S. general manager to work alongside Mr. Machado and will announce that hire in the coming weeks, according to a company spokeswoman.

Other makers of plant-based foods, most notably **Impossible Foods** Inc. and **Beyond Meat** Inc., have attempted to establish a steady presence in the market by catering to a consumer interest in meat substitutes. But sales of meat substitutes in U.S. grocery stores fell in 2022, and Impossible Foods and Beyond Meat each recently hired new heads of marketing to more actively promote their products.

NotCo is looking to learn from these companies' challenges, said Mr. Muchnick. It has entered a range of product categories and signed deals with larger food brands while using its tech as a point of dif-

ferentiation. In addition to selling its own branded products, NotCo also licenses its proprietary AI technology so other manufacturers can produce plant-based foods.

Marketing efforts will incorporate the machine-learning tools that NotCo uses to create plant-based alternatives for products such as mayonnaise, fried chicken and ice cream, said Mr. Muchnick.

The best use of NotCo's AI tools to date came in 2021, when fast-casual chain **Shake Shack** Inc. tasked the startup with creating a dairy-free replica of its frozen custards and shakes in three weeks, according to Mr. Muchnick. The chain later began selling the resulting product at locations in New York and Miami, and Shake Shack co-founder Danny Meyer became an investor in NotCo through private-equity fund Enlightened Hospitality Investments, Mr. Muchnick said.

NotCo will lean on its partnerships with packaged-goods conglomerate **Kraft Heinz** Co. and quick-service chains such as **Starbucks** Corp. and Burger King, as well as its distribution deals with retailers including Whole Foods Market and **Kroger** Co. Its messaging will focus on promoting a range of products rather than producing high-level campaigns explaining how its AI tools work, Mr. Machado said. NotCo, which maintains a relatively small marketing budget, also will run campaigns promoting co-branded products, such as Kraft Heinz's NotCheese, created in partnership with that company and others, according to Mr. Machado.

---

ADVERTISEMENT

# The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds

---

### CAREERS

**M & A BUSINESS BROKERS**
Buying and Selling Businesses

**6 Figure Commissions**
As an Independent Contractor
Our 38th Year
Gottesman Company
Work From Home / Outside Sales
Support Services & Training
Send Letter & Resume to:
brokers@gottesman-company.com

---

### NOTICE OF SALE

SUPREME COURT • COUNTY OF NEW YORK MICHAELANGELO GRM FLATIRON LLC, NEW TURPLE CROWN LLC, FLATIRON NEWMARK PARTNERS LLC and FLATIRON ACQUISITION LLC, Plaintiffs •against• NRS FLATIRON LLC, Defendant, Pursuant to an Interlocutory Judgment dated January 6, 2023 and entered on January 10, 2023, I, the undersigned Referee, will sell at a public auction, to be held outside at the portico at the front entrance of the New York County Courthouse, located at 60 Centre Street, New York, New York, or such other space in said Courthouse as the Court may designate, on March 22, 2023 at 2:00 p.m., the real property located at 275 Fifth Avenue, New York, New York, being the building commonly known as "The Flatiron Building," and described as follows: Block 851, Lot 1 on the Tax map of the Borough of Manhattan, and more particularly described as follows: ALL that certain plot, piece, or parcel of land, lying and being in the Borough of Manhattan, County, City, and State of New York, and being more particularly bounded and described as follows: BEGINNING at the corner formed by the intersection of the northerly side of East 22nd Street and easterly side of Fifth Avenue; THENCE easterly along the northerly side of East 22nd Street, 85 feet 8 inches to the westerly side of Broadway; THENCE northerly along the westerly side of Broadway, Square South, 2 feet to the easterly side of Fifth Avenue; THENCE southerly along the easterly side of Fifth Avenue, 197 feet 6 inches to the point or place of BEGINNING. The Premises will be sold subject to the provisions of the said Interlocutory Judgment and Terms of Sale, which may be examined at the New York County Supreme Court's electronic docket under Index Number 654176/2021. The purchaser shall pay the charge for recording the deed, to be given by the Referee, any charge or tax (including any applicable real property transfer taxes) upon the delivery or recording of said deed, and the reasonable charge of the Referee for drawing the deed. The reasonable costs of the Referee's actions are expenses of the sale and shall be paid by the Referee from the proceeds of the sale. At the conclusion of the auction sale, the successful bidder will be required to agree to be bound by the terms of the Interlocutory Judgment and Terms of Sale, including but not limited to the terms specifying the successful bidder's liability for damages in the event of a default, and to pay a down payment of ten percent (10%) of the amount of the successful bid as set forth in the Interlocutory Judgment and Terms of Sale. Please consult the Interlocutory Judgment and Terms of Sale for other conditions applicable to this auction. PETER A. AXELROD, ESQ., Referee 260 Madison Avenue, 15th Floor New York, New York 10016

---

### CLASS ACTION

### LEGAL NOTICE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**
PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated, Plaintiff, v.
MOHAWK INDUSTRIES, INC. and JEFFREY S. LORBERBAUM, Defendants.
Civ. A. No. 4:20-cv-00005-VMC

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons or entities who purchased or otherwise acquired publicly traded common stock of Mohawk Industries, Inc. ("Mohawk") during the period from April 28, 2017 through July 25, 2019, inclusive (the "Class Period"), and who were damaged thereby (the "Class").¹**

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Georgia (the "Court"), that the above-captioned litigation (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiff, Public Employees' Retirement System of Mississippi, has reached a proposed settlement of the Action for $60,000,000 in cash (the "Settlement") on behalf of the Class, that, if approved, will resolve all claims in the Action.

