**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>   v.<br><br>MOHAWK INDUSTRIES, INC. and JEFFREY S. LORBERBAUM,<br><br>        Defendants. | Civ. A. No. 4:20-cv-00005-VMC |

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF (I) LEAD PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S
MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................. iii

PRELIMINARY STATEMENT ............................................................................1

ARGUMENT ........................................................................................................2

I.     NOT A SINGLE CLASS MEMBER OBJECTED TO THE
SETTLEMENT, PLAN OF ALLOCATION, OR FEE AND
EXPENSE REIMBURSEMENT REQUEST ................................................2

II.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF
THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE
REQUESTED ATTORNEYS' FEES AND LITIGATION
EXPENSES....................................................................................................4

CONCLUSION .....................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Access Now, Inc. v. Claire Stores, Inc.*,
No. 00–14017–CIV., 2002 WL 1162422 (S.D. Fla. May 7, 2002)......................4

*In re Arby's Rest. Grp., Inc. Data Sec. Litig.*,
Case No. 1:17-cv-1035-WMR, 2019 WL 2720818 (N.D. Ga. June
6, 2019) ...................................................................................................................4

*In re Bisys Sec. Litig.*,
No. 04 Civ. 3840 (JSR), 2007 WL 2049726 (S.D.N.Y. July 16,
2007) ......................................................................................................................6

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*,
Civ. A. File No. 1:04-cv-3066-JEC, 2012 WL 12540344 (N.D. Ga.
Oct. 26, 2012) ........................................................................................................5

*In re Food Serv. Equip. Hardware Antitrust Litig.*,
Case File 1:10-cv-1849-WSD, 2011 WL 13175440 (N.D. Ga. Dec.
28, 2011) ................................................................................................................5

*In re Lucent Techs. Inc., Sec. Litig.*,
307 F. Supp. 2d 633 (D.N.J. 2004)........................................................................5

*In re NetBank, Inc. Sec. Litig.*,
Civ. A. No. 1:07-cv-2298-TCB, 2011 WL 13176646 (N.D. Ga.
Nov. 9, 2011) .........................................................................................................4

*In re Piedmont Off. Realty Tr. Inc. Sec. Litig.*,
Civ. A. No. 1:07-cv-02660-CAP, 2013 WL 12205636 (N.D. Ga.
Apr. 18, 2013).........................................................................................................4

*In re Piedmont Off. Realty Tr. Inc. Sec. Litig.*,
Civ. A. No. 1:07-cv-02660-CAP, 2013 WL 12205681 (N.D. Ga.
Jan. 2, 2013)...........................................................................................................3

*Pinto v. Princess Cruises Lines, Ltd.*,
   513 F. Supp. 2d 1334 (S.D. Fla. 2007) .................................................................5

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005) ...............................................................................6

*In re Veeco Instruments Inc. Sec. Litig.*,
   No. 05 MDL 01695 (CM), 2007 WL 4115809 (S.D.N.Y. Nov. 7,
   2007) ..................................................................................................................5

**STATUTES**

Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*..............................................3

Lead Plaintiff Public Employees' Retirement System of Mississippi ("MissPERS" or "Lead Plaintiff"), on behalf of itself and the other members of the certified Class, and Lead Counsel respectfully submit this memorandum of law in further support of (i) Lead Plaintiff's motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation, and (ii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.

## PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in exchange for a cash payment of $60,000,000. If approved, the Settlement would be the fifth largest securities class action recovery in Georgia's history. As detailed in Lead Plaintiff's and Lead Counsel's opening papers (ECF Nos. 129-131), the Settlement is the product of nearly three years of hard-fought litigation and extensive arm's-length settlement negotiations that involved a mediation process overseen by a former federal judge, who is an experienced class action mediator. Prior to reaching a resolution, Lead Counsel conducted an extensive investigation and discovery, which included a review of nearly one million pages of documents produced by Defendants and third parties, eighteen document subpoenas, and seventeen depositions.

