UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>    v.<br><br>MOHAWK INDUSTRIES, INC. and JEFFREY S. LORBERBAUM,<br><br>            Defendants. | Civ. A. No. 4:20-cv-00005-VMC |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc., et al.*, Civil Action No. 4:20-cv-00005-VMC (the "Action");

WHEREAS, on November 28, 2022, the Court issued an Order certifying a class consisting of all persons or entities who purchased or otherwise acquired publicly traded common stock of Mohawk Industries, Inc. ("Mohawk") during the period from April 28, 2017 through July 25, 2019, inclusive (the "Class Period"), and who were damaged thereby (the "Class");[1]

---

[1] Excluded from the Class are: (i) Defendants; (ii) the Officers and directors of Mohawk at all relevant times; (iii) members of the Officers' or directors' Immediate Families and their legal representatives, heirs, agents, affiliates, successors, or

WHEREAS, (a) lead plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and the Class; and (b) defendants Mohawk and Jeffrey S. Lorberbaum (together, "Defendants") have entered into a Stipulation and Agreement of Settlement dated January 13, 2023 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of the Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated February 3, 2023 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

---

assigns; (iv) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (v) any entity in which Defendants or their Immediate Families have or had a controlling interest. Also excluded from the Class are the persons and entities listed on Exhibit 1 hereto, who or which are excluded from the Class pursuant to request.

WHEREAS, the Court conducted a hearing on May 31, 2023 (the "Settlement Hearing"), to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on January 20, 2023; and (b) the Notice and the Summary Notice, both of which were filed with the Court on April 26, 2023.

3. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the

circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*., as amended, and all other applicable laws and rules.

4. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided under the Stipulation, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class. Specifically, the Court finds

that (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. The Action and all claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Class Members (regardless of whether any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

7.  **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)  Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

(b)  Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any

or all of the Released Defendants' Claims against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

8. Notwithstanding paragraphs 7(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

10. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of

any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to

this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

11. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

12. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

13. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court,

Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the Parties' agreement in principle on December 13, 2022, as provided in the Stipulation.

15. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 31st day of May 2023.

_____
The Honorable Victoria M. Calvert
United States District Judge

10

# Exhibit 1

## List of Persons and Entities Excluded from the Class Pursuant to Request

| Exclusion Request | Name | City, State |
|---|---|---|
| Request #1 | Maverick Fund, Ltd. | New York, NY |
| | Maverick USA, L.P. | New York, NY |
| | Maverick Fund II, Ltd. | New York, NY |
| | Maverick Long Fund, Ltd. | New York, NY |
| | Maverick Long Enhanced Fund, Ltd. | New York, NY |
| | Sprugos Investments IX, L.L.C. | Chevy Chase, MD |
| Request #2 | Corvex Master Fund LP | New York, NY |
| | Corvex Select Equity Master Fund LP | New York, NY |
| Request #3 | Blackwell Partners LLC – Series A | Durham, NC |
| Request #4 | Hound Partners Offshore Fund, LP | New York, NY |
| | Hound Partners Long Master, LP | New York, NY |
| | Hound Partners Concentrated Master, LP | New York, NY |
| Request #5 | Stifel Nicolaus Custodian for Robert Barash IRA | West Palm Beach, FL |
| | Robert Barash TOD Account | West Palm Beach, FL |
| Request #6 | Soroban Opportunities Master Fund LP | New York, NY |
| Request #7 | Incline Global Master LP | New York, NY |
| | Incline Global ELS LP | New York, NY |
| | Incline Global Long Only Fund LP | New York, NY |
| Request #8 | The Fir Tree Value Master Fund, L.P. | New York, NY |
| Request #9 | Valinor Capital Partners, L.P. | Medford, MA |
| | Valinor Capital Partners Offshore Master Fund, L.P. | Medford, MA |
| Request #10 | Edna R. Shuey | Las Vegas, NV |