# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MOHAWK INDUSTRIES, INC. and JEFFREY S. LORBERBAUM,

Defendants.

Civ. A. No. 4:20-cv-00005-VMC

## ORDER AWARDING
## ATTORNEYS' FEES AND LITIGATION EXPENSES

This matter came on for hearing on May 31, 2023 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses in the above-captioned class action (the "Action"). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in the *Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court

having considered and determined the fairness and reasonableness of the attorneys'

fees and Litigation Expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    This Order incorporates by reference the definitions in the Stipulation

and Agreement of Settlement dated January 13, 2023 (the "Stipulation") and all

capitalized terms not otherwise defined in this Order shall have the same meaning as

they have in the Stipulation.

2.    The Court has jurisdiction to enter this Order and over the subject matter

of the Action and all parties to the Action, including all Class Members.

3.    Notice of Lead Counsel's motion for an award of attorneys' fees and

Litigation Expenses was given to all Class Members who could be identified with

reasonable effort.  The form and method of notifying the Class of the motion for an

award of attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23

of the Federal Rules of Civil Procedure, the United States Constitution (including the

Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C.

§ 78u-4, *et seq*., as amended, and all other applicable laws and rules; constituted the

best notice practicable under the circumstances; and constituted due and sufficient

notice to all persons and entities entitled thereto.

4.    Plaintiff's Counsel are hereby awarded attorneys' fees in the amount of

25% of the Settlement Fund, net of total Court-awarded Litigation Expenses, which

sum the Court finds to be fair and reasonable.  Plaintiff's Counsel are also hereby awarded $691,551.66 in payment of Litigation Expenses to be paid from the Settlement Fund, which sum the Court finds to be fair and reasonable.  Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.     In making this award of attorneys' fees and payment of Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     The Settlement has created a fund of $60,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiff's Counsel;

(b)     The fee sought has been reviewed and approved as reasonable by Lead Plaintiff, which is a sophisticated institutional investor that closely supervised, monitored, and actively participated in the prosecution and settlement of the Action;

(c)     Over 221,000 copies of the Notice were mailed to potential Class Members and nominees stating that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and for

payment of Litigation Expenses in an amount not to exceed $1,000,000, and there were no objections to the requested attorneys' fees and expenses;

(d)   Plaintiff's Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e)   The Action raised a number of complex issues and involved substantial risks;

(f)   If Lead Counsel had not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other Class Members may have recovered significantly less, or nothing at all, from Defendants;

(g)   Plaintiff's Counsel devoted over 27,900 hours to the Action, with a lodestar value of approximately $14,605,900, to achieve the Settlement;

(h)   Plaintiff's Counsel at all times litigated this Action on a fully contingent basis to achieve the Settlement; and

(i)   The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.   The Court further finds that the above-stated award of Litigation Expenses (*supra* paragraph 4) to be paid from the Settlement Fund to Plaintiff's Counsel in payment of Litigation Expenses is fair and reasonable, and that the

4

Litigation Expenses are reasonable in amount, and were incurred for costs and expenses that were of a type customarily reimbursed in cases of this type.

7.    Lead Plaintiff Public Employees' Retirement System of Mississippi is hereby awarded $32,450.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8.    Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9.    Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

10.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

So Ordered this 31st Day of May, 2023.

_____
Victoria Marie Calvert
United States District Judge

5