A hearing will be held on **May 31, 2023, at 10:00 a.m.**, before the Honorable Victoria M. Calvert, either in person at the United States District Court for the Northern District of Georgia, Courtroom 2105, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303-3309, or by telephone or videoconference (in the discretion of the Court) for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated January 13, 2023 (the "Stipulation") is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and Proof of Claim and Release Form ("Claim Form"), you may obtain copies

of these documents by contacting the Claims Administrator by mail at *Mohawk Industries Securities Litigation*, c/o JND Legal Administration, P.O. Box 91096, Seattle, WA 98111; by telephone at 877-415-0648; or by email at info@MohawkIndustriesSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.MohawkIndustriesSecuritiesLitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form either by mail or online, in accordance with the instructions set forth in the Claim Form. If mailed, the Claim Form **must be postmarked no later than July 5, 2023**. If submitted online at www.MohawkIndustriesSecuritiesLitigation.com, the Claim Form **must be submitted no later than July 5, 2023.** If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in connection with the Settlement.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion either by mail or email, in accordance with the instructions set forth in the Notice. If mailed, the request for exclusion **must be postmarked no later than May 10, 2023**. If submitted by email, the request for exclusion **must be submitted no later than May 10, 2023.** If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Representative Defendants' Counsel **no later than May 10, 2023**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Jonathan D. Uslaner, Esq.
Bernstein Litowitz Berger & Grossmann LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
800-380-8496
settlements@blbglaw.com

Requests for the Notice and Claim Form should be made to:

*Mohawk Industries Securities Litigation*
c/o JND Legal Administration
P.O. Box 91096
Seattle, WA 98111
877-415-0648
info@MohawkIndustriesSecuritiesLitigation.com
www.MohawkIndustriesSecuritiesLitigation.com

By Order of the Court

¹ Certain persons and entities are excluded from the Class by definition, as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

www.MohawkIndustriesSecuritiesLitigation.com      1-877-415-0648

# EXHIBIT C

# Bernstein Litowitz Berger & Grossmann LLP Announces Notice of Pendency and Proposed Settlement of Class Action Involving Persons or Entities who Purchased or Otherwise Acquired Publicly Traded Common Stock of Mohawk Industries Inc. from April 28, 2017 through July 25, 2019, inclusive

NEWS PROVIDED BY
**JND Legal Administration →**
Mar 14, 2023, 09:24 ET

SEATTLE, March 14, 2023 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF GEORGIA**

**ROME DIVISION**

PUBLIC EMPLOYEES' RETIREMENT
SYSTEM OF MISSISSIPPI, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

Civ. A. No. 4:20-cv-00005-VMC

MOHAWK INDUSTRIES, INC. and JEFFREY
S. LORBERBAUM,

Defendants.

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR <u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

**TO:  All persons or entities who purchased or otherwise acquired publicly traded common stock of Mohawk Industries, Inc. ("Mohawk") during the period from April 28, 2017 through July 25, 2019, inclusive (the "Class Period"), and who were damaged thereby (the "Class").**

Certain persons and entities are excluded from the Class by definition, as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Georgia (the "Court"), that the above-captioned litigation (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiff, Public Employees' Retirement System of Mississippi, has reached a proposed settlement of the Action for $60,000,000 in cash (the "Settlement") on behalf of the Class, that, if approved, will resolve all claims in the Action.

A hearing will be held on **May 31, 2023, at 10:00 a.m.**, before the Honorable Victoria M. Calvert, either in person at the United States District Court for the Northern District of Georgia, Courtroom 2105, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303-3309, or by telephone or videoconference (in the discretion of the Court) for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated January 13, 2023 (the "Stipulation") is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  If you have not yet received the Notice and Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator by mail at *Mohawk Industries Securities Litigation*, c/o JND Legal Administration, P.O. Box 91096, Seattle, WA 98111; by telephone at 877-415-0648; or by email at info@MohawkIndustriesSecuritiesLitigation.com.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.MohawkIndustriesSecuritiesLitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form either by mail or online, in accordance with the instructions set forth in the Claim Form.  If mailed, the Claim Form **must be *postmarked* no later than July 5, 2023**.  If submitted online at www.MohawkIndustriesSecuritiesLitigation.com, the Claim Form **must be *submitted* no later than July 5, 2023**.  If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in connection with the Settlement.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion either by mail or email, in accordance with the instructions set forth in the Notice.  If mailed, the request for exclusion **must be *postmarked* no later than May 10, 2023**.  If submitted by email, the request for exclusion **must be *submitted* no later than May 10, 2023**.  If

you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Representative Defendants' Counsel **no later than May 10, 2023**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice.** All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Jonathan D. Uslaner, Esq.

Bernstein Litowitz Berger & Grossmann LLP

2121 Avenue of the Stars, Suite 2575

Los Angeles, CA 90067

800-380-8496

settlements@blbglaw.com

Requests for the Notice and Claim Form should be made to:

*Mohawk Industries Securities Litigation*

c/o JND Legal Administration

P.O. Box 91096

Seattle, WA 98111

877-415-0648

info@MohawkIndustriesSecuritiesLitigation.com

www.MohawkIndustriesSecuritiesLitigation.com

By Order of the Court

SOURCE JND Legal Administration