The reaction of the Class to the proposed Settlement confirms that it is an excellent result for Class Members. Following an extensive Court-approved notice program—which included the mailing of more than 221,000 copies of the Notice to potential Class Members and nominees—not a single Class Member objected to the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and expenses. The absence of any objection by institutional investors—which held approximately 82% of the shares of Mohawk common stock outstanding during the Class Period—is additional evidence of the fairness and reasonableness of the proposed Settlement, the Plan of Allocation, and the fee and expense request.

## ARGUMENT

**I.   NOT A SINGLE CLASS MEMBER OBJECTED TO THE SETTLEMENT, PLAN OF ALLOCATION, OR FEE AND EXPENSE REIMBURSEMENT REQUEST**

In accordance with the Court's February 3, 2023 Order Granting Plaintiff's Motion to Preliminarily Approve Settlement (the "Preliminary Approval Order") (ECF No. 122), Lead Counsel and the Court-approved Claims Administrator, JND, embarked upon an extensive notice program. The notice program included, among other things: (i) mailing 221,683 copies of the Court-approved Notice and Claim Form to potential Class Members and nominees; (ii) publishing the Court-

approved summary notice in the *Wall Street Journal* and transmitting the summary notice over the *PR Newswire*; and (iii) hosting a website (www.MohawkIndustriesSecuritiesLitigation) that included the Notice, Claim Form, and relevant court filings. *See* Supplemental Declaration of Luiggy Segura, attached hereto as Exhibit 1; *see also* ECF No. 131-3. In addition, pursuant to the Stipulation, Defendants issued notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*. *See* ECF No. 133.

The Court-approved Notice provided Class Members with a detailed description of the terms of the proposed Settlement, Plan of Allocation, and request for attorneys' fee and expenses. The Notice also explained to Class Members their right to object to the proposed Settlement, Plan of Allocation, or request for attorneys' fee and expenses. The Notice program satisfied the requirements of the PSLRA and was consistent with notice programs approved by courts in this District and around the country. *See, e.g.*, Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement at 6-7, *In re Equifax Inc. Sec. Litig.*, No. 1:17-cv-03463-TWT (N.D. Ga. Feb. 25, 2020), ECF No. 163; Final Judgment at 5-6, *In re Equifax Inc. Sec. Litig.*, No. 1:17- CV03463-TWT (N.D. Ga. July 1, 2020), ECF No. 182 (approving comparable notice plan); *In re Piedmont Off. Realty Tr. Inc. Sec. Litig.*, Civ. A. No. 1:07-cv-02660-CAP,

2013 WL 12205681, at *2-3 (N.D. Ga. Jan. 2, 2013); *In re Piedmont Off. Realty Tr. Inc. Sec. Litig.*, Civ. A. No. 1:07-cv-02660-CAP, 2013 WL 12205636, at *3 (N.D. Ga. Apr. 18, 2013) (same).

Lead Plaintiff and Lead Counsel are pleased to report that not a single Class Member submitted an objection to any aspect of the Settlement, Plan of Allocation, or request for attorneys' fee and expenses.[1]

## II.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

The absence of any objections to the proposed Settlement supports a finding that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *In re Arby's Rest. Grp., Inc. Data Sec. Litig.*, Case No. 1:17-cv-1035-WMR, 2019 WL 2720818, at *1 (N.D. Ga. June 6, 2019) ("The lack of objection is a strong indicator that . . . the settlement agreement . . . [is] reasonable and fair."); *In re NetBank, Inc. Sec. Litig.*, Civ. A. No. 1:07-cv-2298-TCB, 2011 WL 13176646, at *5 (N.D. Ga. Nov. 9, 2011) ("The absence of any objection to the settlement here further supports final approval."); *Access Now, Inc. v. Claire Stores, Inc.*, No. 00–14017–CIV., 2002 WL

---

[1] Additionally, only two "opt-outs" were received, beyond those submitted by investors who previously filed individual actions before the announcement of the Settlement.

1162422, at *7 (S.D. Fla. May 7, 2002) ("The fact that no objections have been filed strongly favors approval of the settlement.").

Likewise, the lack of any objections from Class Members supports approval of the Plan of Allocation. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation."); *In re Lucent Techs. Inc., Sec. Litig.*, 307 F. Supp. 2d 633, 649 (D.N.J. 2004) (finding that the "favorable reaction of the Class supports approval of the proposed Plan of Allocation" where there were no objections).

Finally, "[t]he lack of objections to the attorneys' fee and expense award is evidence that the requested fee is fair." *In re Food Serv. Equip. Hardware Antitrust Litig.*, Case File 1:10-cv-1849-WSD, 2011 WL 13175440, at *4 (N.D. Ga. Dec. 28, 2011); *see also Columbus Drywall & Insulation, Inc. v. Masco Corp.*, Civ. A. File No. 1:04-cv-3066-JEC, 2012 WL 12540344, at *7 (N.D. Ga. Oct. 26, 2012) ("the absence of any objection by class members" supported the requested "award of attorney fees equal to one-third of the settlement fund"); *Pinto v. Princess Cruises Lines, Ltd.*, 513 F. Supp. 2d 1334, 1343 (S.D. Fla. 2007) ("That this sizeable class

5

did not give rise to a single objection on the fees request further justifies the full award.").

The absence of any objection is particularly noteworthy in this case because the vast majority of Mohawk's stock was owned by institutional investors—who are generally sophisticated and possess the resources to submit an objection. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request) (citation omitted); *In re Bisys Sec. Litig.*, No. 04 Civ. 3840 (JSR), 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (lack of objections from institutional investors supported the approval of fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

## CONCLUSION

For these reasons and those set forth in the opening papers, the proposed Settlement, Plan of Allocation, and request for attorneys' fees and expenses should be approved.

Copies of the (i) proposed Judgment; (ii) proposed Order approving the Plan of Allocation; and (iii) proposed Order awarding attorneys' fees and Litigation Expenses are attached hereto as Exhibits 2, 3, and 4, respectively.

Dated: May 24, 2023

Respectfully submitted,

*/s/ John C. Browne*
John C. Browne
(admitted *pro hac vice*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 554-1400
Fax: (212) 554-1444
JohnB@blbglaw.com

-and-

Jonathan D. Uslaner (admitted *pro hac vice*)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel.: (310) 819-3472
JonathanU@blbglaw.com

*Lead Counsel for Lead Plaintiff and the Class*

H. Lamar Mixson
Georgia Bar No. 514012
Amanda Kay Seals
Georgia Bar No. 502720
**BONDURANT MIXSON & ELMORE LLP**
1201 West Peachtree Street NW
Suite 3900
Atlanta, Georgia 30309

7

Tel.: (404) 881-4100
Fax: (404) 881-4111
mixson@bmelaw.com
seals@bmelaw.com

*Liaison Counsel for Lead Plaintiff Public
Employees' Retirement System of Mississippi
and the Class*

John L. Davidson (admitted *pro hac vice)*
**DAVIDSON BOWIE, PLLC**
1062 Highland Colony Parkway
200 Concourse, Suite 275
Ridgeland, MS 39157
Tel.: (601) 932-0028
jdavidson@dbslawfirm.net

*Additional Counsel for Lead Plaintiff Public
Employees' Retirement System of Mississippi*

## <u>RULE 7.1(D) CERTIFICATION</u>

The undersigned counsel certifies that this document has been prepared in

Times New Roman, 14-point font in compliance with Local Rule 5.1(C).

<u>*/s/ John C. Browne*</u>
John C. Browne

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2023, I filed the foregoing REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES using the Court's CM/ECF system, which will automatically send notification to counsel of record.

/s/ John C. Browne
John C. Browne (admitted *pro hac vice*)